# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford Disposal Partners, L.P., *et al.*,[1] | Case No. 15-11323 (KJC) |
| Debtors. | (Jointly Administered) |
| | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CITADEL WATFORD DISPOSAL PARTNERS, L.P., *et al.*, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 17-50024 (KJC) |
| CITADEL ENERGY PARTNERS, LLC, a Wyoming limited liability company; FORT BERTHOLD WATER PARTNERS, L.P., a Delaware limited partnership; STANTON DODSON, an individual; MARK DUNAWAY, an individual; NICOLAS J. VANDERWEY, an individual; LOUIS BRIDGES, an individual; PETER SIMONS, an individual; NICHOLAS TEMPLE, and individual; ERIC HOLOMAN, an individual; ALASTAIR SMITH, an individual; CARL COWARD, an individual; NORTH DAKOTA WATER PARTNERS, LLC, a Delaware limited liability company; JONATHON P. REUBEN, C.P.A., a California accountancy corporation; and DOES 1 through 100, inclusive, | **Re: D.I. 1**<br><br>**No hearing will be held unless requested or ordered by the Court; Response due May 1, 2017** |
| Defendants, | |

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

|  | ) |
| And | ) |
|  | ) |
| CITADEL WATFORD CITY DISPOSAL | ) |
| PARTNERS, LP, a Delaware limited partnership, | ) |
| CITADEL ENERGY SWD HOLDINGS, LLC, a | ) |
| North Dakota limited liability company, | ) |
| CITADEL ENERGY SERVICES, LLC, a | ) |
| Wyoming limited liability company, and | ) |
| PEMBROKE FIELDS, LLC, a North Dakota | ) |
| limited liability company, | ) |
|  | ) |
| Nominal Defendants. | ) |
|  | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF DEFENDANT ERIC HOLOMAN TO DISMISS THE COMPLAINT

ROSS ARONSTAM & MORITZ LLP

S. Michael Sirkin (Bar No. 5389)
100 South West Street, Suite 400
Wilmington, Delaware  19801
Telephone:  (302) 576-1600
E-mail: msirkin@ramllp.com

*Counsel to Defendant Eric Holoman*

Dated:  April 17, 2017

# TABLE OF CONTENTS

**PAGE**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ..................1

INTRODUCTION AND SUMMARY OF THE ARGUMENT .........................................1

ARGUMENT ........................................................................................................................3

I.     THE COMPLAINT MUST BE DISMISSED BECAUSE IT
CONTAINS NO FACTUAL ALLEGATIONS AGAINST MR.
HOLOMAN .............................................................................................................4

II.    THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST MR.
HOLOMAN .............................................................................................................6

       A.     The complaint fails to state a claim for breach of fiduciary duty
in Counts I-III .............................................................................................7

       B.     The complaint fails to state a claim for fraud in Counts IV-VI ..................8

       C.     The complaint fails to state any other claim against Mr. Holoman ..........10

III.    LEAVE TO AMEND SHOULD BE DENIED ....................................................11

CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                              **PAGE(S)**

*Air Prods. & Chems., Inc. v. Wiesemann*,
    2017 WL 750694 (D. Del. Feb. 27, 2017)...............................................................9

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000)...............................................................................11

*Apache Corp. v. MDU Res. Group., Inc.*,
    603 N.W.2d 891 (N.D. 1999) ...........................................................................10

*Arnold v. Soc'y for Sav. Bancorp, Inc.*,
    1995 WL 376919 (Del. Ch. June 15, 1995).......................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................. *passim*

*Boyce v. Freeman*,
    39 P.3d 1062 (Wyo. 2002) ...............................................................................10

*Cornell Glasgow, LLC v. LaGrange Props., LLC*,
    2012 WL 3157124 (Del. Super. Ct. Aug. 1, 2012).............................................10

*Cunningham v. JP Morgan Chase Bank*,
    2013 WL 3353881 (D. Del. July 1, 2013) ...........................................................9

*Enzo Life Scis., Inc. v. Adipogen Corp.*,
    82 F. Supp. 3d 568 (D. Del. 2015)....................................................................11

*Excel Constr., Inc. v. HKM Eng'g, Inc.*,
    228 P.3d 40 (Wyo. 2010)...................................................................................8

*Feeley v. NHAOCG, LLC*,
    62 A.3d 649 (Del. Ch. 2012)......................................................................... 7-8

*Gvildys v. Beukas*,
    2012 WL 5472121 (D.N.J. Nov. 9, 2012) ...........................................................4

*Imbert v. LCM Interest Holding LLC*,
    2013 WL 1934563 (Del. Ch. May 7, 2013)........................................................8

*In re AgFeed USA, LLC*,
    546 B.R. 318 (Bankr. D. Del. 2016) ........................................................9, 10 n.4

*In re Am. Remanufacturers, Inc.*,
    2007 WL 2376723 (Bankr. D. Del. Aug. 16, 2007) .................................................9

*In re Anderson News, LLC*,
    2012 WL 3638785 (Bankr. D. Del. Aug. 22, 2012) .................................................3

*In re Centaur, LLC*,
    2013 WL 4479074 (Bankr. D. Del. Aug. 19, 2013) .................................................3

*In re Citigroup Inc. S'holder Deriv. Litig.*,
    964 A.2d 106 (Del. Ch. 2009).............................................................................7 n.2

*In re Conex Holdings, LLC*,
    514 B.R 405 (Bankr. D. Del. 2014) .........................................................1, 2, 5, 6

*In re Direct Response Media, Inc.*,
    466 B.R. 626 (Bankr. D. Del. 2012) ................................................................ 10-11

*In re Mortg. Lenders Network, USA, Inc.*,
    395 B.R. 871 (Bankr. D. Del. 2008) .....................................................................11

*In re Oakwood Homes Corp.*,
    325 B.R. 696 (Bankr. D. Del. 2005) .......................................................................9

*In re OSC 1 Liquidating Corp.*,
    529 B.R. 825 (Bankr. D. Del. 2015) .......................................................................8

*In re Quantum Foods, LLC*,
    558 B.R. 111 (Bankr. D. Del. 2016) .......................................................................3

*In re Quintus Corp.*,
    397 B.R. 710 (Bankr. D. Del. 2008) .......................................................................8

*In re TSC Glob., LLC*,
    2013 WL 6502168 (Bankr. D. Del. June 26, 2013).................................................3

*In re Vertis Holdings, Inc.*,
    536 B.R. 589 (Bankr. D. Del. 2015) .....................................................................11

*In re Wayport, Inc. Litig.*,
    76 A.3d 296 (Del. Ch. 2013)...................................................................................8

*Jackson Nat'l Life Ins. Co. v. Kennedy*,
    741 A.2d 377 (Del. Ch. 1999)................................................................10

*Japhet v. Francis E. Parker Mem'l Home, Inc.*,
    2014 WL 3809173 (D.N.J. July 31, 2014).........................................4, 6

*Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*,
    844 F. Supp. 2d 519 (D. Del. 2012)........................................................9

*Lieberman v. Wyoming.com LLC*,
    82 P.3d 274 (Wyo. 2004)........................................................................7

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    2014 WL 4675316 (D. Del. Sept. 19, 2014).........................................4

*New Haverford P'ship v. Stroot*,
    772 A.2d 792 (Del. 2001) .....................................................................11

*Resnik v. Woertz*,
    774 F. Supp. 2d 614 (D. Del. 2011)....................................................3, 4

*Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*,
    680 N.W.2d 634 (N.D. 2004) ...............................................................10

*Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*,
    2014 WL 4374261 (Del. Ch. Sept. 4, 2014).........................................7

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010)....................................................................3

*Satterfield v. Sunny Day Res., Inc.*,
    581 P.2d 1386 (Wyo. 1978)...................................................................10

*Stephenson v. Capano Dev., Inc.*,
    462 A.2d 1069 (Del. 1983) .....................................................................8

*T5 Labs (Del.) LLC v. Gaikai Inc.*,
    2013 WL 1400983 (D. Del. Apr. 5, 2013)..............................................3

*Taylor v. Henderson*,
    2014 WL 1246849 (D. Del. 2014).........................................................3

*Travelers Indem. Co. v. Cephalon, Inc.*,
    620 F. App'x 82 (3d Cir. 2015) ..............................................................9

*Twin Bridges Ltd. P'ship v. Draper*,
    2007 WL 2744609 (Del. Ch. Sept. 14, 2007) ........................................................8

*Ward Farms P'ship v. Enerbase Coop. Res.*,
    863 N.W.2d 868 (N.D. 2015) ..................................................................................8

*Zimmerman v. Crothall*,
    62 A.3d 676 (Del. Ch. 2013)...................................................................................7

## STATUTES AND RULES

11 U.S.C. § 548.................................................................................................8, 9 n.4

6 *Del. C.* § 17-101...........................................................................................................7

6 *Del. C.* § 18-101...........................................................................................................7

Wyo. Stat. Ann. § 17-29-101 ........................................................................................7

Wyo. Stat. Ann. § 17-29-407 ........................................................................................8

Wyo. Stat. Ann. § 17-29-409 ........................................................................................8

Fed. R. Civ. P. 9(b) ......................................................................................................8

Fed. R. Civ. P. 12(b) .....................................................................................................3

Fed. R. Civ. P. 15(a) ...................................................................................................11

Fed. R. Bankr. P. 7009..................................................................................................9

Fed. R. Bankr. P. 7012..................................................................................................3

By and through his undersigned attorneys, defendant Eric Holoman moves to dismiss the complaint in the above-referenced adversary proceeding with prejudice.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On February 6, 2017, plaintiff, the Official Committee of Unsecured Creditors of Citadel Watford Disposal Partners, L.P., Citadel Energy Services LLC, Pembroke Fields, LLC and Citadel Energy SWD Holdings, LLC, commenced this adversary proceeding. On March 17, 2017, Mr. Holoman and plaintiff stipulated that the deadline for Mr. Holoman's response to the complaint would be extended to April 17, 2017.  By this motion, Mr. Holoman moves to dismiss all counts against him in the complaint.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

1.      It is a head-scratching proposition why Mr. Holoman has been named as a defendant here.  In all events, however, the complaint must be dismissed as to him because it runs afoul of the Supreme Court's requirement that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2.      The complaint says *nothing* about Mr. Holoman individually, except that he is a resident of California.  Compl. ¶ 17.  Beyond that, plaintiff has lumped him together with other unrelated defendants under the defined term "Citadel General Partners."  *Id*. ¶ 18.  This type of impermissible group pleading does not satisfy the "pleading requirements under *Twombly* and *Iqbal*."  *In re Conex Holdings, LLC*, 514 B.R 405, 414-15 (Bankr. D. Del. 2014).  Indeed, in *Conex Holdings*, this Court held that

"lump[ing] all of the Individual Defendants together" under the vague term "Officers and Directors" and then claiming in conclusory fashion that the "Officers and Directors" committed wrongdoing without providing any factual detail about any individual defendant did not satisfy the Supreme Court's plausibility standard.  *Id*. at 414.  And it was "not a close question."  *Id*.

3.     The same is true here.  Plaintiff lumps Mr. Holoman together with six other individual and entity defendants under the vague term "Citadel General Partners," and then claims in conclusory fashion that the "Citadel General Partners" committed wrongdoing without providing any factual detail about Mr. Holoman.  Under *Twombly* and *Iqbal*, the Court need not go further to dismiss the complaint in its entirety as to Mr. Holoman, and it is "not a close question."  *Id*.

4.     But even if the Court considered the conclusory allegations against the "Citadel General Partners," it still fails to state any claim against Mr. Holoman.

> ➢ The complaint asserts claims for breach of fiduciary duty, but provides no plausible basis for why Mr. Holoman owed any fiduciary duties to the debtors or anyone else in this action;

> ➢ The complaint asserts claims for fraud, but provides no factual allegations regarding Mr. Holoman's role in, or state of mind concerning, the supposed fraud, let alone particularized allegations required by Rule 9; and

> ➢ The complaint asserts claims for conversion, unjust enrichment and negligence, but again provides no basis for liability by Mr. Holoman.

5.    Even reframed, there simply is no basis for Mr. Holoman to be in this lawsuit.  For that reason, the complaint should be dismissed in its entirety as to Mr. Holoman with prejudice.

**ARGUMENT**

Under Federal Rule of Bankruptcy Procedure 7012, Federal Rule of Civil Procedure 12(b)(6) "applies [to this] adversary proceeding[]."  Fed. R. Bankr. P. 7012; *In re Anderson News, LLC*, 2012 WL 3638785, at *1 n.6 (Bankr. D. Del. Aug. 22, 2012). This Court thus must "test the sufficiency of the factual allegations in the plaintiff's complaint" pursuant to the "Supreme Court's [] decisions in [*Twombly*] and [*Iqbal*]." *E.g.*, *Anderson News*, 2012 WL 3638785, at *1-2; *In re Quantum Foods, LLC*, 558 B.R. 111, 114-15 (Bankr. D. Del. 2016); *In re TSC Glob., LLC*, 2013 WL 6502168, at *2 (Bankr. D. Del. June 26, 2013).  To survive a motion to dismiss, therefore, the complaint here "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *Resnik v. Woertz*, 774 F. Supp. 2d 614, 630 (D. Del. 2011) (citing the same); *In re Centaur, LLC*, 2013 WL 4479074, at *2-3 (Bankr. D. Del. Aug. 19, 2013) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

"The plausibility standard requires 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Taylor v. Henderson*, 2014 WL 1246849, at *1 (D. Del. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Merely alleging "'an unadorned, the-defendant-unlawfully-harmed-me accusation'" does not state a claim.  *T5 Labs (Del.) LLC v. Gaikai Inc.*, 2013 WL 1400983, at *1 (D. Del. Apr. 5, 2013) (quoting *Iqbal*, 556 U.S. at 678).

Neither do "legal conclusions couched as factual allegations, or [] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Resnik*, 774 F. Supp. 2d at 630 (quoting *Iqbal*, 556 U.S. at 678).

The complaint does not come close to meeting this standard as to Mr. Holoman.

**I.    THE COMPLAINT MUST BE DISMISSED BECAUSE IT CONTAINS NO FACTUAL ALLEGATIONS AGAINST MR. HOLOMAN**

The complaint fails the plausibility test as to Mr. Holoman on its face.  The only allegations specific to Mr. Holoman in the entirety of the complaint are that he "is an individual residing in the State of California" in paragraph 17 and that he is "collectively referred to," along with six other individual and entity defendants, as the "Citadel General Partners" in paragraph 18.  That is it.  "Aside from [this] conclusory group pleading, the Complaint does not contain a single specific allegation of wrongful conduct by [Mr. Holoman]."  *Gvildys v. Beukas*, 2012 WL 5472121, at *3 (D.N.J. Nov. 9, 2012) (granting motion to dismiss).

"[G]roup pleading of th[is] kind . . . undermines the notice pleading regime of Rule 8 and is a technique best relegated to a bygone era, if in fact it was ever acceptable then."  *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 2014 WL 3809173, at *2-3 (D.N.J. July 31, 2014) (citing *Twombly*, 550 U.S. at 555); *see also Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, 2014 WL 4675316, at *4-5 (D. Del. Sept. 19, 2014) ("blanket reference to all 'Defendants' generically as having 'indirectly infringed [a patent]" did not state a plausible claim); *Gvildys*, 2012 WL 5472121, at *3 (complaint's reference to the "Beukases" not sufficient to state a claim as to Mrs. Beukas where complaint "makes no [] specific allegations against Mrs. Beukas").

This Court's decision in *In re Conex Holdings, LLC* is directly on point and dispositive here.  In that case, the individual defendants moved to dismiss a complaint, which, like here, "failed to state what each individual did in connection with any particular [challenged] transfer, . . . inappropriately group[ing] the Individual Defendants together as 'Officers and Directors' without identifying what each of them allegedly did wrong."  514 B.R. 405, 413 (Bankr. D. Del. 2014).  The Trustee argued in response that it had met the plausibility standard by pleading, among other things, that:

- "**Directors and Officers caused Conex**, while insolvent, to cease paying certain creditors, and instead **caused Conex** to begin paying the Fraudulent Transfer Payments";

- "As **Directors and Officers of Conex**, who were exerting influence over Debtor and **essentially directing the affairs of the Debtor** at a time when the Debtor was insolvent, the Directors and Officers owed fiduciary duties to the Debtor and to the creditors of the Debtor pursuant to, among other things, the common law and sections 3.307 of the Texas Business and Commerce Code"; and

- "As a result of **the actions by the Directors and Officers**, Conex, and its creditors were harmed because the Fraudulent Transfer Payments and the Preference Payments made to Heico would have been available for distribution by Conex to its creditors but for the actions of the Directors and Officers."

*Id*. at 413-14 (emphasis in original).

The court rejected the Trustee's argument and dismissed the case, determining that these "conclusory statements" failed to meet the "pleading requirements under *Twombly* and *Iqbal*" because they failed "to provide facts with any specificity to support how any of the Individual Defendants breached any fiduciary duty recognized under Texas law" or to identify "which transactions a particular defendant authorized" or "what authority any particular defendant had to approve such transactions."  *Id*. at 414-15. Rather, as the court explained, the complaint merely "lump[ed] all of the Individual

5

Defendants together as 'Officers and Directors' (and incorrectly, at least as to the reference to 'directors') without supplying specific facts as to each defendant's wrongdoing." *Id*. at 414.  The court held that "[t]his [was] not a close question.  Much more specificity [was] needed here to satisfy the legal standard." *Id*. at 414-15.

This case is also "not a close question." *Id*.  The complaint here does no more than the one in *Conex Holdings* with respect to Mr. Holoman.  It names him as a defendant, "lump[s]" him together with other individual defendants as "Citadel General Partners," and then baldly asserts that the "Citadel General Partners" engaged in wrongdoing, "without supplying specific facts" as to Mr. Holoman's supposed involvement.  *Id*. at 413-15.  Indeed, "it is impossible for this Court to read the [c]omplaint and have any idea what [Mr. Holoman] did to get named in this lawsuit, let alone what []he did that would make h[im] plausibly 'liable for the misconduct alleged.'" *Japhet*, 2014 WL 3809173, at *2-3 (citing *Iqbal*, 556 U.S. at 678).  On this basis alone, the complaint must be dismissed as to Mr. Holoman.

## II.    THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST MR. HOLOMAN

But even if the Court considers the conclusory allegations directed at the "Citadel General Partners," the complaint still does state a claim against Mr. Holoman as a matter of law.

**A.  The complaint fails to state a claim for breach of fiduciary duty in Counts I-III.**

Counts I (breach of fiduciary duty), II (gross mismanagement) and III (waste) variously allege breaches of fiduciary duties owed to "Citadel."[2]  Compl. ¶ 64.  "Citadel" is defined to include four entities:   one Delaware limited partnership ("LP"), two Delaware limited liability companies ("LLCs"), and one Wyoming LLC.  *Id*. at 2.

Under both Delaware and Wyoming law, whether and to what extent someone has a fiduciary relationship to an LLC or an LP (or their investors) is determined by "the company's operating agreement."  *Ross Holding & Mgmt. Co. v. Advance Realty Group., LLC*, 2014 WL 4374261, at *12 (Del. Ch. Sept. 4, 2014); *Zimmerman v. Crothall*, 62 A.3d 676, 701-02 (Del. Ch. 2013); *see also Lieberman v. Wyoming.com LLC*, 82 P.3d 274, 279 (Wyo. 2004).  The states' respective LLC and LP statutes supply default rules for subjects not covered by an entity's operating agreement.  *See generally* 6 *Del. C.* § 17-101 *et seq*.; 6 *Del. C.* § 18-101 *et seq.*; Wyo. Stat. Ann. § 17-29-101 *et seq*.

Here, the complaint does not allege that any operating agreement for any entity imposes fiduciary duties on Mr. Holoman.  Nor does it allege any basis to suggest that he would owe such duties under the Delaware or Wyoming LLC or LP statutes.   The complaint does not plausibly plead that Mr. Holoman was ever a "manager" of any of these entities, or otherwise had any role in their management.  *See, e.g., Feeley v. NHAOCG, LLC*, 62 A.3d 649, 660, 662 (Del. Ch. 2012); *Imbert v. LCM Interest Holding*

---

[2] *In re Citigroup Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 115 n.6 (Del. Ch. 2009) (claim of "gross mismanagement . . . [is] treated as [a] claim[] for breach of fiduciary duty").

*LLC*, 2013 WL 1934563, at *7 (Del. Ch. May 7, 2013); *Twin Bridges Ltd. P'ship v. Draper*, 2007 WL 2744609, at *15 (Del. Ch. Sept. 14, 2007); *see also* Wyo. Stat. Ann. §§ 17-29-407(a); 17-29-409(a), (g).   And the complaint's unsupported assertion that the "Citadel General Partners installed themselves as the general partners of Citadel"—even if it could be construed against Mr. Holoman—is the type of conclusory, threadbare allegation that must be disregarded by this Court under *Twombly* and *Iqbal*.   Thus, these counts must be dismissed as to Mr. Holoman.

### B.   The complaint fails to state a claim for fraud in Counts IV-VI.

Counts IV (fraud), V (fraudulent concealment) and VI (fraudulent transfers) variously allege fraud against the "Citadel General Partners."   Common to each of these counts is the requirement that the plaintiff plead the element of scienter as to each defendant, including Mr. Holoman.   *See, e.g.*, *In re Wayport, Inc. Litig.*, 76 A.3d 296, 323 (Del. Ch. 2013) (citing *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983)); *In re OSC 1 Liquidating Corp.*, 529 B.R. 825, 832 (Bankr. D. Del. 2015); *In re Quintus Corp.*, 397 B.R. 710, 723 (Bankr. D. Del. 2008); 11 U.S.C. § 548(a)(1)(A); *see also Ward Farms P'ship v. Enerbase Coop. Res.*, 863 N.W.2d 868, 872 (N.D. 2015); *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48 (Wyo. 2010).[3]   Also common to each of these counts is the requirement under Federal Rule of Civil Procedure 9(b), made applicable here by Federal Rule of Bankruptcy Procedure 7009, to "plead with

---

[3] Because the complaint pleads no basis for Mr. Holoman's wrongdoing, it is unclear what law governs plaintiff's common law claims.   This issue need not be resolved to decide this motion, however, as plaintiff's claims fail under any potentially relevant state's law.

particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85 (3d Cir. 2015) (citing Fed. R. Civ. P. 9(b)); *see also In re Oakwood Homes Corp.*, 325 B.R. 696, 698 (Bankr. D. Del. 2005).

The complaint meets neither of these threshold requirements as to Mr. Holoman. As discussed above, the complaint is devoid of *any* factual allegations about Mr. Holoman, let alone particularized allegations identifying the "date, place, or time of the fraud" or some other "measure of substantiation" that such fraud occurred. *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012) (citation omitted); *see also Air Prods. & Chems., Inc. v. Wiesemann*, 2017 WL 750694, at *17 (D. Del. Feb. 27, 2017); *In re AgFeed USA, LLC*, 546 B.R. 318, 336 (Bankr. D. Del. 2016). Nor does the complaint contain any allegations concerning Mr. Holoman's state of mind.

Merely mouthing the words "fraud" and "fraudulent" as to the general defined term "Citadel General Partners" is not enough to state a fraud claim against Mr. Holoman. *Cunningham v. JP Morgan Chase Bank*, 2013 WL 3353881, at *2 (D. Del. July 1, 2013), *aff'd*, 537 F. App'x 44 (3d Cir. 2013); *Kuhn Constr.*, 844 F. Supp. 2d at 530; *In re Am. Remanufacturers, Inc.*, 2007 WL 2376723, at *4 (Bankr. D. Del. Aug. 16, 2007). Accordingly, these counts must be dismissed.[4]

---

[4] The complaint does not allege constructive fraud under 11 U.S.C. § 548(a)(1)(B). *See* Compl. ¶ 100 (alleging that Citadel General Partners "fraudulently transferred assets to Citadel *with an intent to defraud Citadel*"). In any event, the complaint cannot state such a claim because it "fails to allege specific facts relating to the date of any of the

### C.  The complaint fails to state any other claim against Mr. Holoman.

None of the complaint's other counts states a claim against Mr. Holoman.

*Conversion*.  To state a claim for conversion, a plaintiff must establish that it "had a property interest in the converted goods; that [it] had a right to possession of the goods; and [it] sustained damages" as a result of the defendant's "'wrongful exercise of dominion over [its] property.'"  *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 1995 WL 376919, at *2 (Del. Ch. June 15, 1995), *aff'd*, 678 A.2d 533 (Del. 1996); *see also Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 680 N.W.2d 634, 638-39 (N.D. 2004); *Satterfield v. Sunny Day Res., Inc.*, 581 P.2d 1386, 1388 (Wyo. 1978).  There are no allegations that Mr. Holoman made "any distinct act of dominion wrongfully exerted over the property" of any plaintiff here.  *Cornell Glasgow, LLC v. LaGrange Props.*, *LLC*, 2012 WL 3157124, at *5 (Del. Super. Ct. Aug. 1, 2012).

*Unjust enrichment*.  To state a claim for unjust enrichment, plaintiff must plausibly establish "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. Ch. 1999); *see also Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999); *Boyce v. Freeman*, 39 P.3d 1062, 1065 (Wyo. 2002).  This claim fails for the threshold reason that "there are no [pleaded] facts to suggest that there was an enrichment . . . of [Mr. Holoman]."  *In re Direct Response Media, Inc.*, 466 B.R. 626,

---

transfers, the amount of any of the transfers or the transferor of any of the transfers" concerning Mr. Holoman.  *AgFeed*, 546 B.R. at 336.

661 (Bankr. D. Del. 2012); *see also Enzo Life Scis., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 604 (D. Del. 2015).

*Negligence*.    For the same reasons articulated above in Section II.A, the complaint fails to plead—let alone plausibly—that Mr. Holoman owed any duty to any plaintiff or any other entity or individual associated with this case, including the duty of care. *New Haverford P'ship v. Stroot*, 772 A.2d 792, 798 (Del. 2001).[5]

## III.    LEAVE TO AMEND SHOULD BE DENIED

Federal Rule of Civil Procedure 15(a), "made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides that granting a party's request to leave to amend its complaint is within the sound discretion of the court." *In re Mortg. Lenders Network, USA, Inc.*, 395 B.R. 871, 876 (Bankr. D. Del. 2008).  As the Third Circuit has made clear, "leave to amend may be denied . . . if amendment would be futile." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  An amendment would be futile if it "would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Id.*; *In re Vertis Holdings, Inc.*, 536 B.R. 589, 631 (Bankr. D. Del. 2015), *aff'd*, 2016 WL 7031282 (D. Del. Nov. 30, 2016).

As the foregoing demonstrates, plaintiff has not pled a single factual allegation of wrongdoing specific to Mr. Holoman.  None of the claims against him can survive—even if the conclusory statements in the complaint were reformulated or rephrased in an amendment—because there is no basis as a matter of law for Mr. Holoman to have had

---

[5] Because the complaint does not state any claim against Mr. Holoman, Counts XIII and XIV, seeking declaratory relief and an accounting respectively, also must be dismissed.

any duty to any debtor in this litigation in the first place.  Accordingly, Mr. Holoman submits that equity dictates that he not be subjected to further expense and burden of defending this suit.

## CONCLUSION

For the foregoing reasons, all counts asserted against Mr. Holoman in the complaint should be dismissed with prejudice.

ROSS ARONSTAM & MORITZ LLP

*/s/ S. Michael Sirkin*
S. Michael Sirkin (Bar No. 5389)
100 South West Street, Suite 400
Wilmington, Delaware  19801
Telephone:  (302) 576-1600
E-mail: msirkin@ramllp.com

*Counsel to Defendant Eric Holoman*

Dated:  April 17, 2017