## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 15-11323 (KJC) |
| Citadel Watford Disposal Partners, L.P., *et al.*,[1] | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| OFFICIAL COMMITTEE OF UNSECURED | : |  |
| CREDITORS OF CITADEL WATFORD | : |  |
| DISPOSAL PARTNERS, L.P., *et al.*, | : |  |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Adv. Proc. No. 17-50024 (KJC) |
| v. | : |  |
|  | : |  |
| CITADEL ENERGY PARTNERS, LLC., a | : | **Re:    D.I. #1** |
| Wyoming limited liability company; FORT | : |  |
| BERTHOLD WATER PARTNERS, L.P, a | : | **No hearing will be held unless requested or** |
| Delaware limited partnership; STANTON | : | **ordered by the Court; Response due May 1,** |
| DODSON, an individual; MARK DUNAWAY, | : | **2017** |
| an individual; NICHOLAS J. VANDERWEY, | : |  |
| an individual; PETER SIMONS, an individual; | : |  |
| NICHOLAS TEMPLE, an individual; ERIC | : | **OPENING    BRIEF    IN    SUPPORT    OF** |
| HOLOMON, an individual; ALASTAIR | : | **DEFENDANT    JONATHON    P.    REUBEN,** |
| SMITH, an individual; CARL COWARD, an | : | **C.P.A.'S MOTION TO DISMISS** |
| individual; NORTH DAKOTA WATER | : |  |
| PARTNERS, LLC, a Delaware limited liability | : |  |
| company; JONATHON P. REUBEN, C.P.A., a | : |  |
| California accountancy corporation; and DOES | : |  |
| 1-100, inclusive, | : | **TRIAL BY JURY OF TWELVE DEMANDED** |
|  | : |  |
| Defendants, | : |  |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520).  The address for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

|  |  |
|---|---|
| And | : |
|  | : |
| CITADEL WATFORD CITY DISPOSAL | : |
| PARTNERS, L.P., a Delaware limited | : |
| partnership, CITADEL ENERGY SWD | : |
| HOLDINGS, LLC, a North Dakota limited | : |
| liability company, CITADEL ENERGY | : |
| SERVICES, LLC, a Wyoming limited liability | : |
| company, and PEMBROKE FIELDS, LLC, a | : |
| North Dakota limited liability company, | : |
|  | : |
| Nominal Defendants. | : |
|  | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JONATHON P. REUBEN, C.P.A.'S MOTION TO DISMISS

**ELZUFON AUSTIN & MONDELL, P.A.**

JOHN A. ELZUFON – DE Bar ID #177
PETER C. MCGIVNEY – DE Bar ID #5779
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
Telephone: (302) 428-3181
Email: jelzufon@elzufon.com
          pmcgivney@elzufon.com
*Counsel for Defendant*
*Jonathon P. Reuben, C.P.A.*

DATED:    Wilmington, Delaware
              April 17, 2017

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ...................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS ...................................................................................2

       1.    There are no facts which establish Reuben had any contact with Delaware. ..........2

       2.    The adversary proceeding against Reuben is not a core proceeding. .....................4

ARGUMENT .....................................................................................................5

I.     MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.........................................................................5

II.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3) FOR IMPROPER VENUE ...........................................................................................7

III.   PLAINTIFFS' PROFESSIONAL NEGLIGENCE CLAIM AGAINST REUBEN IS IMPROPERLY BEFORE THIS COURT BECAUSE THE CLAIM IS A NON-CORE PROCEEDING WHICH MUST BE BROUGHT BEFORE A COURT OF GENERAL JURISDICTION ........................................................7

IV.   FOR THE PURPOSES OF THIS MOTION TO DISMISS ONLY, REUBEN CONSENTS TO THE ENTRY OF A FINAL JUDGMENT ..............................8

V.    ADOPTION OF ARGUMENTS RAISED BY CO-DEFENDANTS ................................9

CONCLUSION...................................................................................................9

## TABLE OF CITATIONS

**Cases**                                                                          **Page(s)**

*Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*,
    88 F.2d 476 (3d Cir. 1993)) ....................................................................................6

*In re AgFeed USA, LLC*,
    2016 WL 5400357 (Bankr. D.Del. Sept. 26, 2016) ................................................9

*In re AstroPower Liquidating Trust*,
    335 B.R. 309 (Bankr. D.Del. 2005) .....................................................................5, 6

*In re Resorts Intern., Inc.*,
    372 F.3d 154 (3d Cir. 2004)..................................................................................7, 8

*In re U.S. Wireless Corp.*,
    2004 WL 1146098 (Bankr. D.Del. May 18, 2004) ..................................................7

*Stern v. Marshall*,
    564 U.S. 462 (2011)..............................................................................................8, 9

**Statutes**

11 U.S.C. § 1100 ...............................................................................................................7

28 U.S.C. § 157 .................................................................................................................9

28 U.S.C. § 157(b)(2) .......................................................................................................8

**Rules**

Fed. R. Civ. P. 4 ...............................................................................................................5

Fed. R. Civ. P. 12(b)(2).........................................................................................1, 5, 6, 9

Fed. R. Civ. P. 12(b)(3).....................................................................................................7

Fed. R. Bankr. P. 7004(f) ..................................................................................................5

Fed. R. Bankr. P. 7012(b) ..............................................................................................6, 7

Del. Bankr. L.R. 7012-1....................................................................................................8

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Official Committee of Unsecured Creditors of Citadel Watford City Disposal Partners, LP, Citadel Energy SWD Holdings, LLC, Citadel Energy Services, LLC and Pembroke Fields, LLC (hereinafter "Plaintiffs") commenced this adversary proceeding against numerous Defendants  asserting derivative claims pertaining to the alleged mismanagement of the Plaintiff businesses.

This is the Opening Brief of Defendant JONATHON P. REUBEN, C.P.A., a California accountancy corporation (hereinafter, "Reuben") in support of his Motion to Dismiss.  Plaintiffs' Complaint fails to establish that this Court may exercise its jurisdiction over Plaintiffs' professional negligence claims against Reuben and fails to establish this Court's jurisdiction over Reuben.  The facts of this case demonstrate that Reuben, a California resident, does not satisfy the requirements for this Court to exercise personal jurisdiction under the federal principles of due process and fairness.  It is for these reasons that Reuben must be dismissed from this action, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(2).  Finally, Plaintiffs' purported professional negligence claims against Reuben do not rise from this action under Bankruptcy Code. Therefore, these claims must be brought before a court of general jurisdiction.

## PRELIMINARY STATEMENT

As a preliminary matter, Reuben does not contest whether Plaintiffs are properly before this Court or whether this Court has jurisdiction over the subject matter or any of the other Parties to this adversary proceeding.[2]  What is contested is whether this Court may properly exercise its jurisdiction over Reuben when (1) Plaintiffs' claims of professional negligence against Reuben must be brought before a court of general jurisdiction and (2) the facts alleged

---

[2] Reuben reserves the right to raise the affirmative defense that this Court lacks subject matter jurisdiction over Plaintiffs' claims against Reuben.

1

are clear that Reuben has never had sufficient minimum contacts with Delaware for this Court to exercise personal jurisdiction over him.

## STATEMENT OF FACTS[3]

**(1)    There are no facts which establish Reuben had any contact with Delaware.**

The majority of Defendants are California residents or entities.[4]  While Plaintiffs make the cursory allegation that all Defendants acted as agents of all of the other Defendants, this is merely an attempt to establish this Court's jurisdiction.  The Complaint makes the following allegations purportedly implicating Reuben (responses to the allegations demonstrating a lack of personal jurisdiction are *italicized*):

- That Defendant Dodson "transferred or caused to be transferred funds from Debtors' bank accounts to entities known by [Reuben] to be controlled by Dodson in an amount in excess of $788,000.00[.]"[5]

    o *Dodson is a California resident and there is no allegation that this conduct occurred in Delaware.  The allegation merely states that Reuben knew of the existence of these entities.*

- That the Citadel General Partners tried to conceal the "Actions" from the investors of Citadel by hiring Reuben "which was loyal to the Citadel General Partners."[6]

    o *The individuals/entities comprising the "Citadel General Partners" are residents of Wyoming, California, Nevada and Georgia.*

- That the Citadel General Partners instructed Reuben "not to communicate with the investors."[7]

    o *Again, the General Partners are all citizens of other states and there is no allegation as to where this conduct occurred.*

---

[3] For the purposes of this Motion, the facts alleged in the Complaint are assumed to be true.  Mr. Reuben reserves the right to contest these facts should this Motion be unsuccessful.

[4] Compl. ¶¶ 9-23.  Two Defendants are Delaware entities: Defendant Fort Berthold Water Partners, L.P. ("Fort Berthold") is a Delaware limited partnership and Defendant North Dakota Waters Partners, LLC ("ND Water") is a Delaware limited liability company.

[5] *Id.* ¶ 41(l).

[6] *Id.* ¶ 42(f).

[7] *Id* ¶ 42(h).

- Reuben performed personal accounting services on behalf of Dodson, including filing personal income tax returns.[8]

  - *Dodson is a resident of California.  These were not Delaware tax returns. Moreover, while Reuben did prepare Dodson's 2011, 2012 and 2013 tax returns, Reuben did not prepare them until 2014.  Reuben first met Dodson in March 2014.*

- That Dodson and Dunaway believed Reuben "would be loyal to the Citadel General Partners at the expense of the limited partners."[9]

  - *None of the individuals/entities are residents of Delaware and there is no allegation connecting this alleged conduct with Delaware.*

- Reuben performed accounting services on behalf of Citadel and its limited partners as well as Citadel H20, LLC, H20 Partners, L.P. and Bakken; and issued K-1s for Citadel limited partners for 2014.[10]

  - *Only Citadel H20, LLC and H20 Partners, L.P. are Delaware corporations.  Most importantly, Reuben was only engaged to prepare a compiled year ended December 31, 2014 financial statement for Citadel H20, LLC.  Reuben performed no accounting services for H20 Partners, L.P. or Bakken.  Finally, even if Reuben did perform these accounting services, these facts are insufficient to establish Reuben's contact with Delaware, as is more fully explained below.*

Plaintiffs' main allegation against Reuben is that Reuben was allegedly in possession of information and therefore on notice of the Citadel General Partner's alleged mismanagement (the "Actions and Concealing Actions") but Reuben did not stop the allegedly wrongful conduct.[11]

This allegation is reflected in Plaintiffs' professional negligence claim against Reuben, where Plaintiffs claim that Reuben breached his duty of care to Citadel, and was therefore negligent, because Reuben did not take adequate steps to safeguard Citadel's interests through the course of Reuben's accounting and tax-related services on behalf of Citadel and Citadel-

---

[8] *Id.* ¶ 54.
[9] *Id.* ¶ 55.
[10] *Id.* ¶¶ 56-57.
[11] *Id.* ¶¶58-60.

related entities.[12]

It is important to note that nowhere in the Complaint do Plaintiffs make an allegation that Reuben had any contact whatsoever with the state of Delaware. The only contact with Delaware entities alleged in the Complaint is a reference to "accounting service" Reuben performed for Citadel H20, LLC and H20 Partners, L.P. However, as is stated above, Reuben only prepared an end of year financial statement compilation for Citadel H20 and performed no services at all for H20 Partners.

Additionally, the allegations of the Complaint hinge on Reuben's alleged "knowledge" of mismanagement. Reuben did not become engaged as an accountant by Dodson until March 2014 and completed his engagement by September 2014. Despite being engaged to perform the "accounting services" Plaintiffs allege in the Complaint, Reuben was unable to complete the majority of these services because the information which he received from his clients was not reliable. The only accounting service performed by Reuben which could arguable connected to Delaware is his preparation of a compilation for Citadel H20, LLC, a Delaware entity. Critically, this conduct occurred in California, where Reuben is a resident.

For the purposes of this Motion, it is clear that at no time did Reuben have any contact with the state of Delaware.

(2)     **The adversary proceeding against Reuben is not a core proceeding.**

Again, for the purposes of this Motion, all of Plaintiffs' alleged facts may be assumed to be true. As is stated above, Reuben completed his engagement in September of 2014. Plaintiffs allege in the Complaint that "Citadel first became aware of facts that would reasonably lead to

---

[12] *Id.* ¶¶ 123-129.

discovery of negligent acts of Reuben in April or May 2015."[13]   The underlying Chapter 11 bankruptcy proceeding was filed on June 19, 2015.   Plaintiffs commenced this adversary proceeding on February 6, 2017.

By their own allegations, Plaintiffs became aware of alleged negligence before the bankruptcy proceedings began.   Nowhere in the allegations in the Complaint do Plaintiffs attempt to connect Reuben's alleged negligence with the bankruptcy proceeding.   Plaintiffs' claim against Reuben is a professional negligence claim based on state law and arising from Reuben's professional relationship with Co-Defendant Dodson.   This claim did not arise from the underlying bankruptcy proceeding which is required under the Bankruptcy Code.

## ARGUMENT

### I.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.

It is conceded that the personal jurisdiction in bankruptcy court is governed by Bankruptcy Rule 7004(f) which provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.[14]

As a result this Court's determination of personal jurisdiction is not dictated by Delaware's long-arm statute or case law interpreting it, and the "forum" is the United States in general and not the particular forum state.[15]   Reuben has sufficient minimum contacts with the United States. Regardless, this Court's exercise of personal jurisdiction over Reuben offends traditional notions

---

[13] *Id*. ¶ 127.
[14] Fed. R. Bankr. P. 7004(f).
[15] *In re AstroPower Liquidating Trust*, 335 B.R. 309, 317 (Bankr. D.Del. 2005)(citations omitted).

of fair play and substantial justice" under the Fifth Amendment Due Process Clause.[16]  To make its determination, the Court considers the following factors: (1) the burden on Reuben of litigating in this forum; (2) the interest of the forum in adjudicating this dispute; (3) the Plaintiffs' interests in obtaining relief; (4) the efficiency interests of the interstate judicial system; and (5) the shared interest of the several States in furthering fundamental substantive social policies.[17]

The burden on Reuben to defend this case is Delaware is substantial.  Reuben has made no contact with Delaware.  Jonathon Reuben was engaged in California to perform accounting services for another California resident.  The only conduct on the part of Reuben which could be linked to Delaware is his preparation of a compilation for Citadel H20, LLC.  However, this again stems from Reuben's engagement in California with Dodson.  While Plaintiffs have an interest in maintaining their claims against Reuben within the adversary proceeding and his Court has an interest in efficiency, Plaintiffs' claim against Reuben does not arise from the bankruptcy proceeding and it is based *solely* in state law and arises out of a professional relationship based and occurring only in California.  Furthermore, California, the forum where the conduct at issue occurred has an interest in adjudicating the Plaintiffs' purported claims against Reuben.

The totality of these factors demonstrates that Reuben bears a significant and undue burden being forced to defend these claims in Delaware Bankruptcy Court.  Accordingly, Plaintiffs' claims against Reuben must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and Bankruptcy Rule 7012(b) for a lack of personal jurisdiction.

---

[16] *Id*. (citations omitted).
[17] *Id*. at 321 (citing *Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993)(citations and internal quotation marks omitted)).

## II.    MOTION TO DISMISS PURSUANT TO   FED. R. CIV. P. 12(B)(3) FOR IMPROPER VENUE.

The District of Delaware is an improper venue under Bankruptcy Rule 7012(b) and Federal Rule 12(b)(3).   This Court weighs several factors in determining whether venue is appropriate.[18]   In *U.S. Wireless*, this Court held that the fact that the plaintiffs' professional negligence claims arose from California state law and that most of the witnesses were located in California was sufficient to grant defendants' motion to transfer venue.   As is stated above, Plaintiffs' claims against Reuben are based entirely on California state law and arise solely from conduct occurring in California.

Accordingly, Reuben should be dismissed from this adversary proceeding because this venue is improper under Fed. R. Civ. P. 12(b)(3).

## III.    PLAINTIFFS' PROFESSIONAL NEGLIGENCE CLAIM AGAINST REUBEN IS IMPROPERLY BEFORE THIS COURT BECAUSE THE CLAIM IS A NON-CORE PROCEEDING WHICH MUST BE BROUGHT BEFORE A COURT OF GENERAL JURISDICTION.

As an initial matter, Plaintiffs' professional negligence claim against Reuben stem from a professional relationship and conduct occurring solely in California.   Plaintiffs' action against Reuben is based on California state common law.   Accordingly, Reuben asserts its right to a jury trial.

This Court's jurisdiction extends to four types of Chapter 11[19] matters:  (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.[20]

Plaintiffs' professional negligence claim against Reuben do not arise under title 11 or

---

[18] *In re U.S. Wireless Corp.*, 2004 WL 1146098 at *2 (Bankr. D.Del. May 18, 2004)(citations omitted).

[19] 11 U.S.C. § 1100 *et seq.*

[20] *In re Resorts Intern., Inc.*, 372 F.3d 154, 162 (3d Cir. 2004)(citations and internal quotation marks omitted).

under proceedings arising under title 11.[21]  The professional negligence claim does not invoke a substantive right under Chapter 11nor does this claim arise only in the context of a bankruptcy case.[22]  Moreover, Reuben completed his engagement in September of 2014; Plaintiffs became aware of the alleged negligence in April or May 2015;[23] the Chapter 11 bankruptcy proceeding was filed on June 19, 2015 and the adversary proceeding was filed on February 6, 2017.  It is factually impossible for the Plaintiffs' claim against Reuben to arise from Chapter 11 or the Chapter 11 proceeding.  This is a tort claim arising under state law.

While this Court may have "related to" jurisdiction over Plaintiffs' claim against Reuben, this jurisdiction is not limitless.[24]  The claim against Reuben is an ordinary professional negligence claim arising under state common law, specifically, California common law.  This claim does not have a sufficient factual nexus to confer bankruptcy jurisdiction.[25]  While the resolution of the professional negligence claim could conceivably increase the assets of the bankruptcy estate, there is nothing which connects Reuben and his conduct to this bankruptcy.  As a result there is no "related to" jurisdiction and Reuben must be dismissed from this adversary proceeding with prejudice.

## IV.    FOR THE PURPOSES OF THIS MOTIONT TO DISMISS ONLY, REUBEN CONSENTS TO THE ENTRY OF A FINAL JUDGMENT.

Reuben consents to the entry of a final judgment only to the extent that the Court grants this Motion to Dismiss and dismiss Reuben from this adversary proceeding.

In the alternative, if this Motion is unsuccessful, Reuben does not consent to the entry of a final judgment by the bankruptcy court pursuant to Del. Bankr. L.R. 7012-1.  Absent Reuben's

---

[21] *Id*. (citing 28 U.S.C. § 157(b)(2)).
[22] *Id*. (citations omitted).
[23] Compl. ¶ 127.
[24] *In re Resorts Intern., Inc.*, 372 F.3d at 164.
[25] *Id*. at 170.

consent, this Court is without authority to enter a final judgment or order with respect to Plaintiffs' professional negligence claims.[26]

## V.    ADOPTION OF ARGUMENTS RAISED BY CO-DEFENDANTS.

Reuben hereby adopts the arguments asserted by Co-Defendants to this adversary proceeding in their respective dispositive motions to the extent they are applicable to Reuben.

### CONCLUSION

Fore the foregoing reasons, Defendant JONATHON P. REUBEN, C.P.A., a California accountancy corporation, is entitled to dismissal from this adversary proceeding with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and (3) and 28 U.S.C. § 157.


DATED:        Wilmington, Delaware
              April 17, 2017


                              **ELZUFON AUSTIN & MONDELL, P.A.**

                              */s/ John A. Elzufon*
                              JOHN A. ELZUFON – DE Bar ID #177
                              PETER C. MCGIVNEY – DE Bar ID #5779
                              300 Delaware Avenue, Suite 1700
                              P.O. Box 1630
                              Wilmington, DE  19899-1630
                              Telephone: (302) 428-3181
                              Email: jelzufon@elzufon.com
                                     pmcgivney@elzufon.com
                              *Counsel for Defendant*
                              *Jonathon P. Reuben, C.P.A.*

G:\Docs\CLIENT\31401\29479\BRIEF\01164152.DOC

---

[26] *In re AgFeed USA, LLC*, 2016 WL 5400357 at *5 (Bankr. D.Del. Sept. 26, 2016)(citing *Stern v. Marshall*, 564 U.S. 462 (2011)).