IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Citadel Watford Disposal Partners, L.P., <u>et al</u>.,[1] ) | Case No. 15-11323 (KJC) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF CITADEL ) | |
| WATFORD DISPOSAL PARTNERS, L.P., ) | |
| <u>et</u> <u>al</u>., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adv. Pro. No. 17-50024 (KJC) |
| ) | |
| CITADEL ENERGY PARTNERS, LLC., a ) | |
| Wyoming limited liability company; FORT ) | |
| BERTHOLD WATER PARTNERS, L.P., a ) | |
| Delaware limited partnership; STANTON ) | |
| DODSON, an individual; MARK ) | |
| DUNAWAY, an individual; NICOLAS J. ) | |
| VANDERWEY, an individual; LOUIS ) | |
| BRIDGES, an individual; PETER SIMONS, ) | |
| an individual; NICHOLAS TEMPLE, an ) | |
| individual; ERIC HOLOMAN, an ) | |
| individual; ALASTAIR SMITH, an ) | |
| individual; CARL COWARD, an ) | |
| individual; NORTH DAKOTA WATER ) | |
| PARTNERS, LLC, a Delaware limited ) | |
| liability company; JONATHON P. ) | |
| REUBEN, C.P.A., a California accountancy ) | |
| corporation; and DOES 1 through 100, ) | |
| inclusive, ) | |
| ) | |
| Defendants ) | |
| ) | |
| And ) | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

{12058-002 BRF A0470806.DOCX 2}                    1

|  |  |
|---|---|
| CITADEL WATFORD CITY DISPOSAL PARTNERS, LP, a Delaware limited partnership, CITADEL ENERGY SWD HOLDINGS, LLC, a North Dakota limited liability company, CITADEL ENERGY SERVICES, LLC, a Wyoming limited liability company, and PEMBROKE FIELDS, LLC, a North Dakota limited liability company, | ) ) ) ) ) ) ) ) ) ) ) |
| Nominal Defendants. | ) |

**OBJECTION OF GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE FOR THE CITADEL CREDITORS' GRANTOR TRUST, SUCCESSOR TO CITADEL WATFORD DISPOSAL PARTNERS, L.P., ET AL., TO DEFENDANT LOUIS BRIDGES' MOTION TO DISMISS COMPLAINT**

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford Disposal Partners, L.P., et al. ("Liquidation Trustee"), as debtors and debtors in possession in the above-captioned bankruptcy cases, by and through its undersigned counsel, submits this objection ("Objection") to the Defendant Louis Bridges' motion to dismiss complaint ("Motion") [Adv. D.I. 42] and the opening brief in support thereof ("Brief") [Adv. D.I. 42-1]. In support of this Objection, the Liquidation Trustee respectfully states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On June 19, 2015, Citadel Watford Disposal Partners, L.P., Citadel Energy Services, LLC, Pembroke Fields, LLC and Citadel Energy SWD Holdings, LLC (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for

the District of Delaware ("Court").[2] The filing of the Debtors' chapter 11 petitions commenced the jointly administered bankruptcy cases pending before this Court and styled In re Citadel Watford Disposal Partners, L.P., et al., Case No. 15-11323 (KJC) ("Cases").  On July 20, 2015, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Cases ("Committee").

### A.    The Adversary Proceeding

2.    On May 5, 2016, the Debtors and the Committee filed a joint motion seeking the entry of an order granting the Committee derivative standing to pursue causes of action belonging to the Debtor's bankruptcy estate and arising under chapter 5 of the Bankruptcy Code ("Standing Motion").  [D.I. 320.]  On June 21, 2016, the Court entered an Order granting the Standing Motion ("Standing Order").  [D.I. 320, 351.]

3.    On February 6, 2017, the Committee commenced the above-captioned adversary proceeding ("Adversary Proceeding") by filing a fourteen count complaint ("Complaint") against Louis Bridges ("Defendant") and a number of other parties: Counts I – V assert claims for breach of fiduciary duty, gross mismanagement, breach of duty of loyalty, fraud and fraudulent concealment; Count VI asserts fraudulent transfer claims; Counts VII – IX assert claims for conversion, unjust enrichment, negligence; Count X asserts a claim for professional negligence against Johnathan P. Rueben, C.P.A.; Count XI asserts a claim for breach of fiduciary duty against Defendant; Count XII asserts a claim for professional negligence against Defendant; and Counts XIII – XIV assert a claim for declaratory judgment and an accounting.  [Adv. D.I. 1.]  The Adversary Proceeding is the only cause of action filed by the Committee in these Cases.

---

[2] All citations to the docket in the jointly administered Cases will be referred to as "D.I. ___."  All citations to the docket in the Adversary Proceeding will be referred to as "Adv. D.I. ___."

4. On April 18, 2017, Defendant filed his Motion seeking dismissal of (i) Counts 1 through V and VII through XIV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and (ii) Count VI for failure to state a claim for relief pursuant to pursuant to Fed. R. Civ. P. 12(b)(6). [Adv. D.I. 42.]

**B.     The Joint Plan of Liquidation and Vesting of the Debtors' Causes of Action in the Liquidation Trustee**

5. On December 16, 2016, the Debtors filed their *Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* ("Plan").[3] [D.I. 473]. The Plan contemplated the creation of a Liquidation Trust that would hold and administer the Liquidation Trust Assets. [D.I. 473-1, Art. IX.]

6. On January 13, 2017, the Debtors filed a Notice of Filing of Plan Supplement ("Plan Supplement"), which included the Liquidation Trust Agreement ("Trust Agreement"). [D.I. 484.] The Trust Agreement, which is incorporated by reference into the Plan, created the Liquidation Trust and provided for the appointment of Gavin/Solmonese LLC as Liquidation Trustee. [D.I. 484-1, Art. 2.9.] The Plan Supplement also provided that, if the Plan was confirmed, the documents contained in the Plan Supplement, including the Agreement, would be approved by the Court pursuant to the Confirmation Order. [D.I. 484-1, at 1.]

7. On February 13, 2017, the Court entered an order confirming the Plan ("Confirmation Order"). [D.I. 517.] The Plan vests substantially all of the Debtors' tangible and intangible assets of the Debtors in the Liquidation Trust including, but not limited to, all "Causes of Action." [D.I. 517-1, Art. IX. ¶¶ D. and E.1.; 484-1, Art. 2.12.]

---

[3] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

The term "Causes of Action" includes, with certain limited exceptions not applicable here, all claims and causes of action of the Debtors against any Entity. [D.I. 517-1, Art. II. ¶ A.17.] The Plan Supplement specially identifies the Adversary Proceeding as a Cause of Action to be retained under the Plan. [D.I. 484-3.] The Plan further grants the Liquidation Trustee the authority and responsibility to "investigate, prosecute, compromise and settle, in accordance with the specific terms of the Liquidation Trust Agreement, Causes of Action vested in the Liquidation Trust." [D.I. 517-1, Art. IX. ¶ E.1.]

8. In accordance with the terms of the Trust Agreement, on the Effective Date, the Liquidation Trustee is authorized to pursue the Causes of Action and is substituted as the real party in interest in any action involving Liquidation Trust Assets commenced by the Committee. [D.I. 484-1 Art. 2.12(c).] In particular, the Trust Agreement provides that:

> In accordance with the Plan, the Liquidation Trustee on behalf of the Liquidation Trust and for the benefit of the Liquidation Trust **shall be authorized and empowered to pursue and prosecute, to settle, or to decline to pursue or abandon, the Causes of Action, including all pending adversary proceedings and contested matters involving Liquidation Trust Assets**, whether or not such causes of action have been commenced prior to the Effective Date, **and shall be substituted as the real party in interest in any such action, commenced by or against the Debtors, the Debtors' estate or the Creditors' Committee**. The Liquidation Trustee may settle, release, sell, assign, otherwise transfer or compromise such Causes of Action, in the Liquidation Trustee's business judgment, subject to the provisions of the Plan, without Bankruptcy Court approval.

[D.I. 484-1, Art. 2.12(c)(emphasis added).] On March 9, 2017 ("Effective Date"), the Plan went effective and the Liquidation Trustee became the real party in interest in

connection with this Adversary Proceeding. [D.I. 517-1, Art. IX; 487-1, Art. 2.12.] Per the Plan, the Committee and the Debtors also dissolved on the Effective Date. [D.I. 517-1, Art. XVI. ¶¶R, S.]

9. On April 17, 2017, the Liquidation Trustee filed the *Motion of Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trustee, Successor to Citadel Watford Disposal Partners, L.P., et al., for an Order Amending Captions to Reflect Real Party in Interest* ("Substitution Motion"). [D.I. 545.] Defendant filed a limited objection to the Substitution Motion and asserted that the Liquidation Trustee should not be substituted in as the Plaintiff in the Adversary Proceeding. [D.I. 554.] As of the filing of this Objection, the Substitution Motion is currently pending before the Court.

## ARGUMENT[4]

10. Defendant's Motion to dismiss Counts I through V and VII through XIV of the Complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1)[5] should be denied. By operation of the confirmed Plan and the Liquidation Trust, the Liquidation Trustee is the real party in interest in this Adversary Proceeding and has standing to pursue the Causes of Action asserted in the Complaint against Defendant. Although the Liquidation Trustee believes that the Committee properly filed the Complaint under the Standing Order, any purported defect with the Committee's standing to prosecute the Adversary Proceeding was cured on the Effective Date pursuant to the

---

[4] Defendant places the following language in the caption "TRIAL BY JURY OF TWELVE DEMANDED." This note, with nothing more, fails to satisfy the requirements of 28 U.S.C. § 157(e) and Fed. R. Bankr. P. 9015 and Fed. R. Civ. P. 38 regarding jury trials in bankruptcy court.

[5] All citations to the Federal Rules of Civil procedure or the Federal Rules of Bankruptcy Procedure will be cited as "Bankruptcy Rule ___."

Plan. The Liquidation Trustee has also timely sought to be substituted in as the plaintiff under Rule 17(a) through the Substitution Motion. Moreover, under Rule 17(a)(3), the Liquidation Trustee's substitution for the Committee as the plaintiff in the Adversary Proceeding relates back to the filing of the Complaint. Accordingly, Defendant's Rule 12(b)(1) motion to dismiss should be denied.

11. With respect to Defendant's motion to dismiss Count VI pursuant to Rule 12(b)(6), the Liquidation Trustee requests the Court grant Liquidation Trustee thirty (30) days to amend the Complaint in its entirety, including but not limited to, all claims to avoid and recover the fraudulent transfers made by the Debtors to Defendant pursuant to §§ 548 and 550 of the Bankruptcy Code.

I. **The Court Should Deny Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1), Because the Liquidation Trustee has Standing to Prosecute the Applicable Counts as the Real Party in Interest Under Rule 17(a).**

12. Defendant asserts that Counts I through V and VII through XIV of the Complaint ("Applicable Counts") should be dismissed under Rule 12(b)(1) for lack of standing. Defendant's sole argument in support of dismissal is that the Court only granted the Committee standing to pursue chapter 5 causes of action, and therefore, the Applicable Counts must be dismissed. Motion, at 6. Not so. Even if the Committee was only granted standing to bring chapter 5 causes of action (which the Liquidation Trustee disputes), Defendant cites no authority for the proposition that the Committee's standing impairs the Liquidation Trustee's right to prosecute the Applicable Counts under Rule 17(a). Contrary to Defendant's position, Rule 17(a)(3) allows the Liquidation Trustee, as the real party in interest under the Plan, to substitute in for the Committee as if the

Liquidation Trustee had been a plaintiff from the commencement of the Adversary Proceeding.

13. While Defendant attempts to frame the dispute as a matter of the Committee's "standing," the Liquidation Trustee's capacity to prosecute the Adversary Proceeding is really a question of compliance with Rule 17(a) which requires that civil actions "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); see Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI), 377 F.3d 329, 334 (3d Cir. 2004) (noting that a dispute over standing may really be a question of compliance with Rule 17(a)); Unger & Assocs., Inc. v. Unger (In re Unger & Assocs., Inc.), 292 B.R. 545, 550 (Bankr. E.D. Texas 2003) ("Frequently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle.") (citing 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1542 (1990)). Defendant's argument illustrates this common confusion by conflating the concepts of "standing" with the real party in interest requirements under Rule 17(a). The Liquidation Trustee has already filed the Substitution Motion to replace the Committee as the plaintiff under Rule 17(a). The Court's ruling on the Substitution Motion will be determinative of the issues raised by Defendant.

14. As discussed above, Defendant erroneously brought his motion to dismiss for lack standing pursuant to Rule 12(b)(1) which provides that a party may bring a motion to dismiss "for lack of subject-matter jurisdiction." Fed. R. Bankr. P. 12(b)(1). A motion to dismiss for lack of standing is brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir.

2007). A defendant may challenge standing on facial or factual grounds. "A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000).

15. Defendant makes a factual attack on the Court's subject matter jurisdiction, because he alleges that certain facts outside the scope of the Complaint support his position that the Committee lacks standing. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) ("[W]e must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."). In reviewing a factual attack on jurisdiction, "[t]he court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." Gould Elecs., Inc., 220 F.3d at 178. Thus, the Court may consider the Plan, the Liquidation Trust Agreement, and any other pleadings in the Cases relevant to determine the Court's jurisdiction.

16. Whether the Committee lacks "standing" to prosecute the Applicable Counts entirely misses the point and just sets up a straw-man for the Defendant to attack. The real point, which the Defendant avoids, is that the Plan expressly vested the Causes of Action, including those filed by the Committee prior to the Effective Date, in the Liquidation Trust. [D.I. 517-1, Art. IX. ¶¶ D. and E.1., Art. I. A. ¶ 17; D.I. 481-1; D.I. 484-3, Art. 2.12.] Not only are the Causes of Action vested in the Liquidation Trust, but the Committee and the Debtors were dissolved as of the Effective Date. [D.I. 517-1, Art. XVI. S. and R.] As a result, the Liquidation Trustee is the real party in interest and the

only entity that may prosecute the Causes of Action asserted in the Complaint. The Liquidation Trustee has already sought substitution as the real party in interest through the Substitution Motion in compliance with Rule 17(a). [D.I. 545.] Defendant does not, nor can he, reasonably contest that the Liquidation Trustee, and not the Committee, is the real party in interest to prosecute the Adversary Proceeding. In sum, the Committee's standing argument represents the proverbial red herring.

17. Further, Defendant's argument that the Court lacks jurisdiction over the Applicable Counts is premised on the authority granted to the Committee under the Standing Order. Defendant's argument is misplaced for two reasons. First, while the relief requested in the Standing Order could have been more clearly defined, the Debtors and the Committee always intended to provide the Liquidation Trustee with standing to file the Adversary Proceeding. This is evident by the fact that (i) the Debtors never objected to the Committee bringing the Adversary Proceeding against the Debtors' insiders, (ii) the Committee never filed any other adversary proceedings in the Cases, and (iii) the Debtors expressly referenced the Adversary Proceeding as a retained Cause of Action under the Plan.

18. Second, even if the Standing Order did not authorize the Committee to prosecute all Counts in the Adversary Proceeding,[6] Defendant cites to no authority for the proposition that a committee's lack of standing requires dismissal after a liquidation trustee in a confirmed chapter 11 plan becomes the real party in interest. The only authority Defendant cites is <u>Cybergenics</u> for the uncontroversial proposition that a

---

[6] Even if that were the case, this Court may grant retroactive standing to the Committee in order to avoid any issue of standing at the time the Committee initiated the Complaint. <u>See In re Yes! Enter. Corp.</u>, 316 B.R. 141 (D. Del. 2004) (holding that the bankruptcy court erred by failing to grant the creditors' committee retroactive relief to pursue derivative claims).

creditors committee lacks standing to initiate an adversary proceeding on behalf of the bankruptcy estate absent an express grant of authority from the Court. Motion, at 8. Nothing in Cybergenics requires the dismissal of a complaint improvidently filed by a committee when the real party in interest has filed a motion to substitute as the plaintiff pursuant to Rule 17. Defendants' ostrich-like argument ignores that the Committee no longer exists and has been replaced by the Liquidation Trustee. The replacement of the Committee (or the Debtor if the Committee was not granted standing to pursue the Applicable Counts) as the real party in interest has real consequences that are determinative of the issues raised by the Defendant.

19. As discussed above, whether the Committee has – or ever had – standing is irrelevant to the determination of whether the Applicable Counts should be dismissed now that the Liquidation Trustee is the real party in interest. Rule 17(a) is intend to "ensure[] that under the governing substantive law, the plaintiffs are entitled to enforce the claim at issue." HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1196 (3d Cir. 1996). However, Rule 17(a)(3) explicitly instructs courts to reject arguments, like the one made by Defendant, that a complaint should be dismissed prior to allowing the real party in interest to substitute into the litigation. Rule 17(a)(3) provides that an action may not be dismissed:

> for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. **After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest**.

Fed. R. Civ. P. 17(a)(3) (emphasis added). The last sentence of Rule 17(a)(3) is a relation back provision which has the effect of putting the plaintiff in the position as if it

had been a party since the beginning of the case. Green v. Daimler Benz, AG, 157 F.R.D. 340, 344 (E.D. Pa. 1994) (citing United States Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 960 (3d Cir. 1988).

20. A number of courts have considered and rejected the type of argument made by Defendant in his Motion. For example, in Unger, a liquidating trustee under a confirmed chapter 11 plan filed an adversary proceeding and sought to avoid certain transfers made to alleged investors. Unger, 292 B.R. at 549. The defendants moved to dismiss the complaint on the basis that the liquidating trustee lacked standing to prosecute the action because the liquidating trustee filed the action before effective date of the plan. Id. at 550. The bankruptcy court held that any defect in capacity caused by the liquidating trustee filing the action before the effective date was subsequently cured upon the effective date of the plan under Rule 17(a). Id. at 553-54.

21. The Liquidation Trustee's substitution in the Adversary Proceeding is given the same effect as if the Adversary Proceeding had been originally commenced by the Liquidation Trustee under Rule 17(a)(3), i.e., it relates back to the time the Complaint was filed. Accordingly, the Liquidation Trustee has standing to pursue the Causes of Action asserted in the Complaint since it is the real party in interest regardless of whether the Committee had authority in the first place.

22. Accordingly, Defendant's Motion to dismiss the Applicable Counts for lack of standing pursuant to Rule 12(b)(1) should be denied.

**II.    The Court Should Grant the Liquidation Trustee Leave to Amend Count VI of the Complaint.**

23. The Liquidation Trustee requests that it be granted leave to include additional facts to support a claim to avoid and recover a fraudulent transfer under §§ 548

and 550 of the Bankruptcy Code. The Court should enter an order granting the Liquidation Trustee leave to file an amended complaint. Rule 15(a), which governs amendments to pleadings, provides in pertinent part that "… a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). The Liquidation Trustee requires leave of court to file an amended complaint because more than 21 days have passed since Defendant has filed his Motion. Fed. R. Civ. P. 15(a)(1)(B).

24. The Liquidation Trustee seeks to amend his complaint to clarify the factual and legal grounds to avoid and recover fraudulent transfers from Defendant under §§ 548 and 550 of the Bankruptcy Code. In that regard, the Liquidation Trustee requests not less than thirty (30) days to amend the Complaint in its entirety, including but not limited to, all claims avoid and recover the fraudulent transfers made by the Debtors to Defendant.

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]

## CONCLUSION

Based upon the foregoing reasons, this Court should deny Defendant's Motion.

Dated: May 17, 2017 　　　　　　　　　**SHAW FISHMAN GLANTZ & TOWBIN LLC**

　　　　　　　　　　　　　　　　　　　/s/ Thomas M. Horan
　　　　　　　　　　　　　　　　　　　Thomas M. Horan (DE Bar No. 4641)
　　　　　　　　　　　　　　　　　　　Johnna M. Darby (DE Bar No. 5153)
　　　　　　　　　　　　　　　　　　　300 Delaware Ave., Suite 1370
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　Telephone: (302) 691-3774
　　　　　　　　　　　　　　　　　　　E-mail: thoran@shawfishman.com
　　　　　　　　　　　　　　　　　　　E-mail: jdarby@shawfishman.com

　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　Allison Hudson
　　　　　　　　　　　　　　　　　　　321 N. Clark St., Suite 800
　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　Telephone: (312) 980-3836
　　　　　　　　　　　　　　　　　　　E-mail: ahudson@shawfishman.com

　　　　　　　　　　　　　　　　　　　*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*