## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Citadel Watford City Disposal Partners, | ) | Case No. 15-11323 (KJC) |
| L.P., <u>et al.</u>,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| GAVIN/SOLMONESE, LIQUIDATION | ) | |
| TRUSTEE FOR THE CITADEL CREDITORS' | ) | |
| GRANTOR TRUST, successor to Citadel | ) | |
| Watford City Disposal Partners, L.P., <u>et al.</u>, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. 17-50024 (KJC) |
| CITADEL ENERGY PARTNERS, LLC., a | ) | |
| Wyoming limited liability company;  FORT | ) | |
| BERTHOLD WATER PARTNERS, L.P., a | ) | |
| Delaware limited partnership; STANTON | ) | |
| DODSON, an individual; MARK | ) | |
| DUNAWAY, an individual; NICOLAS J. | ) | |
| VANDERWEY, an individual; LOUIS | ) | |
| BRIDGES, an individual; PETER SIMONS, | ) | |
| an individual; NICHOLAS TEMPLE, an | ) | |
| individual; ERIC HOLOMAN, an | ) | |
| individual; ALASTAIR SMITH, an | ) | |
| individual; CARL COWARD, an | ) | |
| individual; NORTH DAKOTA WATER | ) | |
| PARTNERS, LLC, a Delaware limited | ) | |
| liability company; JONATHON P. | ) | |
| REUBEN, C.P.A., a California accountancy | ) | |
| corporation; and DOES 1 through 100, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| And | ) | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

|  | ) |
| CITADEL WATFORD CITY DISPOSAL | ) |
| PARTNERS, LP, a Delaware limited | ) |
| partnership, CITADEL ENERGY SWD | ) |
| HOLDINGS, LLC, a North Dakota limited | ) |
| liability company, CITADEL ENERGY | ) |
| SERVICES, LLC, a Wyoming limited | ) |
| liability company, and PEMBROKE | ) |
| FIELDS, LLC, a North Dakota limited | ) |
| liability company, | ) |
|  | ) |
| Nominal Defendants. | ) |

**OBJECTION OF GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE
FOR THE CITADEL CREDITORS' GRANTOR TRUST, SUCCESSOR TO
CITADEL WATFORD CITY DISPOSAL PARTNERS, L.P., ET AL., TO MOTION
OF DEFENDANTS ALASTAIR SMITH, CARL COWARD AND
NORTH DAKOTA WATER PARTNERS, LLC TO DISMISS;
(II) FOR COSTS AND STAY; (III) TO SET ASIDE DEFAULTS AND
DEEM RESPONSE TO COMPLAINT TIMELY**

Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust,

successor to Citadel Watford City Disposal Partners, L.P., et al. (the "Liquidation

Trustee"), as debtors and debtors in possession in the above-captioned bankruptcy cases,

by and through its undersigned counsel, objects (the "Objection") to the Motion of

Defendants Alastair Smith, Carl Coward and North Dakota Water Partners, LLC to

Dismiss; (II) For Costs and Stay; (III) to Set Aside Defaults and Deem Response to

Complaint Timely (the "Motion") [D.I. 82] and opening brief in support thereof (the

"Brief") [D.I. 83]. In support of this Objection, the Liquidation Trustee respectfully states

as follows:

## BACKGROUND

1.     On February 6, 2017, the Official Committee of Unsecured Creditors (the

"Plaintiff") of Citadel Watford Disposal Partners, L.P., Citadel Energy Services, LLC,

Pembroke Fields, LLC, and Citadel Energy SWD Holdings, LLC (collectively, the "Debtors") commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") [D.I. 1]. Alastair Smith ("Smith"), Carl Coward ("Coward"), and North Dakota Water Partners, LLC ("North Dakota") (collectively, the "Defendants") are among the defendants named in the Complaint.

2.      On February 15, 2017, the Plaintiff served a Summons and the Complaint on each of the Defendants by first class mail, postage fully prepaid. See D.I. 6, 13 and 17.

3.      Defendants' response to the Complaint was due on March 17, 2017.

4.      On March 29, 2017, after the deadline to answer or plead in response to the Complaint, California counsel to the Defendants contacted counsel for the Liquidation Trustee to request an extension of time to respond to the Complaint, and counsel for the Liquidation Trustee agreed.

5.      On April 6, 2017, counsel for the Liquidation Trustee forwarded a draft certification of counsel, stipulation and proposed form of order to California counsel for the Defendants extending their deadline to respond to the Complaint to May 1 and requesting the identity of Defendants' Delaware counsel.  See Exhibit A, p. 8-9.

6.      On April 11, 2017, California counsel identified Defendants' Delaware counsel, and a discussion ensued regarding the terms of the stipulation.  Id. at p.1-7.

7.      The parties did not enter into a stipulation because of the Defendants' insistence on language in the stipulation that the Liquidation Trustee found objectionable. Defendants did not move to extend the deadline to answer or plead in response to the Complaint, and the Court did not enter an order extending the time within which the Defendants could respond to the Complaint under Del. Bankr. L.R. 7012-2.

8.      Notwithstanding, on May 16, 2017, 60 days after the deadline by which Defendants were required to respond to the Complaint, Defendants filed their Motion and Brief.

9.      By the Motion, Defendants seek an order from the Court: (1) dismissing the Complaint (the "Motion to Dismiss"); (2) requiring the Liquidation Trustee to pay Defendants' costs from a previously-filed action in California (the "State Court Action") and a stay of this Adversary Proceeding until the Liquidation Trustee pays those costs (the "Motion for Costs/Stay"); and (3) setting aside the defaults previously entered against the Defendants [D.I. 60, 61, and 64] and to have the Defendants' Motion considered timely filed (the "Set Aside Motion").

10.     The Motion should be denied. First, Defendants have failed to carry their burden of showing that the Liquidation Trustee has failed to state a claim against them. Alternatively, should the Court consider the extraneous materials attached to Defendants' Brief, genuine issues of material fact exist and Defendants are not entitled to judgment as a matter of law, issues not addressed by the Defendants. Second, Rule 41(d) does not apply to the Liquidation Trustee because it was not a party in the California Litigation. Finally, Defendants have not demonstrated sufficient cause to set aside the default and have its Motion deemed timely filed, and they have not demonstrated that they have a meritorious defense to the Adversary Proceeding and that the Liquidation Trustee will not suffer prejudice if the default is vacated.

## ARGUMENT

**I.     The Court Should Deny Defendants' Motion to Dismiss Because They Have Failed to Carry Their Burden of Showing that the Liquidation Trustee has Failed to State a Claim.**

11.     Defendants assert that the Liquidation Trustee has failed to state a claim against them, and request dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7012. Specifically, Defendants contend that (a) they did not breach their fiduciary duties, (b) there was no fraudulent transfer, and (c) there was no conversion because (i) the Dahl lease was part of the Debtors' estate as of the Petition Date, and the Debtors received value for it by virtue of a sale; (ii) they did not owe any fiduciary duties and the Complaint fails to plead any other wrongdoing by the Defendants; and (iii) because these claims fail, the accounting cause of action fails as well. Brief, at 5-8.[2]

12.     A party moving for dismissal under Rule 12(b)(6) bears the burden of showing that Plaintiff has failed to state a claim. U.S. ex rel Moore & Co. P.A. v. Majestic Blue Fisheries, LLC, 812 F.3d 294, 299, n.4 (3d Cir. 2016).  See also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008).  The Court must accept all well-pleaded facts contained in the Complaint as true, disregarding legal conclusions, and must determine whether Plaintiff has pled sufficient facts to state a plausible claim for relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

---

[2] Defendants summarily conclude, without argument, that Count 13 of the Complaint fails to state a claim upon which relief may be granted. Summary conclusions, without more, do not satisfy Defendants' burden to show that Plaintiff has failed to state a claim. Therefore, the Court should deny the Defendants' motion to dismiss as to Count 13.

{12058-002 OBJ A0472409.DOCX}

**A.** **Debtors' Schedules and the Eviction Action Do Not Support Defendants' Conclusion that the Liquidation Trustee Failed to State a Claim and, therefore, the Motion to Dismiss Should be Denied.**

13.    Defendants contend that the Liquidation Trustee fails to state claims against the Defendants upon which relief can be granted. They contend that the fiduciary duty, the fraudulent transfer, conversion, and declaratory judgment causes of action are insufficiently pled. Defendants do not address the facts alleged in the Complaint that support the Liquidation Trustee's claims for damages. For example, the Complaint alleges that an entity controlled by Coward and Smith, Bakken Investments, LLC, received a 9.713% general partner partnership interest in Citadel (Complaint, ¶ 44); that after receipt of that general partner partnership interest, Coward and Smith began to act as *de facto* general partners for the Citadel entities, and Citadel in particular (Complaint, ¶ 45); that Coward and Smith attempted to distance themselves from the illegal actions committed by the Citadel General Partners by ousting Mr. Stanton Dodson (Complaint, ¶ 47); and that all assets of Debtor Pembroke Fields, LLC were transferred to North Dakota, an entity controlled by Coward and Smith (Complaint, ¶ 49).

14.    The Complaint also states that the ND Water Partners (as defined in the Complaint) owed duties of care and loyalty and engaged in acts of self-dealing and self-interest, all of which damaged Citadel for which Coward, Smith and North Dakota are liable.  See e.g., Complaint, ¶¶ 65, 67-70.  Because the facts support these causes of action, Defendants' Motion to Dismiss should be denied.

15.    Defendants also point to the Dahl Lease and argue that the Liquidation Trustee is judicially estopped from taking a position different than the position already

accepted by the Court. Based on this statement, it is difficult to determine which, if any, positions taken by the Liquidation Trustee the Court has already accepted.

16.    Notwithstanding, it appears Defendants argue that inclusion of the Dahl Lease on Pembroke's schedules somehow means that the lease was not assigned to North Dakota and that the well-pleaded facts contained in the complaint, which the Defendants do not dispute, allege that North Dakota is controlled by Smith and Coward, that the Dahl Lease was assigned to North Dakota on May 1, 2015 in violation of specific provisions contained in the Dahl Lease, and that ND Water Partners attempted to rescind the assignment. Complaint, ¶¶ 49, 51–53. The unauthorized assignment of the Dahl lease caused damage to the Debtors that cannot be washed clean by its attempted rescission.[3]

17.    Defendants cite two cases to support the proposition that the Liquidation Trustee is judicially estopped from taking an inconsistent position that this Court has accepted, because the Dahl Lease was property of the Debtors' estates as of the Petition Date.  Superior Crewboats, Inc. v. Primary P&I Underwriters (In re Superior Crewboats, Inc.), 374 F.3d 300 (5th Cir. 2004) is inapposite. That case dealt with debtors who failed to disclose a personal injury lawsuit on their schedules or at any time inform the court or the trustee of the lawsuit.  The Court noted "the [debtors] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors. Such a result would permit debtors to '[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights.'" Id. at 336. Judicial estoppel was meant to prevent these

---

[3] Contrary to Defendants' contention, the Dahl lease was not sold under Bankruptcy Code section 363. The Dahl Lease was assumed and assigned. See Order (1) Authorizing and Approving the Sale of Substantially All of the Assets of the Debtors Free and Clear of Liens, Claims, Encumbrances and Other Interests; (2) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Therefore; and (3) Granting Related Relief, Case No. 15-11323, D.I. 240, ¶¶ Q, R, 19-21.

types of abuses. Id. Defendants do not argue that the allegations contained in the complaint regarding the Dahl lease rise to the level of abuse at issue in Superior Crewboats and, as a result, the case is inapplicable.

18.    Defendants also cite Off. Comm. of Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.), 330 B.R. 67 (Bankr. D. Del. 2005). The Court acknowledged that "[j]udicial estoppel precludes a party from obtaining relief under one theory and later taking a contradictory position." Id. at 77.  In this case, the Court's analysis of judicial estoppel occurred within the context of payments made to the Austs under employment agreements assumed by the Debtors with the Committee's support – all of which occurred post-petition. Aust, 330 B.R. 77–78. Here, the assignment of the Dahl lease occurred prepetition. Indeed, the Court in Aust did reject the defendant's attempt to dismiss the Committee's complaint to recoup prepetition transfers based on the Austs' assertion that the transfers were authorized. The Court noted that "mere disclosure" of payments in a proxy statement, SOFA and a motion filed by the Debtors did not make the payments "authorized and unavoidable." Id. at 73. Indeed, the Court noted that the SOFA, like the Schedules filed by the Debtor in the instant case, required the Debtor to disclose certain information. Id. The Court also stated that "[n]o one has suggested that because they are disclosed therein that the estate may not avoid them pursuant to section 547." Id. at 73. While this is not a proceeding under section 547 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the same conclusion can be drawn:  no one can suggest that because the Debtors disclosed the Dahl Lease on its Schedules that the wrongful assignment and rescission did not occur and caused damage to the Debtors (indeed, Defendants do not dispute it) and that

the Liquidation Trustee cannot pursue claims against the proper parties to recoup those

damages. Like the Court in <u>Aust</u>, this Court should refrain from dismissing the Complaint

"simply on the basis of the [Defendants'] assertion in their pleading that "[s]ince the Dahl

Lease was property of the estate as of the Petition Date [because it was listed on the

Debtors' Schedules], the plaintiff is judicially estopped from taking an inconsistent

position with a position that the Court previously accepted." Brief, at 5.

19.     Furthermore, the basis for the Eviction Action as represented by the

Defendants does not support their Motion to Dismiss. Brief, at 5-6. Mr. Dahl explains the

reason why the Eviction Action does not discuss the assignment of the Dahl Lease – he

did not know about the assignment until after he filed it. In support of his motion for

relief of the automatic stay [Case No. 15-11322, D.I. 150], Mr. Dahl discusses other

breaches of the Dahl Lease.  He states that:

> [i]n addition to the material events of default referenced in the
> Eviction Complaint, Pembroke is in breach of other obligations
> under the Lease, some of which have only recently come to
> Mr. Dahl's attention….that the assignment of the Dahl lease
> "recently came to [his] attention….
>
> <u>Prepetition Lease Assignment and Sale</u>.  First and foremost, it
> recently came to Mr. Dahl's attention that prior to the Petition
> Date Pembroke assigned the Lease and sold all of its personal
> property rights in the Leased Premises and all of its permits,
> licenses and/or governmental approval rights related to drilling,
> use and operation of the Well and Lease Premises to North
> Dakota Water Partners, LLC (the "<u>Prepetition Lease
> Assignment and Sale</u>").
>
> *     *     *
>
> The Prepetition Lease Assignment and Sale occurred without
> Mr. Dahl's knowledge or consent and is a violation of
> Paragraph 16(h) of the Lease, which provides that the "Lease

may not be assigned without consent of [Mr. Dahl]…." [citation omitted.]

According to Mark Dunaway, the Debtors' principal and/or director, the Prepetition Lease Assignment and Sale was subsequently, for lack of a better term, reversed, and North Dakota Water Partners, LLC assigned the Lease and related assets back to Pembroke (the "Subsequent Re-Assignment"). However, was [sic] unable to provide any detail during his recent deposition regarding the Subsequent Re-Assignment and Sale, including when it took place and whether it was documented.

\* \* \*

Mr. Dahl will, more likely than not, prevail in the Eviction proceeding based upon the facts set forth in the Complaint in Eviction. Moreover, the additional facts that have come to light since commencing the Eviction Proceeding, particularly the Prepetition Lease Assignment and Sale, the Subsequent Re-Assignment, … further strengthen Mr. Dahl's cause of action.

Motion of Nathan Dahl for Relief from the Automatic Stay to Continue Eviction Proceeding Related to Saltwater Injection and Surface Use Lease Dated September 12, 2013, Case No. 15-11322 (KJC), D.I. 150, ¶¶ 18–19, 21–22, 51.

20.    Because Defendants have not established that the Liquidation Trustee failed to state claims against them, the Motion to Dismiss should be denied.

**B.    Defendants' Offering of Extraneous Materials Changes the Landscape but Not the Result.**

21.    In support of the above contentions, Defendants also attach documents that are not part of the record. See Brief, D.I. 83-1, Agreement and Assignment of Economic Interest of Citadel Watford City Disposal Partners LP (the "Agreement"); D.I. 83-2, Letter to CWCDP Limited Partners from Carl Coward and Alastair Smith dated April 15, 2015 (the "Letter").

{12058-002 OBJ A0472409.DOCX}

22.     Under Federal Rule of Civil Procedure 12(d), made applicable by Federal Rule of Bankruptcy Procedure 7012, Defendants' 12(b)(6) motion must be treated as one for summary judgment[4] if the Court does not exclude the documents.

23.     The trial court has discretion to ignore extrinsic materials. Morrison v. Lindsey Lawn & Garden, 2014 WL 831019, at *3 (E.D. Pa. March 4, 2014); see also Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232 (11th Cir. 2010) (holding that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.  According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them – there is no more formal step required"). See also Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (holding that "a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling.  (citations omitted)  However, if the district court chooses, as it did here, to ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs and the supplementary materials do not become part of the record for purposes of the Rule 12(b)(6) motion").

> **1.      The Agreement and the Letter Do Not Negate the Facts Alleged in the Complaint Regarding Smith's and Coward's Fiduciary Duties.**

24.     If the Court exercises its discretion and excludes the documents, it should deny the Motion to Dismiss. Defendants have provided nothing to contradict the undisputed facts set forth in the Complaint that Smith and Coward acted as *de facto*

---

[4] It is well settled that the movant must demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), made applicable through Federal Rule of Bankruptcy Procedure 7056.

general partners of Citadel and owed fiduciary duties to it; that the Dahl lease was assigned to an entity – North Dakota – controlled by Smith and Coward; that the Dahl lease prohibited such an assignment absent the landowners' express permission; that a co-defendant sent a letter on behalf of Defendants explaining their actions; and that the assignment breached the Defendants' fiduciary duties owed to Citadel and caused damage to the Debtors. Complaint, at ¶¶ 44-53, 63, 65, 67-70.

25.    If, however, the Court considers the documents, Defendants' Motion to Dismiss becomes a motion for summary judgment ("Summary Judgment Motion") and it, too, fails because there are genuine issues of material facts and Defendants are not entitled to judgment as a matter of law.[5] Defendants contend that the Agreement and the Letter demonstrate that Smith and Coward did not owe any fiduciary duties. They specifically point to the Agreement's provision that states that the assignee has no power to exercise rights or powers of a general partner. Brief, at 7. They also state that nothing in the Letter suggests that Smith and Coward were acting as Citadel general partners.  Id.

26.    The Agreement and Letter highlight that there are genuine issues of material fact. The Complaint alleges Coward and Smith were *de facto* general partners of Citadel. See Complaint, ¶¶ 44–53. The Complaint's allegations are not that Bakken Investments LLC acted as a Citadel General Partner. The provision limiting Bakken Investments LLC's rights or powers as a partner or general partner of Citadel Watford under the terms of the Agreement did not extend to Coward and Smith in their individual capacities. See Agreement, Introductory Paragraph (definition of Party and Parties) and ¶

---

[5] Indeed, Defendants do not address the summary judgment standard anywhere in their submission. Moreover, the Court should not consider the Agreement and Letter, even within the context of a Summary Judgment Motion, because Defendants have not provided the necessary foundation to establish the admissibility of the documents. Fed. R. Civ. P. 56(c)(2).

1. <u>See also</u> Agreement, ¶ 5 (Party is defined as Bakken Investments LLC, not Coward

and Smith individually; ¶ 7(b) (Bakken Investments LLC acquired interest for its own

account, not for Coward or Smith individually). Defendants' Brief contains no case law

that supports the proposition that an agreement binds nonparties, <u>i.e.</u>, that the proscription

contained in paragraph 1 of the Agreement prohibiting Bakken Investments LLC from

exercising rights as a partner or general partner applies with equal force against Coward

and Smith individually.

27.    As for the Letter, Defendants' argument regarding the letter is one-sided

and self-serving. Discovery will be required to contextualize the Letter and obtain other

evidence relevant to the issues addressed in the Letter. Indeed, discovery has not yet

begun in this Adversary Proceeding. It would be premature to treat to treat the Motion to

Dismiss as one for summary judgment without first completing discovery.

28.    Because genuine issues of material fact exist, the Summary Judgment

Motion must fail.[6]

## II.    Because the Committee and the Liquidation Trustee Were Strangers to the State Court Action, Rule 41(d) Does Not Apply and, Therefore, the Court Should Deny Defendants' Motion for Costs/Stay.

29.    Defendants contend that the State Court Action brings Rule 41(d) to bear.

That rule, made applicable through Federal Rule of Bankruptcy Procedure 7041,

provides:

> [i]f a plaintiff who previously dismissed an action in any court
> files an action based on or including the same claim against the
> same defendant, the court:

---

[6] Because the Motion to Dismiss and Summary Judgment Motion fail, the accounting cause of action
stands.

(1) may order the plaintiff to pay all or part of the costs of
that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). See Phoenix Canada Oil Co. Ltd. v. Texaco, Inc., 78 F.R.D. 445,

448 (D. Del. 1978) (applying several criteria when addressing Rule 41(d), including

criterion that parties in both actions are the same).

30.     The Committee and Liquidation Trustee were not parties to that litigation,

did not previously dismiss the State Court Action, and did not otherwise participate in it.

Indeed, the plaintiffs in the State Court Action dismissed it at the insistence of the

Debtors because the plaintiffs in the State Court Action were, without authority, pursuing

claims that were property of the Debtors' estates. The State Court Action was not

dismissed because of any lack of merit in the substance of the claims. On the contrary,

the Debtors requested that the State Court Action plaintiffs dismiss the State Court

Action so that the Committee could pursue these valuable estate claims in this Court.

31.     Defendants cite no authority to support the proposition that strangers to

litigation are subject to the provisions of Rule 41(d). Because Rule 41(d) does not apply,

the Court should deny Defendants' requests for payment and to stay the Adversary

Proceeding.

**III.    The Requirements of Local Rule 7012-2 Were Not Met and, Therefore,
There Was No Extension of Time for Defendants to Respond to the
Complaint.**

32.     Rule 7012-2 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules")

provides that "[t]he deadline to plead or move in response to a complaint or other

pleading in an adversary proceeding may be extended … for a longer period of time, by order of the Court.

33.     Defendants contend that there was an agreement to extend the deadline to May 16.  The Liquidation Trustee disagrees.  See Ex. A, at 4 ("we are amenable" but still discussing terms); id. at 3 ("[i]f you cannot enter into the stipulation, there may be no extension of time for your clients to respond to the complaint").  At any time during counsel's discussion, and most certainly after receipt of the April 13 email, Defendants could have filed a motion seeking an order from the court extending their time.  They did not.  Indeed, there was no communication between April 17 and May 2 when, upon seeing counsel for the Liquidation Trustee in an elevator, Defendants' counsel was prompted to email again.  Id. at 1.

34.     A motion would not have helped Defendants because Local Rule 7012-2 requires that "any motion for extension of time to plead or move in response to a complaint … must be filed with the Court prior to the expiration of the deadline to be extended."  The deadline by which these Defendants were required to answer or plead in response to the Complaint was March 17, 2017.  The first time counsel mentions filing a motion is April 13.  However, the Defendants did not file a motion under Local Rule 7012-2.  The Liquidation Trustee also disputes that Defendants have a meritorious defense and that there is a lack of prejudice to the Liquidation Trustee.

35.     Based on the foregoing, the Court should dismiss Defendants' Set Aside Motion.

**IV.    The Court Should Grant the Liquidation Trustee Leave to Amend Count VI of the Complaint.**

36.    The Liquidation Trustee requests that it be granted leave to include additional facts to support a claim to avoid and recover a fraudulent transfer under Bankruptcy Code sections 548 and 550. The Court should enter an order granting the Liquidation Trustee leave to file an amended complaint. Rule 15(a), which governs amendments to pleadings, provides in pertinent part that "… a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see</u> <u>also</u> <u>Cornell & Co. v. Occupational Safety & Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978). The Liquidation Trustee requires leave of court to file an amended complaint because more than 21 days have passed since Defendants filed their Motion. Fed. R. Civ. P. 15(a)(1)(B).

37.    The Liquidation Trustee seeks to amend his complaint to clarify the factual and legal grounds to avoid and recover fraudulent transfers from Defendants under Bankruptcy Code sections 548 and 550 of the. In that regard, the Liquidation Trustee requests not less than thirty (30) days to amend the Complaint in its entirety, including but not limited to, all claims to avoid and recover the fraudulent transfers made by the Debtors to Defendants.

**V.    Adopting Other Parties' Arguments, With Nothing More, Should Be Discouraged.**

38.    Defendants state that they "adopt arguments raised by other defendants to the extent such arguments are applicable to [them]." Brief, at 12. They do not elaborate on this statement. They do not identify which arguments, if any, directly apply to them.

They do not tie the applicable legal standard to the claims pleaded against them. What they have done within the context of this potentially dispositive motion is put this Court and the Liquidation Trustee in the position of playing a guessing game as to which claims the Defendants believe apply to them. This the Liquidation Trustee cannot do, and this Court should not engage in the exercise either.

**[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]**

## CONCLUSION

Defendants' Motion should be denied. Defendants have failed to carry their burden of showing that the Liquidation Trustee has failed to state claims against them. Should the Court consider Defendants' offering of extraneous materials, turning their Motion to Dismiss into a Summary Judgment Motion, genuine issues of material fact exist and Defendants are not entitled to judgment as a matter of law. Therefore, the Summary Judgment Motion fails. Rule 41(d) has no application here. Defendants failed to comply with Local Rule 7012-2, failed to demonstrate they have a meritorious defense, and failed to demonstrate that the Liquidation Trustee will not suffer prejudice; therefore, the Set Aside Motion should be denied.  Accordingly, the Liquidation Trustee respectfully requests that the Court deny the relief sought by the Defendants, grant the Liquidation Trustee leave to amend the Complaint, and grant such other relief as is just.

Dated:  May 30, 2017

**SHAW FISHMAN GLANTZ
    & TOWBIN LLC**

/s/ Johnna M. Darby
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 691-3774
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*