# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Citadel Watford Disposal Partners, L.P., *et al.*,[1] <br><br> Debtors. <br><br><br> Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford Disposal Partners, L.P., *et al*, <br><br> Plaintiff, <br> v. <br><br> CITADEL ENERGY PARTNERS, LLC., a Wyoming limited liability company; FORST BERTHOLD WATER PARTNERS, L.P., a Delaware limited partnership; STANTON DODSON, an individual; NICOLAS J. VANDERWAY, and individual; LOUIS BRIDGES, an individual; PETER SIMONS, an individual; NICHOLAS TEMPLE, an individual; ERIC HOLOMAN, an individual; ALASTAIR SMITH, an individual; CARL COWARD, an individual; NORTH DAKOTA WATER PARTNERS, LLC, a Delaware limited liability company; JONATHON P. REUBEN, C.P.A., a California accountancy corporation; and DOES 1 through 100, inclusive, <br><br> Defendants, <br><br> AND <br><br> CITADEL WATFORD CITY DISPOSAL PARTNERS, LP, a Delaware limited | Chapter 11 <br><br> Case No. 15-11323 (KJC) <br><br> (Jointly Administered) <br><br><br><br><br><br><br><br><br> Adv. Proc. No. 17-50024 (KJC) <br><br><br> **Re:    D.I. #121** <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF JONATHON P. REUBEN, C.P.A.** <br><br> **TRIAL BY JURY DEMANDED** |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

| | |
|---|---|
| partnership, CITADEL ENERGY SWD HOLDINGS, LLC, a North Dakota limited liability company, CITADEL ENERGY SERVICES, LLC, a Wyoming limited liability company, and PEMBROKE FIELDS, LLC, a North Dakota limited liability company, | : : : : : : |
| Nominal Defendants. | : |
| _____ | : |

## DEFENDANT JONATHON P. REUBEN, C.P.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Jonathon P. Reuben, C.P.A. ("Reuben" or "Defendant"), by his undersigned attorneys, hereby submits his Answer and Affirmative Defenses to the Amended Complaint filed by Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford Disposal Partners, L.P., et al (the "Liquidation Trustee") [D.I. #121] and states as follows:

## STATEMENT PURSUANT TO DEL. BANKR. L.R. 7012-1

Pursuant to Local Rule 7012 for the United States Bankruptcy Court for the District of Delaware, Defendant Jonathon P. Reuben, C.P.A. does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the Parties, cannot enter final judgments consistent with Article III of the United States Constitution.

## INTRODUCTION

1. It is ADMITTED that the Liquidation Trustee has brought a derivative action against the Defendants listed in the caption. The remaining allegations of this paragraph of the Amended Complaint are DENIED. The specific allegations of "breach of fiduciary duty, gross mismanagement, waste, fraud, fraudulent concealment, conversion and other causes of action relating to, among other things, their fraudulent investment practices comingling and self-

2

dealing, conversion of business assets, unauthorized assignments of Citadel assets, and the loss of a lease central to Citadel's business" are DENIED   Allegations of wrongdoing, whether express or implied are DENIED.

2. The allegations contained in this paragraph of the Amended Complaint call for a legal conclusion to which no response is required.

## JURISDICITON AND VENUE

3. This paragraph of the Amended Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, it is DENIED. By way of further answer, see Affirmative Defenses.

4. This paragraph of the Amended Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, it is DENIED. By way of further answer, see Affirmative Defenses.

5. This paragraph of the Amended Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, it is DENIED. By way of further answer, see Affirmative Defenses.

6. DENIED. Defendant does not consent to the entry of a final judgment by the Bankruptcy Court pursuant to Del. Bankr. L.R. 7012-1. Absent Defendant's consent, this Court is without authority to enter a final judgment or order with respect to the Liquidation Trustee's claims against Defendant.[2] By way of further answer, see Affirmative Defenses.

7. This paragraph of the Amended Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, it is DENIED. By way of further answer, see Affirmative Defenses.

---

[2] *In re AgFeed USA, LLC*, 2016 WL 5400357 at *5 (Bankr. D.Del. Sept. 26, 2016)(citing *Stern v. Marshall*, 564 U.S. 462 (2011).

**PARTIES**

8. The Confirmation Order, the Plan, the Plan Supplement and the Trust Agreement are legal documents which speak for themselves. Accordingly, no response is required as to this paragraph of the Amended Complaint. Any characterization of the Confirmation Order, the Plan the Plan Supplement or the Trust Agreement which is inconsistent with the explicit language of the documents themselves is DENIED.

9. This paragraph is manifestly intended to be answered by another party.

10. This paragraph is manifestly intended to be answered by another party.

11. This paragraph is manifestly intended to be answered by another party.

12. This paragraph is manifestly intended to be answered by another party.

13. This paragraph is manifestly intended to be answered by another party.

14. This paragraph is manifestly intended to be answered by another party.

15. This paragraph is manifestly intended to be answered by another party.

16. This paragraph is manifestly intended to be answered by another party.

17. This paragraph is manifestly intended to be answered by another party.

18. This paragraph contains no allegations requiring a response.

19. This paragraph is manifestly intended to be answered by another party.

20. This paragraph is manifestly intended to be answered by another party.

21. This paragraph is manifestly intended to be answered by another party.

22. This paragraph contains no allegations requiring a response.

23. It is ADMITTED that Defendant Jonathon P. Reuben, C.P.A. is a California accountancy corporation that is located within and transacts business in the County of Los Angeles, State of California. It is ADMITTED that in 2014, Defendant prepared personal tax

returns for Stanton Dodson for years 2011, 2012 and 2013. Finally, it is ADMITTED that Defendant prepared a year ended December 31, 2014 compilation for Citadel H20, LLC. Except as admitted, the allegations of this paragraph of the Amended Complaint are DENIED. Allegations of wrongdoing, whether express or implied are DENIED.

24. This paragraph contains no allegations requiring a response and/or is manifestly intended to be answered by another party. To the extent it is to be answered by Defendant, it is DENIED. Allegations of wrongdoing, whether express or implied are DENIED.

25. The allegations contained in this paragraph of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, DENIED. Allegations of wrongdoing, whether expressed or implied, are DENIED.

## FACTS

26. This paragraph and its subparts are manifestly intended to be answered by another party. To the extent they are to be answered by Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

27. This paragraph is manifestly intended to be answered by another party.

28. This paragraph and its subparts are manifestly intended to be answered by another party. To the extent they are to be answered by Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

29. This paragraph is manifestly intended to be answered by another party.

30. This paragraph is manifestly intended to be answered by another party.

**The Citadel Watford City Disposal Partners, LP Investment**

31. This paragraph is manifestly intended to be answered by another party.

32. This paragraph is manifestly intended to be answered by another party.

33. This paragraph is manifestly intended to be answered by another party.

34. This paragraph is manifestly intended to be answered by another party.

35. This paragraph is manifestly intended to be answered by another party.

36. This paragraph is manifestly intended to be answered by another party.

37. This paragraph is manifestly intended to be answered by another party.

38. This paragraph is manifestly intended to be answered by another party.

39. This paragraph is manifestly intended to be answered by another party.

40. This paragraph is manifestly intended to be answered by another party.

41. The allegations contained in this paragraph of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, DENIED. Allegations of wrongdoing, whether expressed or implied, are DENIED.

**The Citadel General Partners' Operations and Wrongful Actions**

42. With the exception of subpart (l)(ii), this paragraph and its subparts are manifestly intended to be answered by another party. To the extent they are to be answered by Defendant, they are DENIED. The specific allegations against Defendant in subpart (l)(ii) are DENIED. Allegations of wrongdoing whether express or implied are DENIED.

43. With the exception of subparts (e) and (g), this paragraph and its subparts are manifestly intended to be answered by another party. To the extent they are to be answered by Defendant, they are DENIED. The specific allegations against Defendant in subparts (e) and (g) are DENIED. Allegations of wrongdoing whether express or implied are DENIED.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, it is DENIED.

45. This paragraph of the Amended Complaint calls for a finding of fact and/or a

legal conclusion to which no response is required. To the extent that a response is required, it is DENIED.

**Purported Ouster of Dodson and "Discovery" of Mismanagement"**

46. This paragraph is manifestly intended to be answered by another party.

47. This paragraph of the Amended Complaint calls for a finding of fact and/or a legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

48. This paragraph is manifestly intended to be answered by another party.

49. This paragraph is manifestly intended to be answered by another party.

50. This paragraph is manifestly intended to be answered by another party.

**Formation of North Dakota Water Entities and Termination of Dahl Lease**

51. This paragraph is manifestly intended to be answered by another party.

52. This paragraph is manifestly intended to be answered by another party.

53. This paragraph is manifestly intended to be answered by another party.

54. This paragraph is manifestly intended to be answered by another party.

55. This paragraph is manifestly intended to be answered by another party.

56. This paragraph of the Amended Complaint calls for a finding of fact and/or a legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

57. This paragraph of the Amended Complaint calls for a finding of fact and/or a legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

58. This paragraph of the Amended Complaint calls for a finding of fact and/or a

legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

59. This paragraph is manifestly intended to be answered by another party. To the extent it is to be answered by Defendant, this paragraph refers to a document which speaks for itself. As for the remaining allegations of this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

60. This paragraph is manifestly intended to be answered by another party.

61. This paragraph is manifestly intended to be answered by another party. To the extent it is to be answered by Defendant, this paragraph refers to a document which speaks for itself. As for the remaining allegations of this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

62. This paragraph is manifestly intended to be answered by another party.

63. This paragraph of the Amended Complaint calls for a finding of fact and/or a legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

64. This paragraph is manifestly intended to be answered by another party.

65. This paragraph is manifestly intended to be answered by another party.

66. This paragraph is manifestly intended to be answered by another party.

67. This paragraph is manifestly intended to be answered by another party.

68. This paragraph and its subparts are manifestly intended to be answered by another party. To the extent it is to be answered by Defendant, this paragraph refers to documents which speaks for themselves.

69. This paragraph of the Amended Complaint calls for a finding of fact and/or a

legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

70.     This paragraph of the Amended Complaint calls for a finding of fact and/or a legal conclusion to which no response is required and/or is manifestly intended to be answered by another party.

**Reuben's Accounting Services**

71.     It is ADMITTED that in 2014, Defendant prepared personal tax returns for Stanton Dodson for years 2011, 2012 and 2013.  Except as admitted, the allegations of this paragraph of the Amended Complaint are DENIED.  Allegations of wrongdoing, whether express or implied are DENIED.

72.     DENIED.

73.     It is ADMITTED that Defendant prepared a year ended December 31, 2014 compilation for Citadel H20, LLC.  Except as admitted, the allegations of this paragraph of the Amended Complaint are DENIED.  Allegations of wrongdoing, whether express or implied are DENIED.

74.     It is ADMITTED that Defendant owed a duty consistent with the applicable standard of care in his preparation of the year ended December 31, 2014 compilation for Citadel H20, LLC.  It is DENIED that Defendant was "the accountant for Citadel."  It is further DENIED that Defendant owed a duty of any kind to Citadel as alleged in paragraph 75 of the Amended Complaint.  Except as admitted, the allegations of this paragraph of the Amended Complaint are DENIED.  Allegations of wrongdoing, whether express or implied are DENIED.

75.     DENIED.

76.     DENIED.

77. DENIED in its entirety and each and every subpart.

78. DENIED.

79. DENIED.

## COUNT I
## BREACH OF FIDUCIARY DUTY AGAINST THE CITADEL PARTNERS, THE ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

80-89. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT II
## GROSS MISMANAGMENT (DERIVATIVE) AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

90-94. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT III
## BREACH OF DUTY OF LOYALTY: WASTE (DERIVATIVE) AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

95-103. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT IV
## FRAUD AGAINST THE CITADEL PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

104-110. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT V
## FRAUDULENT CONCEALMENT AGAINST CITADEL PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

111-119.    These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT VI
## FRAUDULENT TRANSFERS BY CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE UNDER 11 U.S.C. § 548

120-125.    These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT VII
## RECOVERY OF AVOIDED TRANSFERS AGAINST CITADEL PARTNERS, THE ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE UNDER 11 U.S.C. § 550

126-128.    These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT VIII
## CONVERSION AGAINST CITADEL PARTNERS, THE ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

129-135.    These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT IX
## UNJUST ENRICHMENT AGAINST THE CITADEL PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE

136-144. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

### COUNT X
### NEGLIGENCE AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS AND DOES 1 THROUGH 100, INCLUSIVE

145-157. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

### COUNT XI
### PROFESSIONAL NEGLIGENCE AGAINST REUBEN AND DOES 1 THROUGH 100, INCLUSIVE

158. Defendant incorporates its responses to the preceding paragraphs as set forth at length herein.

159. DENIED. By way of further answer, see Affirmative Defenses.

160. DENIED. By way of further answer, see Affirmative Defenses.

161. DENIED. By way of further answer, see Affirmative Defenses.

162. DENIED. By way of further answer, see Affirmative Defenses.

163. DENIED. By way of further answer, see Affirmative Defenses.

164. DENIED. By way of further answer, see Affirmative Defenses.

165. DENIED. By way of further answer, see Affirmative Defenses.

### COUNT XII
### BREACH OF FIDUCIARY DUTY AGAINST BRIDGES AND DOES 1 THROUGH 100, INCLUSIVE

166-175. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be

answered by another party.

## COUNT XIII
## PROFESSIONAL NEGLIGENCE AGAINST BRIDGES
## AND DOES 1 THROUGH 100, INCLUSIVE

176-183. These paragraphs of the Amended Complaint call for a finding of fact and/or a legal conclusion to which no response is required and/or are manifestly intended to be answered by another party.

## COUNT XIV
## TURNOVER OF CITADEL BOOKS AND RECORDS AGAINST ALL DEFENDANTS
## UNDER 11 U.S.C. § 542

184. Defendant incorporates its responses to the preceding paragraphs as set forth at length herein.

185. Defendant DENIES that he is in possession of the full and complete books and records of Citadel.

186. This paragraph of the Amended Complaint calls for a legal conclusion to which no response is required.

187. This paragraph constitutes a prayer for relief and contains no factual averments to which a response is required.

## PRAYER FOR RELIEF

The WHEREFORE clause as set forth in the Amended Complaint, and all sub-paragraphs and subparts thereto, constitutes a prayer for relief and contains no factual averments to which a response is required. To the extent a response is required, Defendant DENIES that the Liquidation Trustee is entitled to the relief sought in the Amended Complaint.

**AFFIRMATIVE DEFENSES**

188. Failure to state a claim upon which relief can be granted as to all Counts of the Amended Complaint. No set of facts that can be proven supports the Liquidation Trustee's claims against Defendant. Therefore, the Liquidation Trustee is entitled to no relief.

189. This Court lacks personal jurisdiction over Defendant pursuant to F.R.C.P. 12(b)(2).

190. This Court is an improper venue pursuant to F.R.C.P. 12(b)(3).

191. Failure to join an indispensable party under Rule 19, pursuant to F.R.C.P. 12(b)(7).

192. Defendant did not owe a duty to Citadel.

193. Defendant did not breach any duty owed to Citadel.

194. No act or omission on the part of Defendant was the proximate cause, or cause-in-fact, of the Liquidation Trustee's alleged damages.

195. The Liquidation Trustee's and/or its predecessor(s) were comparatively or contributorily negligent. Defendant is entitled to have its liability apportioned in the event any liability is found.

196. The Liquidation Trustee and/or its predecessor(s)' own negligence was the proximate cause, or cause-in-fact, of The Liquidation Trustee's and/or its predecessors alleged damages.

197. The Liquidation Trustee and/or its predecessor(s) have failed to mitigate their damages.

198. The Liquidation Trustee's and/or its predecessor(s)' alleged damages were caused solely by the acts or omissions of some other person or party over whom Defendant had no

control or right of control, and for whom Defendant owes no legal responsibility.

199. The Liquidation Trustee's Amended Complaint fails, in whole or in part, due to the doctrine of assumption of risk.

200. The Liquidation Trustee's Amended Complaint fails, in whole or in part, because the Liquidation Trustee fails to allege facts or a cause of action sufficient to support a claim for any relief.

201. The Liquidation Trustee's claims are barred by the doctrine of *in pari delicto* and/or by the doctrine of unclean hands.

202. The Liquidation Trustee's claims are barred by the applicable statutes of limitations.

203. The Liquidation Trustee's claims are barred by the equitable doctrines of waiver, laches and/or release as provided in Federal Rule of Bankruptcy Procedure 7008(c).

204. The Liquidation Trustee is not entitled to pre-judgment and/or post-judgment interests or costs of this action.

205. In the event Defendant is held liable to the Liquidation Trustee, which liability is expressly DENIED, and any other Co-Defendant is also held liable, Defendant is entitled to a percentage contribution of the total liability from said Co-Defendant in accordance with principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law or policy including 10 Del. C. § 6302.

206. If the Liquidation Trustee, or its predecessor, was injured or damaged which Defendant expressly DENIES, the injuries and any damages were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendant and for which Defendant is not liable.

207. Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Delaware or any other state whose law is deemed to apply in this case.

208. Defendant hereby gives notice that it intends to rely on such other affirmative defenses as may become available during the course of discovery and thus reserve the right to amend this Answer to assert such defenses.

209. Defendant hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defense that may be asserted by any Co-Defendant in this action to the extent these defenses are applicable to Defendant.

## CROSS-CLAIM AGAINST ALL DEFENDANTS FOR CONTRIBUTION

210. Defendant cross-claims against its Co-Defendants to permit the finder of fault to apportion fault if any fault is found, and in the applicable case, to permit Defendant to seek contribution, reduction, set-off etc. pursuant to the provision of any joint tortfeasor release, which in the future, may be executed by the Liquidation Trustee. *Ikeda v. Molock*, 603A.2d 785 (Del. 1991).

## CROSSCLAIM AGAINST
## ALL DEFENDANTS FOR INDEMNIFICATION

211. To the extent permitted by law, Defendant cross-claims for indemnification against each and every Co-Defendant.

## ANSWER TO ALL PRESENT AND FUTURE CROSSCLAIMS

212. To the extent cross-claims and/or counter-claims are asserted against Defendant, these are DENIED.

## RESERVATION OF RIGHTS

213. Defendant reserves the right to amend this Answer as discovery proceeds,

16

included but not limited to raising additional affirmative defenses.

## JURY DEMAND AND PRAYER FOR RELIEF

214.  Defendant demands a trial by jury in this matter.

WHEREFORE, Defendant Jonathon P. Reuben, C.P.A. requests entry of the following relief:

A.  Dismissal of the Liquidation Trustee's Amended Complaint with prejudice;

B.  Judgment against the Liquidation Trustee and in favor of Defendant as to the claims for relief;

C.  An Order that the Liquidation Trustee and Debtors receive nothing from the Defendant under or by the Amended Complaint;

D.  An Oder that any and all claims filed by Defendant are not disallowed within the meaning of Section 502(d) of the Bankruptcy Code;

E.  An order requiring the Liquidation Trustee and Debtors to pay the costs, expenses and reasonable attorney fees incurred in the defense of this Action; and

F.  Such other and further relief as the Court deems just and proper.

DATED: Wilmington, Delaware
November 20, 2017

**ELZUFON AUSTIN & MONDELL, P.A.**

*/s/ Peter C. McGivney*
JOHN A. ELZUFON – DE Bar ID #177
PETER C. MCGIVNEY – DE Bar ID #5779
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630
Telephone: (302) 428-3181
Email: jelzufon@elzufon.com
        pmcgivney@elzufon.com
*Counsel for Defendant
Jonathon P. Reuben, C.P.A.*

G:\Docs\CLIENT\31401\29479\PLEADING\01224747.DOC