## INFORMATION UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford Disposal Partners, L.P., *et al.*,[1] | Case No. 15-11323 (KJC) |
| Debtors. | (Jointly Administered) |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., *et al.*, | |
| Plaintiff, | |
| v. | **Adv. Pro. No. 17-50024 (KJC)** |
| Citadel Energy Partners, LLC, *et al.*, | **TRIAL BY JURY DEMANDED** |
| Defendants, | |

## ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS OF DEFENDANT, LOUIS BRIDGES, TO AMENDED COMPLAINT

Defendant, Louis E. Bridges ("Defendant"), by and through his attorneys, hereby responds to Plaintiff's Amended Complaint as follows:

## INTRODUCTION

1.    Paragraph 1 of the Complaint only describes Plaintiff's general theories of liability and includes no specific allegations related to Defendant and, therefore, no response is

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, Delaware 19801.

required.  To the extent a response to paragraph 1 is required, any allegations of negligence, breach of any legal duty or other wrongdoing whatsoever contained therein on the part of Defendant are denied.

2.      Paragraph 2 of the Complaint only describes Plaintiff's general theories of liability and includes no specific allegations related to Defendant and, therefore, no response is required.  To the extent a response to paragraph 2 is required, any allegations of negligence, breach of any legal duty or other wrongdoing whatsoever contained therein on the part of Defendant are denied.

## JURISDICTION AND VENUE

3.      Admitted in part; denied in part.  It is admitted that some of the claims asserted in the Complaint are subject to this Court's jurisdiction.  It is denied that the Court has jurisdiction over all claims set forth in the Complaint and Defendant hereby reserves the right to seek dismissal of any such claims over which this Court lacks subject matter jurisdiction.

4.      Admitted in part; denied in part.  It is admitted that Counts VI, VII and XIV of the Complaint are core proceedings pursuant to 28 U.S.C. §157(b)(2).  It is denied that this Court possesses core jurisdiction over all claims asserted in the Complaint.

5.      No response is required.

6.      Defendant does not consent to the entry of final orders or judgments by the Court with respect to any matters over which the Court lacks core jurisdiction.

7.      Admitted.

## PARTIES

8.      Admitted in part; denied in part.  It is admitted that the Liquidation Trustee has standing to pursue all causes of action on behalf of the Debtors pursuant to the order confirming

2

the Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Confirmation Order") entered in the main Bankruptcy Case No. 15-11323. The remaining assertions in paragraph 8 are denied.

9.      Admitted upon information and belief.

10.     Admitted upon information and belief.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12.

13.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13.

14.     Admitted in part; denied in part. It is admitted that Defendant is an individual and attorney, who provided legal and other services to certain parties to this adversary proceeding. It is denied that Defendant was ever a member or managing member of Pembroke (a term that is undefined in the Complaint). It is denied that Defendant was ever a member or managing member of any of the Debtors or any other party to this adversary proceeding.

15.     The allegations in paragraph 15 are directed at parties other than Defendant and, accordingly, no response is required.

16.     The allegations in paragraph 16 are directed at parties other than Defendant and, accordingly, no response is required.

17.     The allegations in paragraph 17 are directed at parties other than Defendant and, accordingly, no response is required.

3

18.     Paragraph 18 contains no averment which requires a response.  To the extent that paragraph 18 infers that Defendant was ever a partner, member or managing member of or controlled or had the right to control any of the entities defined in the Complaint as "Citadel", such allegation is denied.

19.     The allegations in paragraph 19 are directed at parties other than Defendant and, accordingly, no response is required.

20.     The allegations in paragraph 20 are directed at parties other than Defendant and, accordingly, no response is required.

21.     The allegations in paragraph 21 are directed at parties other than Defendant and, accordingly, no response is required.

22.     Paragraph 22 contains no averment which requires a response.  To the extent that paragraph 22 infers that Defendant was ever a partner, member or managing member of or controlled or had the right to control any of the other parties to this adversary proceeding, such allegation is denied.

23.      The allegations in paragraph 23 are directed at parties other than Defendant and, accordingly, no response is required.

24.     The allegations in paragraph 24 are directed at parties other than Defendant and, accordingly, no response is required.  To the extent a response is required, such allegations are denied.

25.     Denied as to Defendant.

## FACTS

26.     Upon information and belief, it is admitted that Pembroke Fields Holdings, LLC and Pembroke SWD, LLC were formed in the states of North Dakota and Georgia, respectively.

4

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 26.

27.    Denied.    The allegations in paragraph 27 are directed at parties other than Defendant and, therefore, no response is required.    To the extent a response is required, the allegations are denied.

28.    Denied.  To the extent that paragraph 28 infers that Defendant was ever a partner, member or managing member of or controlled or had the right to control any of the other parties to this adversary proceeding, such allegation is denied.    To the extent the allegations in paragraph 28 are otherwise directed to Defendant, they are denied.

29.    Admitted in part; denied in part.  It is admitted that Defendant performed certain legal services for one or more of the entities defined in the Complaint as "Citadel".    The remainder of the allegations in paragraph 29 are denied.

30.    Denied.

## THE CITADEL WATFORD CITY DEPOSAL PARTNERS, LP INVESTMENT

31.    To the extent that the allegations in paragraph 31 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 31 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

32.    Denied.  Upon information and belief, the memorandum referred to in paragraph 32 of the Complaint is a written document the terms of which speak for themselves.

33.    To the extent that the allegations in paragraph 33 are directed to Defendant, they are denied.  To the extent that the allegations in paragraph 33 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

34.     To the extent that the allegations contained in paragraph 34 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 34 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

35.     To the extent that the allegations contained in paragraph 35 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 35 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

36.     To the extent that the allegations contained in paragraph 36 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 36 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

37.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37.

38.     Admitted upon information and belief.

39.     Denied.  It is denied that Defendant is or was a member or managing member of any entity with the name of "Pembroke".  By way of further response, the term "Pembroke" is not defined in the Complaint and, therefore, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertions contained in paragraph 39 related to such term. With respect to the allegations related to the Dahl Lease, as defined in paragraph 39, such Lease is a written document, the terms of which speak for themselves.

40.     Admitted in part; denied in part.  It is admitted that Defendant did not issue a limited partnership agreement or solicit signatures for any entity defined in the Complaint as

"Citadel".  It is denied that Defendant had an obligation to issue such an agreement or solicit such signatures.

41.     Denied as conclusion of law.  To the extent that the allegations contained in paragraph 41 are found not to be conclusions of law, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

### THE CITADEL PARTNERS' OPERATIONS AND WRONGFUL ACTIONS

42.     To the extent that the allegations contained in paragraph 42 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 42 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

43.     To the extent that the allegations contained in paragraph 43 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 43 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

44.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44.

45.     To the extent that the allegations contained in paragraph 45 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 45 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

### PURPORTED OUSTER OF DODSON AND "DISCOVERY" OF MISMANAGEMENT

46.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46.

20109597v.3

47.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47.

48.     To the extent that the allegations contained in paragraph 48 are directed to Defendant, they are denied.  To the extent that the allegations contained in paragraph 48 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information to form a belief as to their truth.

49.     Admitted in part; denied in part.  To the extent that paragraph 49 infers that Defendant exercised any control or had any right of control over any of the Debtors or any entity named as a defendant in this proceeding, such allegation is expressly denied.  Upon information and belief, it is admitted that Dodson was removed as the managing member of Pembroke Fields LLC in or around March 2015.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 49.

50.     Admitted upon information and belief.

## FORMATION OF NORTH DAKOTA WATER ENTITIES AND TERMINATION OF DAHL LEASE

51.     Admitted upon information and belief.

52.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52.

53.     Denied upon information and belief.

54.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54.

55.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Denied.  To the extent that paragraph 56 infers that Defendant ever controlled or had any right to control any of the Debtors or any of the other defendants to this adversary proceeding, such allegation is expressly denied.  To the extent that the allegations in paragraph 48 are otherwise directed to Defendant, they are denied.  To the extent that the allegations in paragraph 48 are directed to parties other than Defendant, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth thereof and therefore, they are denied.

57.     Admitted in part; denied in part.  Upon information and belief, it is admitted that a contractor filed a mechanics' lien against the property that was the subject of the Dahl Lease.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 57.

58.     Denied as conclusion of law.

59.     Denied.  Paragraph 59 refers to a letter, the terms of which speak for themselves and which is not attached to the Complaint.  Accordingly, any characterization thereof is expressly denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 59.

60.     Upon information and belief, it is admitted that, in or around April 2015, one or more of the Debtors executed documents transferring certain assets, including the Dahl Lease.  To the extent that paragraph 60 infers that Defendant executed any such document or ever controlled or had any right to control any of the Debtors or any of the Defendants to this adversary proceeding, such allegation is expressly denied.

61.     Admitted in part; denied in part.  It is admitted that Defendant provided certain legal services for Dunaway and certain entities.  It is denied that Defendant is or ever was a member of Pembroke Fields LLC or that any actions taken by Defendant in connection with the

9

transfer of the Dahl Lease were on behalf of himself.  It is admitted that Defendant forwarded a letter to various parties, the terms of which speak for themselves.

62.    Denied.

63.    Denied.

64.    Admitted upon information and belief.

65.    Admitted in part; denied in part.  It is admitted that a letter was sent to certain parties notifying then that the assignment of the Dahl Lease was rescinded.  The letter referred to in paragraph 65 is a written document the terms of which speak for themselves and Plaintiff's characterization thereof is expressly denied.

66.    Admitted upon information and belief.

67.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67.

68.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68.

69.    To the extent that the allegations contained in paragraph 69 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 69.

70.    Denied.

## REUBEN'S ACCOUNTING SERVICES

71.    The allegations in paragraph 71 are directed to parties other than Defendant and, therefore, no response is required.

72.    The allegations in paragraph 72 are directed to parties other than Defendant and, therefore, no response is required.

20109597v.3

73.     The allegations in paragraph 73 are directed to parties other than Defendant and, therefore, no response is required.

74.     The allegations in paragraph 74 are directed to parties other than Defendant and, therefore, no response is required.

75.     The allegations in paragraph 75 are directed to parties other than Defendant and, therefore, no response is required.

76.     The allegations in paragraph 76 are directed to parties other than Defendant and, therefore, no response is required.

77.     The allegations in paragraph 77 are directed to parties other than Defendant and, therefore, no response is required.

78.     The allegations in paragraph 78 are directed to parties other than Defendant and, therefore, no response is required.

79.     The allegations in paragraph 79 are directed to parties other than Defendant and, therefore, no response is required.

## COUNT I - BREACH OF FIDUCIARY DUTY AGAINST THE CITADEL PARTNERS, THE ND WATER PARTNERS AND DOES 1 THROUGH 100, INCLUSIVE

80.     Defendant incorporates by reference each of the foregoing paragraphs of this Answer as fully as though set forth at length.

81.     To the extent that the allegations in paragraph 81 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 81.

82.     To the extent that the allegations in paragraph 82 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 82.

11

83.     Denied as conclusion of law.  To the extent the allegations in paragraph 83 are found not to be conclusions of law and such allegations are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 83.

84.     Denied as conclusion of law.  To the extent the allegations in paragraph 84 are found not to be conclusions of law and such allegations are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 84.

85.     To the extent that the allegations in paragraph 85 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 85.

86.     To the extent that the allegations in paragraph 81 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 81.

87.     Denied.

88.     Denied.

89.     Denied as conclusion of law.

**COUNT II - GROSS MISMANAGEMENT (DERIVATIVE) AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS AND DOES 1 THROUGH 100, <u>INCLUSIVE</u>**

90.     Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

91.     To the extent that the allegations in paragraph 91 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 91.

92.     To the extent that the allegations in paragraph 92 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 92.

93.     To the extent that the allegations in paragraph 93 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     To the extent that the allegations in paragraph 94 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 94.

**COUNT III – BREACH OF DUTY OF LOYALTY:  WASTE (DERIVATIVE) AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE**

95.     Defendant incorporates each foregoing paragraph of this Answer as fully as though set forth at length.

96.     To the extent that the allegations in paragraph 96 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96.

97.     To the extent that the allegations in paragraph 97 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97.

20109597v.3

98.     To the extent that the allegations contained in paragraph 98 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 98.

99.     To the extent that the allegations in paragraph 99 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 99.

100.    To the extent that the allegations in paragraph 100 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 100.

101.    To the extent that the allegations in paragraph 101 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 101.

102.    Denied.

103.    Denied as conclusion of law.

## COUNT IV – FRAUD AGAINST THE CITADEL PARTNERS, DOES 1 THROUGH 100, INCLUSIVE

104.    Defendant incorporates each foregoing paragraph of this Answer as fully as though set forth at length.

105.    To the extent that the allegations contained in paragraph 105 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105.

106.    To the extent that the allegations in paragraph 106 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 106.

14

107.    To the extent that the allegations in paragraph 107 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 107.

108.    Denied as conclusion of law.  To the extent such allegations are found not to be conclusions of law, such allegations are denied.

109.    Denied.

110.    Denied as conclusion of law.

## COUNT V – FRAUDULENT CONCEALMENT AGAINST CITADEL PARTNERS, DOES 1 THROUGH 100, INCLUSIVE

111.    Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

112.    To the extent that the allegations in paragraph 112 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 112.

113.    To the extent that the allegations in paragraph 113 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 113.

114.    To the extent that the allegations in paragraph 114 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 114.

115.    To the extent that the allegations in paragraph 115 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 115.

116. To the extent that the allegations in paragraph 116 are directed to Defendant, they are denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116.

117. Defendant lacks sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 117.

118. Denied.

119. Denied as conclusion of law.

**COUNT VI – FRAUDULENT TRANSFERS BY CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 100, INCLUSIVE, UNDER 11 U.S.C. §548**

120. Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

121. To the extent that the allegations in paragraph 121 are directed to Defendant, they are denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 121.

122. To the extent that the allegations contained in paragraph 122 are directed to Defendant, they are denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 122.

123. Denied.

124. Denied.

125. Denied as conclusion of law.

**COUNT VII – RECOVERY OF AVOIDED TRANSFERS AGAINST CITADEL PARTNERS, THE ND WATER PARTNERS AND DOES 1 THROUGH 100, INCLUSIVE, UNDER 11 U.S.C. §550**

126. Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

16

127.    To the extent that the allegations in paragraph 127 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 127.

128.    Denied as conclusion of law.

## COUNT VIII - CONVERSION AGAINST CITADEL PARTNERS, THE ND WATER PARTNERS AND DOES 1 THROUGH 100, INCLUSIVE

129.    Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

130.    To the extent that the allegations in paragraph 130 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 130.

131.    To the extent that the allegations in paragraph 131 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 131.

132.     To the extent that the allegations in paragraph 132 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 132.

133.    Denied.

134.    Denied.

135.    Denied as conclusion of law.

## COUNT IX – UNJUST ENRICHMENT AGAINST THE CITADEL PARTNERS AND DOES 1 THROUGH 100, INCLUSIVE

136.    Defendant incorporates by reference each of the foregoing paragraphs of this Answer as fully as though set forth at length.

17

137.    To the extent that the allegations in paragraph 137 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 137.

138.    To the extent that the allegations in paragraph 138 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 138.

139.    To the extent that the allegations in paragraph 139 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 139.

140.    To the extent that the allegations in paragraph 140 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 140.

141.    To the extent that the allegations in paragraph 141 are directed to Defendant, Defendant incorporates by reference paragraphs 137 to 140 of this Answer.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 141.

142.    Denied as conclusion of law.

143.    Denied.

144.    Denied as conclusion of law.

## COUNT X – NEGLIGENCE AGAINST THE CITADEL PARTNERS, ND WATER PARTNERS, AND DOES 1 THROUGH 11, INCLUSIVE

145.    Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

146.    To the extent that the allegations in paragraph 146 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 146.

147.    To the extent that the allegations in paragraph 147 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 147.

148.    To the extent that the allegations in paragraph 148 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 148.

149.    To the extent that the allegations in paragraph 149 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 149.

150.    To the extent that the allegations in paragraph 150 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 150.

151.    To the extent that the allegations in paragraph 151 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 151.

152.    To the extent that the allegations in paragraph 152 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 152.

20109597v.3

153.    Denied.    To the extent that the allegations in paragraph 153 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 153.

154.    To the extent that the allegations in paragraph 154 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 154.

155.    To the extent that the allegations in paragraph 155 are directed to Defendant, they are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 155.

156.    Denied.

157.    Denied as a conclusion of law.

## COUNT XI – PROFESSIONAL NEGLIGENCE AGAINST REUBEN AND DOES 1 THROUGH 100, INCLUSIVE

158.    Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

159.    The allegations in paragraph 159 are directed at parties other than Defendant and, therefore, no response is required.

160.    The allegations in paragraph 160 are directed at parties other than Defendant and, therefore, no response is required.

161.    The allegations in paragraph 161 are directed at parties other than Defendant and, therefore, no response is required.

162.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 162.

20109597v.3

163.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 163.

164.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 164.

165.    The allegations contained in paragraph 165 are directed at parties other than Defendant and, therefore, no response is required.

## COUNT XII – BREACH OF FIDUCIARY DUTY AGAINST BRIDGES AND DOES 1 THROUGH 100, INCLUSIVE

166.    Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

167.    Denied as a conclusion of law.  To the extent the allegations contained in paragraph 167 are deemed not to be conclusions of law, it is admitted that Defendant performed certain legal services on behalf of certain entities including one or more Debtors.  The remainder of the allegations are denied.

168.    Denied.

169.    Denied as a conclusion of law.  To the extent the allegations contained in paragraph 169 are found not to be conclusions of law, it is denied that Defendant possessed an ownership interest in the operating entity of any of the Debtors identified as "Citadel" in the Complaint.  The remaining allegations are denied.

170.    Denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 170.

171.    Denied.

172.    Denied.

173.    Denied.

21

174.   Denied.

175.   Denied as a conclusion of law.

## COUNT XIII – PROFESSIONAL NEGLIGENCE AGAINST BRIDGES AND DOES 1 THROUGH 100, INCLUSIVE

176.   Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth at length.

177.   Admitted in part; denied in part.  It is admitted that Defendant performed certain legal services for one or more of the Debtors in this case.  The remainder of the allegations are denied as conclusions of law.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied as a conclusion of law.

## COUNT XIV - TURNOVER OF CITADEL BOOKS AND RECORDS AGAINST ALL DEFENDANTS UNDER 11 U.S.C. §542

184.   Defendant incorporates by reference each foregoing paragraph of this Answer as fully as though set forth herein at length.

185.   Denied with respect to Defendant.

186.   Denied as a conclusion of law.

187.   Paragraph 187 contains no averment which requires a response.

## FIRST AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the alleged Transfers did not involve the transfer of any property of one or more Debtors, they are not recoverable from Defendant.

## THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent the alleged Transfers were not for the benefit of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent Defendant is not an initial transferee, or the immediate or mediate transferee of such initial transferee.

## FIFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent the Transfers are subject to the doctrine of recoupment.

## SIXTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent the Transfers are subject to the doctrine of setoff.

## SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent one or more of the Debtors was solvent at the time of the Transfers, and not rendered insolvent by the Transfers.

20109597v.3

## EIGHTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent it is determined through investigation and discovery that the Transfers were not made by the Debtors, but rather by a non-debtor affiliate or other entity.

## NINTH  AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent the Trustee lacks authorization and standing to pursue the relief requested in the Complaint on behalf of or in lieu of the Debtors.

## TENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent that the Trustee's claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent that the Trustee's claims are barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent that the Trustee's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent that the Trustee's claims are barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that, at the time of the Transfers, the transferor was not engaged or about to engage in a business or transaction for

which its remaining assets were unreasonably small in relation to the business or transaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that, at the time of the Transfers, the transferor did not intend to incur, and did not believe or should not have reasonably believed that it would incur, debts beyond its ability to pay as they became due.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent the transferor received reasonably equivalent value for the Transfers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that Defendant provided reasonably equivalent value for the Transfers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied because the Defendant owed no applicable fiduciary duty to the "Citadel" entities.

## NINETEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied as to Defendant because the alleged harm caused was caused by third parties over which Defendant had no control.

## TWENTIETH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in so far as no attorney client relationship existed between Defendant and the allegedly harmed entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part because the Liquidation Trustee and/or its predecessor(s) in interest were comparatively negligent.

20109597v.3

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Liquidation Trustee and or its predecessor(s) failed to mitigate their damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied based on the doctrine of in pari delicto and/or the doctrine of unclean hands.

## TWENTY-FORTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied because the injury or damages alleged were the result of superseding causes.

## INCORPORATION AND RESERVATION OF DEFENSES

Defendant hereby gives notice that he intends to rely on and incorporate by reference any affirmative defenses raised by any other defendant in this action to the extent that those defenses are applicable to Defendant, and reserves the right to assert additional defenses and affirmative defenses as they become known through investigation and discovery.

## JURY DEMAND

Defendant demands a trial by jury in this matter.

WHEREFORE, Defendant respectfully requests the following relief from the Court:

(a)     that the Complaint be dismissed in its entirety, with prejudice;

(b)     that Defendant be awarded its attorneys' fees incurred in connection herewith, as well as the costs of suit and litigation expenses; and

20109597v.3

(c)    that Defendant have such other and further relief that this Court may deem just and proper.

## CROSSCLAIMS

1.    Defendant denies liability whatsoever to the plaintiff, but should liability be found, based on the allegations in the Complaint that are incorporated here by reference, Defendant crossclaims against the other named defendants for contribution and seeks an apportionment of liability among the defendants and contribution pursuant to principles of equitable indemnity and comparative contribution and pursuant to any applicable contribution or apportionment statute, law or policy including  10 Del. C. § 6301 et seq.

2.    Defendant denies liability to the plaintiff, but should liability be found, defendant contends, based on the allegations in the complaint that are incorporated here by reference,  that the co-defendants are primarily liable to the plaintiff while he is only secondarily liable.  Thus, Defendant is entitled to common law and/or contractual indemnity.

## DENIAL OF ALL CROSS-CLAIMS

Defendant denies any cross-claims that have been or may be asserted against him in this matter.

Respectfully submitted,

WHITE AND WILLIAMS LLP

By: _____

John D. Balaguer (DE No. 2537)
Nicholas R. Wynn ((DE No. 5670)
600 N. King Street, Suite 800
Wilmington, DE 19801-3722
Telephone:  (302) 467-4501
Facsimile: (302) 467-4551
Email:  balaguerj@whiteandwilliams.com

and

Joseph G. Gibbons
1650 Market Street, 18th Floor
Philadelphia, PA  19103
Telephone: (215) 864-7074
Facsimile: (215) 864-7123

*Counsel for Defendant, Louis E. Bridges*

Date: December 15, 2017

20109597v.3