## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | : | Case No. 15-11323 (KJC) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 17-50024 (KJC) |
| Citadel Energy Partners, LLC, et al., | : | **Re: D.I. 143, 144** |
| Defendants. | : | |

**OBJECTION OF GAVIN/SOLMONESE LLC, LIQUIDATION TRUSTEE FOR THE CITADEL CREDITORS' GRANTOR TRUST, SUCCESSOR TO CITADEL WATFORD CITY DISPOSAL PARTNERS, L.P., ET AL., TO DEFENDANT MARK DUNAWAY'S MOTION TO DISMISS**

Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust

(the "Liquidation Trustee"), successor to Citadel Watford City Disposal Partners, L.P., et

al., debtors in the above-captioned bankruptcy cases and adversary proceeding, by and

through its undersigned counsel, submits this objection (the "Objection") to the motion to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520).  The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

dismiss the amended complaint (the "Motion") [D.I. 143] and brief in support thereof

(the "Opening Brief") [D.I. 144] filed by defendant Mark Dunaway ("Dunaway").  In

support of this Objection, the Liquidation Trustee respectfully states as follows:

## BACKGROUND

      1.      On June 19, 2015, Citadel Watford City Disposal Partners, L.P.

("CWCDP"), Citadel Energy Services, LLC ("CES"), Pembroke Fields, LLC

("Pembroke"), and Citadel Energy SWD Holdings, LLC ("Citadel Energy SWD")

(collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the District of Delaware (the "Court").[2]  The filing of the Debtors' chapter 11

petitions commenced the jointly administered bankruptcy cases pending before this Court

and styled In re Citadel Watford City Disposal Partners, L.P., et al., Case No. 15-11323

(KJC).  On July 20, 2015, the Office of the United States Trustee appointed an official

committee of unsecured creditors (the "Committee").

      2.      On February 6, 2017, the Committee commenced the above-captioned

adversary proceeding (the "Adversary Proceeding")[3] by filing a complaint (the

"Complaint") [Adv. D.I. 1] naming various defendants, including Dunaway.  In the

Adversary Proceeding, the Committee asserted derivative claims against Dunaway and

others for breach of fiduciary duty, gross mismanagement, breach of duty of loyalty,

fraud, fraudulent concealment, fraudulent transfers, conversion, unjust enrichment,

---

[2] All citations to the docket in the jointly administered cases will referred to as "D.I. ___."

[3] All citations to the docket in the Adversary Proceeding will be referred to as "Adv. D.I. ___."

professional negligence, negligence, declaratory judgment and for an accounting.  [Adv. D.I. 1.]  The Adversary Proceeding was the only complaint filed by the Committee.

3.      On February 15, 2017, the Committee served the Complaint, Summons and Notice of Pretrial Conference on the Dunaway by first class mail, postage fully prepaid. <u>See</u> Adv. D.I. 12.  Dunaway's response to the Complaint was due on or before March 17, 2017.

4.      On April 5, 2017, the Committee filed an amended Summons and Notice of Pretrial Conference on Dunaway by first class mail, postage prepaid.  <u>See</u> Adv. D.I. 27.

5.      Dunaway failed to respond to the Complaint.  On May 8, 2017, the Plaintiff requested an entry of default against Dunaway.  <u>See</u> Adv. D.I. 68.

6.      On August 15, 2017, counsel for Dunaway entered their appearance.  <u>See</u> Adv. D.I. 104.

7.      On August 21, 2017, Dunaway filed a motion to vacate the entry of default.  <u>See</u> Adv. D.I. 106.

8.      On September 20, 2017, Dunaway's counsel submitted a proposed form of order under certification of counsel resolving the motion to vacate the entry of default. <u>See</u> Adv. D.I. 110.

9.      The Court entered the order vacating the entry of default on September 26, 2017.  <u>See</u> Adv. D.I. 113.

10.     On October 10, 2017, the Liquidation Trustee filed a motion for leave to amend the Complaint.  <u>See</u> Adv. D.I. 116.

11.     Receiving no response to its motion for leave to amend the Complaint, on October 27, 2017, the Liquidation Trustee filed a certificate of no objection regarding the motion for leave to amend the Complaint and requested that the Court enter the proposed form of order.  See Adv. D.I. 119.

12.     On October 30, 2017, the Court entered the order granting the Liquidation Trustee leave to amend the Complaint.  See Adv. D.I. 120.

13.     On November 6, 2017, the Liquidation Trustee filed the amended complaint (the "Amended Complaint").  See Adv. D.I. 121.

14.     On November 13, 2017, the Amended Complaint, Summons and Notice of Pretrial Conference, were served on Dunaway's counsel.  See Adv. D.I. 127.

15.     On November 27, 2017, Dunaway and the Liquidation Trustee entered into a stipulation extending the time for Dunaway to respond to the Amended Complaint. See Adv. D.I. 141.

16.     On December 6, 2017, Dunaway filed the Motion and Opening Brief.

17.     Dunaway requests that this Court dismiss the Amended Complaint for failure to state a claim against Dunaway pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Dunaway contends that (i) his fiduciary duties were waived pursuant to a waiver provision contained in a partnership agreement and, therefore, the fiduciary duty claims should be dismissed; (ii) all claims asserted in the Amended Complaint against Dunaway are not pled with particularity pursuant to Federal Rule of Civil Procedure 9(b), made applicable to this Adversary Proceeding by Federal Bankruptcy Rule of Civil Procedure 7009; and (iii) the Liquidation Trustee's allegations of receiving a depressed value for the Dahl lease is contrary to statements made and

Case 17-50024-KJC    Doc 163    Filed 01/12/18    Page 5 of 14

events that occurred in the Main Case and, as a result, the Liquidation Trustee should be estopped from taking positions contrary to those statements or events in this Adversary Proceeding.

18.     The Court should deny Dunaway's Motion because he has not carried his burden of showing that the Liquidation Trustee has failed to state claims against him. First, the Court should not consider the documents attached or referenced in the Opening Brief because they are not part of the record in this Adversary Proceeding.  If the Court were to consider them, turning the Motion into a summary judgment motion, they create genuine issues of material fact and the Motion should be denied.  Second, the Court should follow Third Circuit case law favoring a lenient application of the Rule 9(b) standard and find that the fraud claims are pled with sufficient particularity.  Finally, Dunaway's arguments regarding the Dahl lease, including but not limited to estoppel, not only sound in summary judgment but more importantly fail to carry Dunaway's burden of showing that the Liquidation Trustee has failed to state a claim against him.

## ARGUMENT[4]

### I.     The Court Should Deny Dunaway's Motion to Dismiss, Because He Did Not Carried His Burden of Showing that the Liquidation Trustee Failed to State a Claim.

19.     A party moving for dismissal under Rule 12(b)(6) bears the burden of showing that plaintiff has failed to state a claim.  <u>U.S. ex rel Moore & Co. P.A. v. Majestic Blue Fisheries, LLC</u>, 812 F.3d 294, 299, n.4 (3d Cir. 2016).  The Court must accept all well-pleaded facts contained in the Complaint as true, disregard legal

---

[4] Dunaway places the following language in the caption of the Motion:  "TRIAL BY JURY OF TWELVE DEMANDED."  This note, with nothing more, fails to satisfy the requirements of 28 U.S.C. § 157(e) and Fed. R. Bankr. P. 9015 and Fed. R. Civ. P. 38 regarding jury trials in bankruptcy court.

{12058-002 OBJ A0494736.DOCX 3}                                    5

conclusions, and determine whether the plaintiff has pled sufficient facts to state a

plausible claim for relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.

2009).

> **A.    Dunaway does not carry his burden of showing that the Liquidation Trustee failed to plead sufficient facts regarding Dunaway's breach of fiduciary duties to state a claim for relief.**

20.    Dunaway claims that the Liquidation Trustee has failed to state a claim

regarding the breach of fiduciary duty claims against him.  See Opening Brief, at 18-20.

Specifically, Dunaway claims he is "insulated" from liability for the breach of fiduciary

duty claims because they were waived in the partnership agreement of CWCDP.  Id.[5]

Pointing to a document that is not part of the record in the Adversary Proceeding and

drawing the conclusion based on that document that the fiduciary duty claims should be

dismissed, without more (i.e., no discovery, no testimony, etc.), does not satisfy

Dunaway's burden of showing that the Liquidation Trustee failed to state claims against

him.

21.    Federal Rule of Civil Procedure 12(d), made applicable to the Adversary

Proceeding by Federal Rule of Bankruptcy Procedure 7012, requires that Dunaway's

---

[5] Dunaway points to letters and recites facts based on them in an attempt to explain or ameliorate his actions or inaction.  See, e.g., Opening Brief, at ¶¶ 9-12, 14-16, 19-20.  The Court should not consider the letters and the recited facts, because they are not part of the record.  If the Court should consider them, it is telling that these facts focus on acts taken after Dodson's alleged misdeeds were discovered.  What is missing is any discussion or explanation of or reference to facts alleged in the Amended Complaint regarding events pre-2015, when Dunaway and the other Defendants failed to act which allowed Dodson to run amuck through the Debtors' assets. Dunaway contends "never had access to bank account statements for the Debtors or the related companies.  He never reviewed any bank account statements before March 2015" and began asking for financials "for several months until the spring of 2015."  See Opening Brief, at ¶ 20.  Issues remain regarding Dunaway's lack of diligence from 2012 until the date on which he claims he began to ask for financials in 2015. The Liquidation Trustee is entitled to discovery on these contentions. It is also notable that the only reference to the recited facts occurs in the fact section of the Opening Brief. He does not use them to explain how they support his contentions that he did now owe or breach his fiduciary duties; that he did not engage in any fraud; and/or that the Dahl lease was not fraudulently transferred.  The Court should, therefore, not consider the recited facts.

Motion be treated as a summary judgment motion if the Court does not exclude the documents attached to his Opening Brief.  "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party" who "must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  <u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir.2006).

22.     The trial court has discretion to ignore such materials. <u>Morrison v. Lindsey Lawn & Garden</u>, 2014 WL 831019, at *3 (E.D. Pa. March 4, 2014); <u>Harper v. Lawrence County, Ala.</u>, 592 F.3d 1227, 1232 (11th Cir. 2010) (holding that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.  According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them – there is no more formal step required"). <u>See</u> <u>also</u> <u>Trans-Spec Truck Service, Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 321 (1st Cir. 2008) (holding that "a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling.  (citations omitted)  However, if the district court chooses, as it did here, to ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs and the supplementary materials do not become part of the record for purposes of the Rule 12(b)(6) motion").

23.     The Court should exercise its discretion and ignore the documents attached to Dunaway's Opening Brief.  Dunaway contends that the partnership agreement has been acknowledged repeatedly in the "Bankruptcy Cases" but provides no details regarding or citations to the repeated acknowledgements.  He also fails to acknowledge

and does not contradict the allegations that Dunaway served as a manager or officer of the various other Debtors.  It is through those roles that Dunaway also owes fiduciary duties.

24.     Relatedly, Dunaway's singular focus on one Debtor and its partnership agreement that is not part of the record in this Adversary Proceeding that purports to waive fiduciary duties is one-sided and self-serving.  His focus blinds him to the Amended Complaint's allegations that Dunaway was the managing member or a member of the other Debtors (Amended Complaint, ¶ 12), controlled the Debtors (Amended Complaint, ¶¶ 27, 28(c), (d)), and misused, diverted, and/or commingled the Debtors' funds for his and other defendants' benefit or for the benefit of unrelated businesses.  See, e.g., Amended Complaint, ¶ 42(a)-(m).

25.     Dunaway also argues that fiduciary duty must be limited to CWCDP, and relies upon a document that Dunaway executed as a witness to the manager's signature. Discovery is needed to fully ascertain the numerosity, breadth, and character of Dunaway's managerial and/or officerial roles with all of the Debtors.  It would be premature to grant Dunaway's summary judgment motion on this record without first completing discovery so that the Liquidation Trustee can "put up or shut up" at the summary judgment stage of this Adversary Proceeding.  *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir.2006).

26.     Further, stating that the limited partnership agreement is "undisputedly authentic" and is "integral to the complaint," as Dunaway does here, does not make it so. Pension Ben. Guar. Corp. v. White Consol. Ind., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that court "may consider 'an undisputedly authentic document' that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). Dunaway does not explain how the CWCDP partnership agreement is "undisputedly authentic," and he does not point to any allegations in the Amended Complaint specifically relying upon the CWCDP partnership agreement. These failures are fatal to his burden of showing that the Liquidation Trustee has failed to state a claim.

27.    If, however, the Court considers the CWCDP partnership agreement (or any of the other documents attached to the Opening Brief), Dunaway's motion to dismiss converts to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). That motion fails as well, because there are genuine issues of material fact. Dunaway contends he owes no fiduciary duties, because the CWCDP partnership agreement contains a provision purporting to waive them. A careful review of the partnership agreement, however, reveals that the waiver contained in Section 10.01(b) extends only to the Partners, the Partners Affiliates, and the General Partner. Dunaway does not point to anything to support the assertion that the purported waiver of fiduciary duties extends to him personally. He does not contend he is a Partner, a Partner Affiliate, or the General Partner. He is not listed on Exhibit A to the CWCDP partnership agreement. As a result, Dunaway's waiver argument fails.

28.    There has been no discovery taken in the Adversary Proceeding. Converting Dunaway's motion to dismiss into a summary judgment motion by considering the documents he attaches to the Opening Brief places the Liquidation

Trustee at a disadvantage because, at this early stage, he cannot "put up or shut up."

<u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir.2006).

29.    Because Dunaway has not established that the Liquidation Trustee failed to state claims against him, the Motion should be denied.

**B.    Dunaway does not carry his burden of showing that the Liquidation Trustee insufficiently pled the fraud claims against Dunaway.**

30.    Dunaway next contends that all claims (not just the fraud claims) in the Amended Complaint should be dismissed because they are not pled with particularity as required by Federal Rule of Civil Procedure 9(b), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7009.  <u>See</u> Opening Brief, at 20-29.

31.    "The Third Circuit courts take a 'lenient' approach to the application of Rule 9(b)."  <u>End of the Road Trust on Behalf of Fruehauf Trailer Corp. v. Terex Corp. (In re Fruehauf Trailer Corp.)</u>, 250 B.R. 168, 197-98 (D. Del. 2000).  Furthermore, the "Rule 9(b) heightened pleading requirement generally does not apply to the state law claims of breach of fiduciary duty, mismanagement…."  <u>Id</u>. at 197-98.  Indeed, "courts should be sensitive to the fact that application of [Rule 9(b)] prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud."  <u>Id</u>. at 198.[6]

32.    The Court should be lenient here as well.  Counts IV and V refer back to the detailed Actions and Concealing Actions (defined terms in the Amended Complaint), as well as other actions, performed by Dunaway and others.  For example, the Liquidation Trustee alleges that Dunaway diverted, misused, and/or commingled funds

---

[6] This is an issue that has arisen in a related adversary proceeding involving this defendant.  <u>See</u> Adv. Pro. No. 17-50651, D.I. 8, 10, 11.

from the Debtors to pay for personal and other expenses.  <u>See</u> Amended Complaint, ¶¶ 28, 42-43.  These acts are sufficiently precise and substantive to survive a motion to dismiss pursuant to 12(b) (6).  <u>Id</u>. at 198.  This is not the situation highlighted by Dunaway where the Liquidation Trustee "merely lumped" all defendants together and asserted allegations against all of them.  <u>See</u> Opening Brief, at 22.  The Liquidation Trustee used defined terms to easily identify the defendants and the acts perpetrated by them.  To do otherwise would constitute putting form over substance.

33.    Dunaway also claims that the fraudulent transfer claims brought pursuant to 11 U.S.C. § 548 must be pled with particularity, relying on <u>Miller v. Elway Co. (In re Elrod Holdings Corp.)</u>, 421 B.R. 700 (Bankr. D. Del. 2010). This case is inapposite.  The Court was faced with motions for summary judgment (not motions to dismiss) filed after the parties engaged in discovery.  The Court relied upon evidence produced during discovery and introduced into the record to find that the Trustee's actual and constructive fraud claims failed and, therefore, granted summary judgment in favor of the defendants. <u>Id</u>. at 710-14.

34.    Should the Court find, however, that the fraud allegations regarding the Actions, Concealing Actions, and the other acts identified in the Amended Complaint are insufficiently pled, the Liquidation Trustee respectfully requests leave to amend.

35.     Because Dunaway has not established that the Liquidation Trustee failed to state claims against them, the Motion to Dismiss should be denied.

C.    **Dunaway's Arguments Regarding the Allegations of "Depressed Value" of the Dahl Lease do not Satisfy his Burden of Showing that the Liquidation Trustee has failed to State a Claim.**

36.    Dunaway contends that the Liquidation Trustee's allegation regarding the depressed value of the Dahl Lease is contradicted by Debtors' representations and the Sale Order and states that the Liquidation Trustee is estopped from saying otherwise.  See Opening Brief, at 29-33.[7]

37.    At a motion to dismiss stage, the Court is required to take all well-pled facts as true.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Defendant cannot contest the plaintiff's factual allegations.  Hartig Drug Co. Inc. v. Senju Pharmaceutical Co. Ltd., 836 F.3d 261, 272, n. 14 (3d Cir. 2016).

38.    Dunaway claims that the Liquidation Trustee is bound by certain of Debtors' statements made in the Main Case and is, therefore, estopped from asserting claims or taking positions inconsistent with those taken by the Debtors.  See Opening Brief, at 31-33.  Dunaway relies on facts and documents not part of the record in the Adversary Proceeding and, as such, turns his motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure Rule 12(d), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012.

39.    The Court should exercise its discretion and ignore these materials.  Morrison v. Lindsey Lawn & Garden, 2014 WL 831019, at *3 (E.D. Pa. March 4, 2014); Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232 (11th Cir. 2010).  The Court should first focus on the facts alleged in the Amended Complaint regarding the Dahl

---

[7] Issues raised by Dunaway here are similar to those briefed previously by certain parties to the Adversary Proceeding.  See Adv. D.I. 83, at 5-6; Adv. D.I. 93, at 6-10.  The Liquidation Trustee relies upon the positions espoused in its objection.  See Adv. D.I. 93, at 6-10.

lease.  See D.I. 121, ¶¶ 51-70.  The Court should then shift its focus to Dunaway's

Opening Brief to see whether, without relying on the extraneous materials, he has carried

his burden to show that the Liquidation Trustee has failed to state a claim.  The Court

should find that Dunaway's brief is devoid of explanation regarding how the Liquidation

Trustee has failed to state a claim.  Therefore, Dunaway's Motion must fail.

40.     However, should the Court consider the extraneous materials, it should

still find that Dunaway has failed to carry his burden.  He contends that the Debtors did

not suffer any damages as a result of the Dahl lease transfer, relying on certain statements

and events that occurred in the Main Case.  See Opening Brief, at 31-33.  He cites no

authority for the proposition that two different parties in two different cases are bound by

each other's statements or admissions, or that a party is estopped from taking a position

in its case that is different from a position espoused by a different party in a different

case.  Indeed, the cases cited by Dunaway limit themselves to admissions or inconsistent

positions made or taken by the same party.  See New Hampshire v. Maine, 532 U.S. 742,

745 (2001) (holding that "[b]cause New Hampshire, in the 1977 proceeding,  agreed

without reservation that the words "Middle of the River" mean the middle of the

Piscataqua River's main channel of navigation, we conclude that New Hampshire is

estopped from asserting now that the boundary runs along the Maine shore"); American

Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir. 1988) (while circuit court

noted that "statements of fact contained in a [party's trial] brief *may* be considered

admissions of [that] party in the discretion of the district court," the circuit court held that

the "district court did not abuse its discretion in refusing to treat the statement as a

binding judicial admission") (emphasis in original).  Dunaway also cites to Delaware

Supreme Court case law that holds that deal price is the best evidence of fair value.  <u>See</u>

Opening Brief, at 32.  Dunaway does not cite to any authority holding that the "deal

price" standard approved by the Supreme Court in an appraisal action applies to a

distressed sales process conducted pursuant to 11 U.S.C. § 363.

  41.  Without the statements or events relied upon by Dunaway regarding the

Dahl Lease, the Court should find that Dunaway's Motion fails.

**CONCLUSION**

  Dunaway's Motion should be denied.  For the reasons stated above, he has failed

to carry his burden of showing that the Liquidation Trustee has failed to state claims

against him.  Therefore, the Liquidation Trustee respectfully requests that the Court deny

the relief sought by Dunaway, and grant such other relief as is just.

Dated:  January 12, 2018

**SHAW FISHMAN GLANTZ
& TOWBIN LLC**

/s/ Johnna M. Darby
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com
E-mail: aguon@shawfishman.com

*Counsel to Gavin/Solmonese LLC,
Liquidation Trustee*