## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL WATFORD DISPOSAL | ) | Case No. 15-11323 (KJC) |
| PARTNERS, L.P. *et al.*,[1] | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| GAVIN SOLMONESE, LIQUIDATION | ) | |
| TRUSTEE FOR THE CITADEL | ) | |
| CREDITORS' GRANTOR TRUST, | ) | |
| Successor to Citadel Watford City | ) | |
| Disposal Partners, L.P., *et al.* | ) | |
| | ) | Adv. Pro. No. 17-50024 (KJC) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CITADEL ENERGY PARTNERS, LLC, *et al.* | ) | **[RE: DOCKET NO. 143, 144, 163]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY BRIEF IN RESPONSE TO THE OBJECTION OF THE LIQUIDATION TRUSTEE AND IN FURTHER SUPPORT OF
## MOTION OF MARK DUNAWAY TO DISMISS AMENDED COMPLAINT

**COOCH AND TAYLOR, P.A.**
Robert W. Pedigo (DE No. 4047)
R. Grant Dick, IV (DE No. 5123)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: 302.984.3800
Facsimile: 302.984.3939
rpedigo@coochtaylor.com
gdick@coochtaylor.com

*Counsel for Defendant Mark Dunaway*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is PO Box 2127, Watford City, North Dakota 58854.

# TABLE OF CONTENTS

UPDATED STAGE OF THE PROCEEDINGS ........................................................................ 1

RESPONSE TO THE OBJECTION AND ARGUMENT IN SUPPORT ................................... 1

I.     Standard Under Fed. R. Civ. P. 12(b)(6) ............................................................................. 1

II.    The Fiduciary Duty Claims Should be Dismissed Due to the CWCDP Partnership Agreement ........ 2

    A. The Court is Permitted to Use the CWCDP Partnership Agreement as Grounds for Dismissal ..... 3

    B. Excluding the CWCDP Partnership Agreement Under Rule 12(d) Provides
       Little Relief to the Liquidation Trustee ........................................................................ 4

    C. The Status of Dunaway vis a vis the CWCDP Partnership Agreement
       Has No Impact on Dismissal ......................................................................................... 5

    D. The Non-Citadel Watford Debtors ................................................................................ 7

III.   The Amended Complaint Fails to Plead with Requisite Particularity ................................. 7

    A. The Objection Does Not Address the Particularity Requirement for State Law Claims
       "Sounding in Fraud" ..................................................................................................... 8

    B. The Objection's Request for Leniency of Rule 9(b) Pleading Standards Ignores Pertinent
       Language in *Fruehauf* Requiring Some Form of Substantiation ................................ 8

    C. The Objection's One Example of "Precise" Pleading Fails in Its Intended Goal ............ 9

IV.    The Liquidation Trustee Cannot Dismiss the Entire History of the Bankruptcy Cases. .................. 11

    A. The Liquidation Trustee is Bound by the Acts and Filings of the Debtors .................... 11

    B. The Sale Order Explicitly Binds the Liquidation Trustee to its Terms ......................... 12

V.     The Liquidation Trustee Fails to Address How
       the Dahl Lease Constitutes A Fraudulent Transfer ....................................................... 13

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*ALA, Inc. v. CCAIR, Inc.*, 29 F. 3d. 855 (3d Cir. 1994) .................................................... 3

*Armstrong v. Norwest Bank, Minn., N.A. (In re Trout)*, 964 F.2d 797 (8th Cir. 1992) ............... 12

*Astropower Liquidating Trust v. Xantrex Tech., Inc. (In re Astropower, Inc.)*
335 B.R. 309 (Bankr.Del.2005) .................................................... 4

*Goodwin v. Elkins & Co.*, 730 F.2d 99 (3d Cir. 1984) .................................................... 3

*Hite Hedge LP v. El Paso Corp*, 2012 WL 4788658 (Del.Ch. 2012) ............................................. 4

*In re Conex*, 514 B.R. 405 (Bankr.Del. 2014) .................................................... 10

*In re DSI Renal Holdings, LLC*, 574 B.R. 446 (Bankr.Del. 2017) ................................................ 4

*In re DVI, Inc.* 2008 WL 4239120 (Bankr.Del. 2008) .................................................... 4

*In re Fruehauf Trailer Corp.*, 250 B.R. 168 (D.Del. 2000) ............................................. 2, 8, 9, 11

*In re ManagedStorage International, Inc.*, 2012 WL 5921723 (Bankr.Del. 2012) ................. 2, 12

*In re Midway Games Inc.*, 428 B.R. 303 (Bankr.Del. 2010) .................................................... 4

*In re Philadelphia Athletic Club, Inc.*, 17 B.R. 345 (Bankr.E.D.Pa. 1982) ........................... 12, 13

*In re Tower Air, Inc.* 416 F.3d 229 (3d Cir. 2005) .................................................... 4

*In re Westinghouse Sec. Litig.*, 90 F.3d 696 (3d Cir. 1996) .................................................... 9

*Indian Harbor Insurance Company v. Zucker*, 860 F.3d 373 (6th Cir. 2017) ............................ 13

*Malpiede v. Townson*, 780 A.2d 1075 (Del.Supr. 2001) .................................................... 5

*Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192 (1993) .................... 3

*Schafer v. Decision One Mortg. Corp.*, 2009 WL 1532048 (E.D.Pa. 2009) ................................ 2

*Travelers Indemnity Company et al v. Cephalon, Inc., et al.*,
2015 WL 4717929 (3d Cir. 2015) .................................................... 9

**Rules**

Del. Bankr. L.R. 7007-1 .................................................... 1

Fed. R. Civ. P. 12(b)(6) .................................................... 1

Fed. R. Civ. P. 56 .................................................... 3

Fed. R. Civ. P. 8 .................................................... 9, 11

Fed. R. Civ. P. 9(b) .................................................... 8, 9, 11, 12

Fed.R.Civ.P. 12(d) .................................................... 2

## UPDATED STAGE OF THE PROCEEDINGS

On December 6, 2017, Dunaway filed his motion to dismiss [Adv. D.I. 143] and brief in support thereof [Adv. D.I. 144] (collectively, the "Motion to Dismiss").[2]

Pursuant to Del. Bankr. L.R. 7007-1, the answering brief to the Dunaway Motion to Dismiss was due December 20, 2017.

On December 12, 2017, counsel to the Parties agreed that the response to the Motion to Dismiss would be due January 12, 2018. Replies, if needed or desired, would be due January 26, 2018.

On January 12, 2018, in lieu of a brief as set forth in Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidation Trustee filed his *Objection of Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, Successor to Citadel Watford City Disposal Partners, L.P., et al., to Defendant Mark Dunaway's Motion to Dismiss* (the "Objection").

## RESPONSE TO THE OBJECTION AND ARGUMENT IN SUPPORT

I.    **Standard Under Fed. R. Civ. P. 12(b)(6)**

In a motion to dismiss for failure to state a claim, submitted pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider (1) documents attached to or incorporated by reference into the complaint; (2) matters of public record; [and] (3) undisputably authentic documents upon which the claims are based.[3] *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 184 (D.Del. 2000). *See also*

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them as set forth in the Motion to Dismiss.

[3] The Objection, via footnote, objects to the fact that Dunaway "points to letters and recites facts based on them in an attempt to explain or ameliorate his actions or inaction" See Objection, ¶ 20, fn. 5. However, of the referenced facts averred or the documents referenced in the Motion to Dismiss, these documents are either specifically cited by the Amended Complaint itself (e.g. Motion to Dismiss: ¶¶ 9-12 (Coward Letter,

*Schafer v. Decision One Mortg. Corp.*, 2009 WL 1532048, at *3 (E.D.Pa. 2009). The Court may consider the effect of documents filed of record in a bankruptcy case. *In re ManagedStorage International, Inc.*, 2012 WL 5921723, *3 (Bankr.Del. 2012).

As such, the Court can, and should, take judicial notice of the filings in these Bankruptcy Cases. To do so is not controversial.

## II.    The Fiduciary Duty Claims Should be Dismissed Due to the CWCDP Partnership Agreement.

The Liquidation Trustee requests that this Court deny the dismissal of the fiduciary duty claims of Debtor Citadel Watford because the CWCDP Partnership Agreement is not part of the record and should be excluded under Fed.R.Civ.P. 12(d). *See Objection* ¶ 20-23. While not attached to the Amended Complaint, the Amended Complaint does reference the CWCDP Partnership Agreement (*See Am. Compl.* ¶ 41), albeit in an attempt to confer default fiduciary duties under the Delaware Limited Partnership Act.

The fiduciary duty claims as to Debtor Citadel Watford do not arise from the default provisions of the Delaware Limited Partnership Act as the fiduciary duty claims are based upon the terms of the CWCDP Partnership Agreement. A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.[4] *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192 (1993). Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied. *Id*. (citing *Goodwin v. Elkins*

---

referenced in the Amended Complaint at 49-50 and 59); ¶¶ 14-15 (Bridges Letter, referenced in the Amended Complaint at ¶ 61) or are filings by the Liquidation Trustee's predecessor-in-interest (e.g. Motion to Dismiss: ¶¶ 16, 19-20). The Court need not ignore the actual documents referenced merely because the Plaintiff chooses not to attach them, as discussed in Section II *infra*.

[4] The authenticity of the CWCDP Partnership Agreement is discussed in Section II(B) *infra*.

& *Co.*, 730 F.2d 99, 113 (3d Cir. 1984) (Becker, J., concurring,) in which a partnership agreement was attached to a motion to dismiss and appropriately considered.)

For that reason, and for the reasons set forth in the Motion to Dismiss and below, the Court should consider the CWCDP Partnership Agreement during this stage of the proceedings.

## A. The Court is Permitted to Use the CWCDP Partnership Agreement as Grounds for Dismissal.

As an initial matter, the bar to external documents is not as strict as the Liquidation Trustee alleges. In arguing that the inclusion of external documents converts the Motion to Dismiss to a motion for summary judgment under Fed. R. Civ. P. 56, the Liquidation Trustee is essentially arguing that affirmative defenses, such as waiver, cannot be litigated at the motion to dismiss stage.

The Movant acknowledges that Delaware's federal courts have been hesitant to *generally* apply affirmative defenses at the motion to dismiss stage; however, the ability of a court to dismiss when an affirmative defense appears on its face, and where no questions of fact exist, remains. *See e.g. ALA, Inc. v. CCAIR, Inc.*, 29 F. 3d. 855, 859 (3d Cir. 1994) (dismissal under the affirmative defense of statute of limitations); *In re DSI Renal Holdings, LLC*, 574 B.R. 446, 471 (Bankr.Del. 2017) ("plead[ing] around the business judgment rule"); *In re Tower Air, Inc.* 416 F.3d 229, 239 (3d Cir. 2005) (same)[5]; *In re Midway Games Inc.*, 428 B.R. 303, 317 (Bankr.Del. 2010)(where a complaint fails to implicate non-duty of care claims, the affirmative defense of exculpation can be grounds for dismissal); *cf. In re DVI, Inc.* 2008 WL 4239120, *3 (Bankr.Del. 2008) (citing *Astropower Liquidating Trust v. Xantrex Tech., Inc. (In re Astropower, Inc.)*, 335 B.R. 309, 334

---

[5] *Tower Air* is an interesting case as it is oft-cited for the proposition that affirmative defenses *generally* are not grounds for a motion to dismiss despite the fact that the court does use affirmative defenses under Delaware law to dismiss some claims for failure to state a claim. The Third Circuit in *Tower Air* declined to rule on the use of exculpatory provisions as it was raised for the first time in the appeal, but also repeated that affirmative defenses *generally* are not grounds for a motion to dismiss. Nonetheless, it is hardly the bar that it is often held out to be.

(Bankr.Del.2005) for the proposition that a "mere conduit" affirmative defense involving questions of fact is not grounds for dismissal).

Under Delaware law, a motion to dismiss can be granted on the basis of waivers in a partnership agreement. *See Hite Hedge LP v. El Paso Corp*, 2012 WL 4788658 (Del.Ch. 2012) (motion to dismiss granted for failure to state a claim granted on the basis of a partnership agreement with an explicit waiver of any fiduciary duties owed by the controlling and general partners.)

## B. Excluding the CWCDP Partnership Agreement Under Rule 12(d) Provides Little Relief to the Liquidation Trustee.

Even if the Bankruptcy Court decides that a) the CWCDP Partnership Agreement was not integral as a referenced document in the Amended Complaint, and b) affirmative defenses are not appropriately decided at the motion to dismiss stage, the Court need not require unfettered discovery to determine the issue of waiver. This would be a tremendous waste of resources for all parties when the issue can be resolved forthwith. By way of example, in *Malpiede v. Townson*, the Delaware Supreme Court considered whether the exculpation provisions of a corporate charter under Section 102(b)(7) of the Delaware General Corporation Law, similarly ever-present but not within the "four-corners" of the complaint, can be grounds for a motion to dismiss, and determined:

> Simply because a matter outside the pleading has been presented under Rule 12(b)(6) and thereby must be "treated as one for summary judgment" with "all parties ... given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56," it does not follow that the "floodgates of discovery" have to be opened. The Rule 56 opportunity to present affidavits or engage in discovery is not absolute. It is necessarily circumscribed by the discretion of the trial court in determining the scope of the "matters outside the pleading" that had been presented in connection with the Rule 12(b)(6) motion.

*Malpiede v. Townson*, 780 A.2d 1075, 1090-91 (Del.Supr. 2001).

Much like discovery on the exculpation provision under Section 102(b)(7), there seems to be little need for discovery on the authenticity of the CWCDP Partnership Agreement.

The Liquidation Trustee attempts to avoid the admission of the CWCDP Partnership Agreement by questioning the authentic nature of that document (without denying authenticity himself.) *See Objection*, ¶¶ 23, 26. However, the Debtors have already stipulated to the authenticity of a "Limited Partnership Agreement of Citadel Watford City Disposal Partners, L.P., dated 09-16-13" *See Joint Pre-Trial Memorandum Regarding the Motion of the United States Trustee's Motion for the Appointment of a Trustee, or in the Alternative for the Appointment of an Examiner or the Conversion of the Cases to Chapter 7* (the "Joint Pre-Trial Memorandum") [Bkr. Case D.I. 152-1, p. 34, #40].

To the extent that the Liquidation Trustee disputes the submitted CWCDP Partnership Agreement, the Liquidation Trustee could have simply proffered the previously authenticated partnership agreement. The Liquidation Trustee's failure to do so is telling.

### C.  The Status of Dunaway vis a vis the CWCDP Partnership Agreement Has No Impact on Dismissal.

The Liquidation Trustee also questions whether Dunaway satisfies the waiver provisions of the CWCDP Partnership Agreement due to the defined terms of the CWCDP Partnership Agreement. *Objection*, ¶ 27. The Liquidation Trustee can find no solace in such a tactic.

The Amended Complaint specifically alleges that Dunaway was a "managing partner and/or member and/or member of Citadel[.]" *Am. Compl.*, ¶ 12. Dunaway is repeatedly lumped into defined groups containing the word "Partner" and allegations abound that the Debtors were so completely controlled by the "Citadel Partners," that they were actually alter egos. *Am. Compl.*, ¶ 28. The Amended Complaint alleges that Dodson, Dunaway, Holoman, and Temple are equity owners of Citadel Energy Services, which is alleged to wholly-own the managing general partner of Citadel Watford. *Am. Compl.*, ¶ 35.

The entire basis of the Amended Complaint is that the Citadel Partners (the definition of which includes Dunaway) "controlled" or were a manager, member, or partner of, the Debtors, including Citadel Watford. Taking those allegations as true can only result in a waiver of the fiduciary duty claims as to Debtor Citadel Watford. Otherwise, the Liquidation Trustee has failed to plead facts alleging that fiduciary duties were even owed to the Citadel Watford debtor to begin with.

Dunaway does satisfy the requirements of the CWCDP Partnership Agreement as to the waiver/disclaimer of fiduciary duties:

> "**Affiliates**" as defined in the CWCDP Partnership Agreement is defined as "with respect to a specified Person, any other Person that directly, or indirectly through one or more intermediaries, Controls, is Controlled by, or is under common Control with, such specified Person." *CWCDP Partnership Agreement*, p. 2.

> "**Person**" is defined as "any individual, corporation, partnership, limited partnership, limited liability company, limited company, joint venture, trust, unincorporated or governmental organization or any agency or political subdivision thereof." *CWCDP Partnership Agreement*, p. 6.

> "**Control**" (including the terms "Controlled by" and "under common Control with") is defined as "the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, as trustee or executor, by contract or otherwise, including, without limitation, the ownership, directly or indirectly, of securities having the power to elect a majority of the board of directors or similar body governing the affairs of such Person. *CWCDP Partnership Agreement*, p. 3.

Thus, the Liquidation Trustee is stuck between a legal Scylla and Charybdis: If Dunaway does not satisfy the definition of "Partner" or "Affiliate", the Liquidation Trustee has pleaded no facts giving rise to fiduciary duties on the part of Citadel Watford; if Dunaway does qualify as a "Partner" or "Affiliate", no fiduciary duties were owed to Citadel Watford. The result, dismissal, is the same.

### D.  The Non-Citadel Watford Debtors.

In the Objection, the Liquidation Trustee raises the issue that the Motion to Dismiss focuses solely on the Citadel Watford debtor. First, the investor-related fraud claims as set forth in the Amended Complaint are direct claims belonging to the investors. The Liquidation Trustee has not alleged how the Debtors suffered damages by any alleged misrepresentations made in raising funds through the investors. Nor has the Liquidation Trustee alleged how the Debtors suffered damages by any misrepresentations to the investors during the course of Citadel Watford's operation.[6] Second, the breach of fiduciary duty claims related to the rights of the investors can exist solely within the corporate entity with investors, debtor Citadel Watford.[7] Those fiduciary duty claims of Citadel Watford, to the extent they arose in the first place, have been waived.

Dunaway is not seeking the fiduciary duty claims that might be alleged as to the non-Citadel Watford Debtors be dismissed at this stage. Such a stance does not prohibit the Court from dismissing the claims relating to fiduciary duties allegedly owed to Debtor Citadel Watford, as well as fraud claims that can only be directly asserted by the "investors." Dunaway acknowledges this distinction in the Motion to Dismiss.[8]

### III.    The Amended Complaint Fails to Plead with Requisite Particularity.

In the Objection, the Liquidation Trustee cites only to *In re Fruehauf Trailer Corp.* in support of his position that the Amended Complaint is pled with requisite particularity. The Liquidation Trustee's analysis of this single case misses the mark in several ways.

---

[6] See Motion to Dismiss, p. 25.
[7] See Motion to Dismiss, pp. 18-20.
[8] See Motion to Dismiss, p. 20, fn. 11.

**A. The Objection Does Not Address the Particularity Requirement for State Law Claims "Sounding in Fraud."**

While it is true that Fed. R. Civ. P. 9(b) heightened particularity is not required, *generally*, to the state law claims of breach of fiduciary duty, mismanagement, etc., that is not what the Motion to Dismiss contends. The Liquidation Trustee makes no attempt to counter the law in the Third Circuit that in instances where fraud is not a necessary element of a claim, but the claims do "sound in fraud," the claims must be pled with particularity under Rule 9(b). *See Motion to Dismiss*, Section IV, p. 28-29 (citing *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996) and *Travelers Indemnity Company et al v. Cephalon, Inc., et al.*, 2015 WL 4717929, fn. 3 (3d Cir. 2015)). The court in *Fruehauf* acknowledges this distinction, ruling in that case that the fraud underlying the state law claims did meet Rule 9(b) particularity. *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 198 (D.Del. 2000). All claims of the Amended Complaint sound in fraud and therefore must be plead with particularity, notwithstanding the general standard on state law claims that only Fed. R. Civ. P. 8 applies. *See Motion to Dismiss*, pp. 28-29. In his Objection, the Liquidation Trustee makes no attempt to show that the state law claims do not "sound in fraud" and indeed he cannot make such a showing. *See Motion to Dismiss*, pp 28- 29.

**B. The Objection's Request for Leniency of Rule 9(b) Pleading Standards Ignores Pertinent Language in *Fruehauf* Requiring Some Form of Substantiation.**

The court in *Fruehauf* does not limit the Rule 9(b) requirements to the extent that the Liquidation Trustee asserts. The Liquidation Trustee omits the *Fruehauf* court's requirement that if the date, place, or time is not alleged, an alternative means of injecting precision and some measure of substantiation into the allegations of fraud must be made. *In re Fruehauf*, 250 B.R. at 198. Furthermore, the complaint in *Fruehauf*, unlike the Amended Complaint at issue here, was shown in the opinion to go into extensive and specific detail as to the substantiation of fraud. As

discussed below, no such alternative means of precision or substantiation exist in the Amended Complaint.

**C. The Objection's One Example of "Precise" Pleading Fails in Its Intended Goal.**

Even the one example of precise pleading provided in the Objection fails in its objective. In the Objection, the Liquidation Trustee states that the Amended Complaint contains allegations that Dunaway "diverted, misused, and/or commingled funds from the Debtors to pay for personal and other expenses" satisfies Rule 9(b) as "sufficiently precise[.]" *Objection*, ¶32 (citing *Am. Compl.* ¶¶ 28, 42-43). This is not the case. These allegations are not against Dunaway specifically, but various defendants lumped together. Not once is there a specific allegation against Dunaway. As explained in the Motion to Dismiss liability is personal and each defendant is entitled to know what he or she did that is asserted to be wrongful. *See Motion to Dismiss*, p. 22 (citing *In re Conex*, 514 B.R. 405, 413-14 (Bankr.Del. 2014.) The Objection makes no effort to counter this requirement.

The Court should note that on October 9, 2015, over a year prior to the filing of the Amended Complaint, the Chief-Restructuring-Officer-cum-Liquidation-Trustee filed a status report (the "Status Report") to advise the Court as to the status of various issues related to these Bankruptcy Cases, including the status of the forensic audit of the Debtors' books and records [Bankr. D.I. 45.] In the Status Report, the Gavin/Solmonese represents that:

> [Gavin/Solmonese] has analyzed the data set constructed and have identified cash inflows from investors, movements of cash between the entities, and significant outflows of cash to vendors, consultants, employees, and to management (in particular, to Stanton Dodson)

*Status Report*.

By the time the Gavin/Solmonese filed its Status Report, the Debtors and CRO had obtained or identified:

    a.  The Debtors' accounting records via Quickbooks;

    b.  Transactions reported on the bank statements in the Debtors' possession;

    c.  Financial transaction information from the bank statement records of non-Debtors Bakken Water Depot, Citadel H20, Fort Berthold Water Partners, Great Dakota Energy, and H20 Partners;

    d.  Most of the bank statements for 2014 and 2015 and were awaiting delivery of a complete set of statements for the missing periods from JP Morgan Chase, the primary financial institution involved during the pre-2014 timeframe; and

    e.  Cash inflows from investors, movements of cash between the entities, and significant outflows of cash to vendors, consultants, employees, and to management (in particular, to Stanton Dodson)

*Status Report*, ¶¶ 8-10.

That is not to say that the Liquidation Trustee is required to plead his entire case *in toto* through the Amended Complaint. Surely, the forensic audit provided "some measure of substantiation" that would allow the Liquidation Trustee to satisfy Rule 9(b). *See In re Fruehauf*, 250 B.R. at 198. Otherwise, the Liquidation Trustee seems to suggest that the forensic audit revealed no specifics against Dunaway as to the allegations in the Amended Complaint that would more appropriately place Dunaway on notice of what exactly is being claimed.

The Amended Complaint does not specify any actions, whether under the described Actions or Concealing Actions, specifically taken by Dunaway and all allegations are impermissibly lumped into groups of defendants. This violates the pleading requirements of Rule 8 and Rule 9(b) as discussed in the Motion to Dismiss, pp. 21-22. This type on broad pleading of fraud is the exact type that is impermissible, denying Dunaway's right to be placed on notice of the precise misconduct with which he is being charged, and to safeguard Dunaway against spurious charges of fraudulent behavior.

The courts in the case law cited in the Motion to Dismiss, unaddressed in the Objection, did not find it to be "form over substance" in requiring that allegations and liability be personal and specific to each defendant. This Court should not find as much either.

Accordingly, the Amended Complaint fails to plead with particularity under Rule 9(b) as it neither provides substantiation nor pleads liability personally as to Dunaway.

**IV.    The Liquidation Trustee Cannot Dismiss the Entire History of the Bankruptcy Cases.**

**A.  The Liquidation Trustee is Bound by the Acts and Filings of the Debtors in the Bankruptcy Cases.**

In the Objection, the Liquidation Trustee asserts that the Movant "cites no authority for the proposition that two different parties in two different cases are bound by each other's statements or admissions, or that a party is estopped from taking a position in its case that is different from a position espoused by a different party in a different case." *Objection*, ¶ 40. This is a red herring (at best.) The rights and powers of the Liquidation Trustee arise solely from the rights of the Debtors and Debtors-in-Possession unless otherwise modified by the Plan. As the Debtors in these Chapter 11 cases benefitted from and are bound by the various and presumably truthful representations, so too must the Liquidation Trustee and the Grantor Trust be bound as successor-in-interest to the Debtors, and the Debtors' rights and assets, as set forth in the Plan.

It is axiomatic that a trustee is bound by the acts of the debtor-in-possession. *See In re ManagedStorage International, Inc.*, 2012 WL 5921723, *4 (Bankr.Del. 2012) (citing *Armstrong v. Norwest Bank, Minn., N.A. (In re Trout)*, 964 F.2d 797, 801 (8th Cir. 1992) and *In re Philadelphia Athletic Club, Inc.*, 17 B.R. 345, 347 (Bankr.E.D.Pa. 1982)). A Trustee is a successor to the debtor-in-possession and is, in general, bound by the terms of any contract executed by the debtor while it was the debtor in possession. *In re Philadelphia Athletic Club, Inc.*, 17 B.R. at 347.

The creation of the Citadel Creditors' Grantor Trust ("Grantor Trust") does not create a "different party" in any meaningful way as suggested in the Objection. *See Objection*, ¶ 40. The Grantor Trust is merely successor-in-interest to the Debtors.

As set forth in the *Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditor* (the "Plan"), the Liquidation Trust Assets includes the Causes of Action, as defined in the Plan. Via the Liquidation Trust Agreement, the Debtors irrevocably and absolutely transferred Liquidation Trust Assets, including the Causes of Actions, to the Liquidation Trustee in trust. The Liquidation Trustee is explicitly stated as the successor-in-interest to the Debtors with respect to the Liquidation Trust Assets, including any Avoidance Actions or other Causes of Actions.

The assets voluntarily assigned by the Debtors to the Grantor Trust remain subject to all rights of the Debtors, but also the same defenses. *See Indian Harbor Insurance Company v. Zucker*, 860 F.3d 373, 378 (6th Cir. 2017). The Debtors sought and obtained the Sale Order, and the Liquidation Trustee remains bounds by it. The same should apply to all representations of Debtors in these Bankruptcy Cases.

**B.  The Sale Order Explicitly Binds the Liquidation Trustee to its Terms.**

Even if the Liquidation Trustee was not automatically bound by the Debtors' acts and representations in the Bankruptcy Cases, the Liquidation Trustee, as a trustee appointed in these Bankruptcy Cases, is explicitly bound by the Sale Order.

As stated in the Motion to Dismiss, the Sale Order provided that the Purchase Price, as defined in the Sale Order, represents a fair and reasonable offer to purchase the Assets under the circumstances of the Chapter 11 case, and constitutes adequate and reasonably equivalent value for the Assets. *Sale Order*, ¶ H. The Sale Order also ordered that:

The sale of the Assets and the consideration provided under the Asset Purchase Agreement, including the Credit Bid Amount, are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonable equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

*Sale Order*, ¶ 4.

> **The Sale Order is binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors (whether known or unknown), any holders of Interests in the Assets, the Purchaser, all successors and assigns of the Purchaser, the Assets and any trustees subsequently appointed in the Debtors' Chapter 11 cases or upon a conversion to Chapter 7 under the Bankruptcy Code of any of the Debtors' cases.**

*Sale Order*, ¶ 6 (emphasis added.)

The Sale Order is binding on the Liquidation Trustee and should be appropriately considered by the Court as a document of record. As such, the Liquidation Trustee is estopped from arguing that the sale and assignment of the Dahl Lease was not "adequate and reasonably equivalent value" for the Assets, which included the Dahl Lease.

The Amended Complaint asserts claims that belong, or belonged, to the Debtors. The Liquidation Trustee cannot simply ignore everything that occurred prior to his appointment, most of which occurred whilst he was wearing the hat of Chief Restructuring Officer of the Debtors themselves. The Liquidation Trustee, as successor-in-interest to the Debtors, is bound by the actions and representations of the Debtors in the Bankruptcy Cases.

## V.    The Liquidation Trustee Fails to Address How the Dahl Lease Constitutes A Fraudulent Transfer.

The Liquidation Trustee did not counter, or address, the fact that the Dahl Lease remained in the Debtors' estates and cannot therefore constitute a fraudulent transfer as set forth in Count VI of the Amended Complaint. As such, the Court should order the dismissal of claims relating to the Dahl Lease as set forth in Count VI.

## <u>CONCLUSION</u>

For the reasons set forth above and in the Opening Brief in Support of the Motion to Dismiss, Mark Dunaway respectfully requests that this Court grant the Motion to Dismiss and any other relief the Court deems fair and just.

**COOCH AND TAYLOR, P.A.**

      */s/ R. Grant Dick IV*
Robert W. Pedigo (DE No. 4047)
R. Grant Dick, IV (DE No. 5123)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: 302.984.3800
Facsimile: 302.984.3939
rpedigo@coochtaylor.com
gdick@coochtaylor.com

*Counsel for Defendant Mark Dunaway*