## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | Case No. 15-11323 (KJC) |
| Debtors. | |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 17-50024 (KJC) |
| Citadel Energy Partners, LLC, et al., | |
| Defendants. | |

### OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT LOUIS BRIDGES

### GENERAL OBJECTIONS

1)      Defendant objects to Plaintiffs' Instructions and Definitions in so far as they attempt to create a discovery obligation for the Defendant that exceeds that required by the Federal Rules of Civil Procedure.

2)      Defendant objects generally to these discovery requests to the extent that they are not relevant to the Plaintiff's claims or any defense being asserted to those claims, are out of proportion to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).  The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

relative resources, the importance of the discovery in resolving the issues and to the extent the burden and expense of the proposed discovery outweighs its likely benefit.

3)      Defendant objects to these discovery requests to the extent that they are unreasonably cumulative and duplicative, seek information previously provided to the plaintiff by the defendant, and/or seek information that could be obtained from another source more conveniently, with less burden and/or expense.

4)      Defendant objects to these discovery requests to the extent that they seek documents or other tangible things prepared in anticipation of litigation or for trial by the defendant or his/its counsel, consultants or insurers.

5)      Defendant objects to these discovery requests to the extent they seek information regarding experts, including the experts' identities, or facts known or opinions held by such experts who have been retained in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial.  Defendant also objects to these discovery requests to the extent they seek information beyond that required to be provided by F.R.C.P. 26(b)(4).

6)      Defendant objects to these discovery requests to the extent that they seek information protected by attorney-client privilege.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Identify all witnesses, including expert witnesses, that Defendant intends to call at trial in

the Adversary Proceeding and for each such witness, provide and identify (i) a summary

of the testimony each witness is expected to provide; (ii) any report or statement that such

witness prepared; (iii) the facts upon which the testimony of each witness will be based;

(iv) any document(s) each witness authored on the subject matter at issue in this case; (v)

any document(s) each witness received on the matters at issue in this case; (vi) any

document(s) each witness reviewed in preparation for the testimony the witness is expected

to provide; (vii) any document(s) on which each witness will rely as part of the testimony

the witness is expected to provide; (viii) any document(s) reviewed and/or relied upon by

the witness for any report or statement that the witness prepared; and (ix) the present

2

business or home address, present employer, and telephone number for each such witness.

**ANSWER:    See General Objections 2, 3, 4, 5 and 6.  Without waiving these objections, Defendant refers to its Rule 26 Initial Disclosures and the documents previously provided in this matter.  Trial witnesses will be identified in the pre-trial stipulation.**

**INTERROGATORY NO. 2:**

Identify any individual whom Defendant does not intend to call as a witness who has knowledge of the facts, claims, and/or any defenses, affirmative or otherwise, asserted by You in the Adversary Proceeding, and provide the present business or home address, present employer, and telephone number for each such individual.

**ANSWER:    See response to Interrogatory No. 1.**

**INTERROGATORY NO. 3:**

Identify all persons with knowledge regarding the facts alleged and claims asserted in the Amended Complaint, and/or any defenses, affirmative or otherwise, asserted by Defendant in its Answer, including but not limited to all persons who participated in answering these Discovery Requests, and all persons who were otherwise consulted in the preparation of answers to the Discovery Requests, and provide the present business or home address, present employer, and telephone number for each such person.

**ANSWER:    See response to Interrogatory No. 1. By way of further response and without waiver of the objections referred to above:**

**Stanton Dodson (Present address unknown)**

3

**Mark Dunaway (Present address unknown)**

**Christopher Nicholas, 1221 Upper Happy Valley Road, Lafayette,**

**California 94549-2724**

**INTERROGATORY NO. 4:**

For each fact alleged in the Amended Complaint that Defendant denied in his Answer, separately identify all facts You contend evidence or support the denial, separately indexed by paragraph number, and identify all documents related thereto.

**ANSWER**:    **See General Objections 2 and 4.  In addition, defendant objects to this interrogatory to the extent it seeks to shift the burden of proof to the Defendant. Without waiving these objections see Defendant's Answer to the Complaint.  By way of further response, see the Complaint in *Securities and Exchange Commission v. Joey Stanton Dodson*, United States District Court, Central District of California and Consent Judgment entered in that action.**

**INTERROGATORY NO. 5**:

For each and every defense, affirmative or otherwise, asserted by You in Your Answer filed in the Adversary Proceeding, separately identify all facts You contend evidence or support such defense, indexed by defense, and identify all documents related thereto.

**ANSWER**:    **See General Objections 2 and 4.   Without waiving these objections and by way of further response Defendant, who resides in Atlanta: (i) had no prior knowledge of the apparent embezzlement of funds by Stanton Dodson in Los Angeles: (ii) never had access to the financial accounts or information concerning the financial accounts of Citadel; (iii) has never seen any of the financial books and**

4

records of Citadel; (iv) never travelled to Los Angeles where the Citadel bank accounts and financial books and records apparently were maintained; (v) never received any ownership interest in Citadel; (vi) did not participate any alleged conspiracy; and (vii) did not participate in any of the alleged conspiratorial actions alleged in the Amended Complaint.  By way of further response, see the Complaint in *Securities and Exchange Commission v. Joey Stanton Dodson*, United States District Court, Central District of California and Consent Judgment entered in that action.

**INTERROGATORY NO. 6:**

Describe in detail all services rendered by You to any Debtor from 2012 through and including the present, separately indexed by Debtor, and identify all documents related thereto.

**ANSWER**: **Defendant: (i) assisted in the negotiation of a lease with Nathan Dahl for a storm water disposal site; (ii) assisted in finding a surveyor to survey the Dahl property; (iii) assisting in filing the forms for the saltwater disposal permit; (iv) assisted in filing registrations for companies; and (v) other minor administrative, non-managerial actions as requested by Mark Dunaway such as identifying potential local counsel in North Dakota, contacting title companies and other third party vendors. By way of further response see documents previously produced.**

**INTERROGATORY NO. 7:**

Describe in detail all services rendered by You to any entity related to any Debtor, including but not limited to Bakken Water Depot, LLC, separately indexed by entity, and identify all documents related thereto.

21088683v.1

**ANSWER**:  Defendant: (i) met with the Bureau of Indian Affairs once after one of the water sources on Elmo Fredericks land barred as a result of a complaint made by Mr. Fredericks; (ii) assisted in negotiating access to a separate well site when it was discovered the location of the well encroached on a neighbor's property; (iii) met with various members of the land owners, Fort Berthold tribal counsel and their legal counsel regarding the water well locations; (iv) assisted in negotiating settlement of a claim made against the company; and (v) other minor administrative, non-managerial actions as requested by Mark Dunaway.

**INTERROGATORY NO. 8:**

Identify all persons with knowledge regarding all services rendered by You to any Debtor from 2012 through and including the present and, as to each such person, provide (i) a summary of the knowledge possessed; (ii) any report or statement that such person prepared based on their knowledge; (iii) the facts upon which the person's knowledge is based; (iv) any document(s) reviewed and/or relied upon by the person which serve as the basis for that person's knowledge; and (v) the present business or home address, present employer, and telephone number for each such witness provide the present business or home address, present employer, and telephone number for each such person.

**ANSWER**: See General Objections 2 and 4.  Without waiving these objections,

**(a)**    **Stanton Dodson- present business address, present home address, present employer, and telephone number unknown;**

**(b)**    **Mark Dunaway-present business address unknown**

6

**Home Address: 1221 Upper Happy Valley Road, Lafayette,**

**California 94549-2724**

**Present employer unknown**

**Phone Number: (404) 261-6585**

(c)    **Christopher Nicholas: present business address, present home address,**

**present employer, and telephone number unknown**

**Defendant believes each of the above-parties have knowledge of the services outlined above; Christopher Nicholas' knowledge likely would be limited to the time period he worked for Citadel, which Defendant believes was sometime after 2012.  Defendant knows of no responsive report or statement any such person prepared. Defendant does not know the facts upon which such persons' knowledge is based.  Defendant does not know of any document(s) reviewed and/or relied upon by any of these persons which serve as the basis for that person's knowledge; and except as provided above, Defendant does not know the present business or home address, present employer, or telephone number for each such witness.**

**INTERROGATORY NO. 9:**

Identify all persons with knowledge regarding all services rendered by You to any entity related to any Debtor from 2012 through and including the present and, as to each such person, provide (i) a summary of the knowledge possessed; (ii) any report or statement that such person prepared based on their knowledge; (iii) the facts upon which the person's knowledge is based; (iv) any document(s) reviewed and/or relied upon by the person which serve as the basis for that person's knowledge; and (v) the present business or home

address, present employer, and telephone number for each such witness provide the present business or home address, present employer, and telephone number for each such person.

**ANSWER**: **See General Objections 2 and 4.  Without waiving these objections** s**ee response to Interrogatory No. 8.**

**INTERROGATORY NO. 10:**

Identify all contracts, agreements, retention letters, and engagement letters, including but not limited to all supplements and amendments, between one or more of the Debtors and Defendant that were executed in 2012 through and including the present, and identify all documents relating thereto.

**ANSWER**: **Defendant knows of no such documents.**

**INTERROGATORY NO. 11:**

Identify all contracts, agreements, retention letters, and engagement letters, including but not limited to all supplements and amendments, between one or more entity related to any Debtor and Defendant that were executed in 2012 through and including the present, and identify all documents relating thereto.

**ANSWER**:    **See General Objections 2 and 3.    Without waiving these objections, Defendant knows of no such documents.**

**INTERROGATORY NO. 12:**

Identify each Debtors' account over which you had authority, including but not limited to the authority to transfer funds from a Debtor's account, and for each such account, describe

8

in detail each exercise of authority by You from 2012 through and including the present, separately index by account, and identify all documents related thereto.

      **ANSWER**: **None.**


**INTERROGATORY NO. 13**:

Describe in detail Your involvement or dealings with the Carlyle Group and/or its affiliates, including but not limited to Your involvement with a potential transaction between any Debtor and the Carlyle Group and/or its affiliates, and identify all documents related thereto.

      **ANSWER**: **See General Objections 2 and 4.  Without waiving these objections, Defendant had no dealings with the Carlyle Group or any entity which Defendant knew to be an affiliate of the Carlyle Group, and provided no services to or for the Carlyle Group.**


**INTERROGATORY NO. 14**:

Identify all persons Defendant has consulted as an expert or potential expert about any aspect of this case, and for each such person, identify the substance of such consultation, all documents provided to such person, all documents produced or transmitted by such person (including but not limited to drafts), and all conclusions reached by (including but not limited to any reports or statements prepared by) such person with respect to the issues upon which the consultation occurred.

      **ANSWER**:    **See General Objection 5.**


**INTERROGATORY NO. 15**:

Identify all entities controlled or managed by You that maintained an ownership interest in a Debtor, separately index by Debtor, and identify all documents related thereto.

      **ANSWER**:  **None.**


## INTERROGATORY NO. 16:

Identify all entities controlled or managed by You that maintained an ownership interest in any entity related to any Debtor, including but not limited to Citadel Management Services, LLC, separately indexed by entity, and identify all documents related thereto.

      **ANSWER**: **See General Objections 2 and 4.  Without waiving these objections, none.**


## INTERROGATORY NO. 17:

Describe in detail all services rendered by You to any other Defendant in this Adversary Proceeding from 2012 through and including the present, and identify all documents related thereto.

      **ANSWER**:  **Defendant filed papers necessary for the establishment of North Dakota Water Partners, LLC.**


## INTERROGATORY 18:

Identify all Documents relied upon by You to perform the services You rendered to any other Defendant in this Adversary Proceeding from 2012 through and including the present.

      **ANSWER**: **Forms provided on the Delaware Secretary of State's website.**

**INTERROGATORY NO. 19:**

Identify each person with whom Defendant has communicated seeking information that in any way relates to this Adversary Proceeding, and for each, describe in detail what information such person provided, when such information was provided, how such information was provided, and all documents relating thereto and, for each such person, provide the present business or home address, present employer, and telephone number.

**ANSWER**:    **See General Objections 2, 3, 4 and 6.  Without waiving these objections, none other than communication with counsel.**

**INTERROGATORY NO. 20:**

Describe in detail all facts regarding the transfer(s) of the lease between Nathan Dahl and Pembroke Fields, LLC, and identify all documents related thereto.

**ANSWER**:    **It is Defendant's understanding that with the landlord's knowledge and consent the lease was assigned in the Spring of 2015 to a new holding company to get it away from Dodson's control and then transferred back a few weeks later.**

**INTERROGATORY NO. 21:**

Describe in detail the role(s) played by co-Defendants as it relates to the allegations and/or claims asserted in the Amended Complaint, and identify all documents related thereto.

**ANSWER**:    **See General Objections 2 and 3.  Without waiving these objections, unknown to Defendant.**

11

**INTERROGATORY NO. 22:**

Describe in detail any communications by You to the management of any Debtor regarding transfers of Debtors' assets to third parties, including but not limited to Stanton Dodson, and identify all documents related thereto.

**ANSWER**:  **Defendant had no communication regarding the transfer of Debtor's assets to third parties other than the general understanding that Citadel was paying rent, paying contractors, paying for utilities and services, etc. related to the construction and operation of the saltwater disposal facility.**

**INTERROGATORY NO. 23**:

Describe in detail all facts in Your possession regarding the following entities, and identify all documents related thereto:  Duke Advisors Private Limited; Duke Aviation Engineering Pvt. Ltd.; Duke Corporation Ltd.; Duke Green Tech, LLC; Duke India Real Estate; Duke Equity, LP; Duke Equity Limited Company; Duke Equity Partners; Duke Industries; Family Care Clinic Pvt. Ltd.; Harig Crankshafts Ltd; Lime Chemicals Limited; Prince Avenue Media; Stokota India, Pvt. Ltd.; TacForce International Ltd.; United Interactive Limited; X-Labs Global; Autoline Industries Limited; and US Dataworks Inc.

**ANSWER**:  **See General Obejctions 2 and 3.  Without waiving these objections, none.**

**INTERROGATORY NO. 24:**

Describe in detail all facts in Your possession regarding the following entities, and identify all documents related thereto:  Calumet Industries of Georgia, LLC; Bakken Water Depot,

LLC; Cherry Creek Water, LLC; Cherry Creek SWD, LLC; Citadel Energy Holdings, LLC; and Citadel Management Services, LLC.

**ANSWER**:   **See General Obejctions 2 and 3.   Without waiving these objections, Calumet Industries of Georgia, LLC was the single member limited liability company Defendant used to hold his membership interest in Bakken Water Depot, LLC for which Defendant paid $100,000.00.  Bakken Water Depot, LLC was an entity established to take over freshwater permits to drill for water on the Fort Berthold Indian reservation and to then sell the water for use in fracking. Cherry Creek Water, LLC was set up to acquire permits to access fresh surface water and sell the water for use in fracking.  Cherry Creek SWD, LLC was a company organized in anticipation of building a separate saltwater disposal facility on property along Cherry Creek.  Defendant does not recall the circumstances or actual or planned purposes of Citadel Energy Holdings, LLC or Citadel Management Services, LLC**


**INTERROGATORY NO. 25:**

Describe in detail all facts in Your possession regarding any entity (not a Debtor) controlled or managed by Stanton Dodson, or any entity in which Stanton Dodson was involved, and identify all documents related thereto.

**ANSWER**:   **See General Objections 2 and 3.   Without waiving these objections, none.**


**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.    All documents (including but not limited to communications evidenced by

13

documents) that the Liquidation Trustee has requested that Defendant identify in any of Defendant's answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

2.      All documents (including but not limited to communications evidenced by documents) that Defendant has relied upon for or identified in its answers to the Interrogatories, separately indexed by interrogatory number.

**RESPONSE: See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

3.      To the extent that Defendant maintained or maintains a file in connection with one or more of the Debtors, that file and all documents therein as of the date the Amended Complaint was filed.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

4.      A complete copy of each invoice Defendant issued to one or more of the Debtors from 2012 until the date of service of Your responses to these Discovery Requests.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously**

**produced.**

5.     A complete copy of each invoice Defendant issued to any entity related to one or more of the Debtors by Defendant from 2012 until the date of service of Your responses to these Discovery Requests.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

6.     Any and all documents that support or relate to each of the invoices that You identified (or should have identified) in response to the foregoing requests, including but not limited to invoices from third-party vendors, or other advances billed to a Debtor.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6. Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

7.     All documents in Your possession as described in Your initial disclosures served on or about March 6, 2018.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

8.    All documents You intend to introduce at trial in this case, including but not limited to as exhibits, for rebuttal, for illustration purposes, or for any other reason.

**RESPONSE**:  **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.  Trial exhibits will be identified in the Pre-Trial Stipulation.**

9.    Except as produced in accordance with other requests, all documents Defendant contends support its (i) denial of any fact alleged in the Amended Complaint and/or (ii) defenses asserted by You in Your Answer to the Amended Complaint.

**RESPONSE**:  **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

10.    All communications to which Defendant or its agents was a party, relating to one or more of the Debtors or any of the facts alleged in the Amended Complaint from 2012 through and including the present.

**RESPONSE**:  **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

11.    All documents, including but not limited to the "written report" designated in Federal Rule of Civil Procedure 26(a)(2)(B), made applicable by Federal Rule of Bankruptcy Procedure 7026, evidencing any communications between You and any expert

16

whose testimony may be used at the trial of this matter or who has been retained or specially employed in preparation for the trial of this matter.

**RESPONSE**: **See General Objection 5.  Discoverable expert reports will be produced in accordance with the Court's Scheduling Order.**

12.     All documents in Your possession which evidence, relate to, or describe the financial condition, solvency, or ability to timely pay debts, of any Debtor from 2012 to the present.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

13.     To the extent that Defendant contends that the Liquidation Trustee or one or more of the Debtors has admitted, or made any statement against interest (as used in Federal Rules of Evidence 804(b)(3)) in connection with, any issue of fact in this case, all documents evidencing or relating to such admission or statement.

**RESPONSE**: **See General Objections 2, 3, 4, 5, and 6.  Without waiving these objections, any and all discoverable responsive documents have been previously produced.**

14.     An updated resume of any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**: **See General Objection 5.  Discoverable expert reports will be produced in accordance with the Court's Scheduling Order.**

15.     Any report(s) prepared by, and notes made by, any expert that Defendant has consulted (whether or not Defendant has chosen to hire such expert), intend to consult, and/or intend to produce to testify at any hearing in this Adversary Proceeding.

**RESPONSE**: **See General Objection 5.  Discoverable expert reports will be produced in accordance with the Court's Scheduling Order.**

16.     All documents regarding the Carlyle Group and/or its affiliates.

**RESPONSE: See General Objections 2 and 3.   Without waiving these objections, none.**

17.     All documents produced by You to the Securities and Exchange Commission regarding In re the Matter of Citadel Energy Services, LLC, File No. D-03533-A.

**RESPONSE**: **See documents previously produced in this action.**

## REQUESTS FOR ADMISSIONS

1.     Admit that You served as general counsel to the Debtors.

**RESPONSE**:  **Denied.**

2.     Admit that You were or are the manager of Calumet Industries of Georgia,

LLC.

 **RESPONSE**:  **Admitted.**

 3. Admit that You were or are the member or sole member of Calumet Industries of Georgia, LLC.

 **RESPONSE**:  **Admitted.**

 4. Admit that Calumet Industries of Georgia, LLC was a member of Pembroke Fields, LLC.

 **RESPONSE**:  **Denied.**

 5. Admit that Calumet Industries of Georgia, LLC was a member of Bakken Water Depot, LLC.

 **RESPONSE**:  **Admitted that Defendant invested $100,000 in   Bakken Water Depot, LLC through   Calumet Industries of Georgia, LLC .**

 6. Admit that Calumet Industries of Georgia, LLC was a member of Cherry Creek Water, LLC.

 **RESPONSE**:  **Denied.**

 7. Admit that Calumet Industries of Georgia, LLC was a member of Cherry Creek SWD, LLC.

 **RESPONSE**:  **Denied.**

8.    Admit that Calumet Industries of Georgia, LLC was a member of Citadel Energy Holdings, LLC.

**RESPONSE**:  **Denied.**

9.    Admit that Calumet Industries of Georgia, LLC was a member of Citadel Management Services, LLC.

**RESPONSE**:  **Denied.**

10.    Admit that You prepared documents transferring all assets of Pembroke Fields, LLC, including but not limited to the lease between Nathan Dahl and Pembroke Fields, LLC, to North Dakota Water Partners, LLC.

**RESPONSE**:  **Denied as stated.  Admitted that Defendant assisted in review such documents at the request of Mark Dunaway.**

11.    Admit that You prepared documents rescinding the transfer of all Pembroke Fields, LLC's assets, including but not limited to the lease between Nathan Dahl and Pembroke Fields, LLC, to North Dakota Water Partners, LLC.

**RESPONSE**:  **Denied.**

**WHITE AND WILLIAMS LLP**

/s/ *John D. Balaguer*

_____

John D. Balaguer (#2537)
Nicholas Wynn (Bar No. 5670)
White and Williams LLP
Courthouse Square
600 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302-467-4501
*Counsel for Louis Bridges*

Date: August 6, 2018

21088683v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | Case No. 15-11323 (KJC) |
| Debtors. | |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 17-50024 (KJC) |
| Citadel Energy Partners, LLC, et al., | |
| Defendants. | |

## VERIFICATION OF ANSWERS TO
## PLAINTIFF'S INTERROGATORIES

I, Louis E. Bridges, declare and state:

The foregoing ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT LOUIS BRIDGES in the above-captioned case, to the extent that they contain information supplied by me, are true and correct to the best of my knowledge.

Louis E. Bridges

Executed on ____8-2____, 2018.