# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., et al.,[1] | : : | |
| | : | Case No. 15-11323 (KJC) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| _____ | : | |
| | : | |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al., | : : : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 17-50024 (KJC) |
| | : | (Re: D.I. 236) |
| Citadel Energy Partners, LLC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION[2]

### BY:  KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the Motion to Dismiss Derivative Claims of the Amended Complaint (the "Motion") filed by defendant Mark Dunaway ("Dunaway").[3] Dunaway argues that the Liquidation Trustee does not have standing to assert the derivative fiduciary duty claims raised in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings. LLC (5266) and Citadel Watford City Disposal Partners, LP (1520) (the "Debtors").

[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. The Bankruptcy Court has the power to enter an order on a motion to dismiss even if the matter is non-core or it has no authority to enter a final order on the merits. *Burtch v. Owlstone, Inc. (In re Advance Nanotech, Inc.)*, 2014 WL 1320145, *2 (Bankr. D. Del. Apr. 2, 2014) (citing *In re Trinsum Grp., Inc.*, 467 B.R. 734, 739 (Bankr.S.D.N.Y.2012) ("After *Stern v. Marshall*, the ability of bankruptcy judges to enter interlocutory orders in proceedings . . . has been reaffirmed. . .")).

[3] D.I. 236.

the Amended Complaint. The Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., filed an objection to the Motion.[4] For the reasons set forth below, the Motion will be granted.

## BACKGROUND

The Debtors consist of four entities formed under the laws of different states: Citadel Watford City Disposal Partners, LP (Delaware), Citadel Energy SWD Holdings, LLC (North Dakota), Citadel Energy Services, LLC (Wyoming) and Pembroke Fields, LLC (North Dakota). On June 19, 2015 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions. On July 20, 2015, the Office of the United States Trustee ("OUST") filed its *Notice of Appointment of Creditors' Committee*. On May 6, 2016, the Debtors and The Official Committee of Unsecured Creditors (the "Committee") filed the *Joint Motion for Entry of an Order: (A) Granting the Official Committee of Unsecured Creditors Standing to Pursue Causes of Action Belonging to the Debtors' Estates and Arising Under Chapter 5 of the Bankruptcy Code; and (B) Approving Procedures and Authority Governing Settlement of Chapter 5 Causes of Action* (the "Standing Motion").[5] On June 21, 2016, the Court entered the Standing Order.[6]

On August 11, 2016, the Debtors filed their chapter 11 plan of liquidation (the "Plan").[7] The Plan was amended on December 16, 2016.[8] The Plan contemplated the creation of a liquidation trust to administer liquidation trust assets. On January 13, 2017, the Debtors filed the plan supplement, which included the Liquidation Trust Agreement, providing for the appointment of

---

[4] D.I. 246.
[5] D.I. 320.
[6] D.I. 351.
[7] D.I. 379.
[8] D.I. 473.

2

Gavin/Solmonese LLC as the liquidation trustee (the "Liquidation Trustee"). The Trust Agreement provides that:

> In accordance with the Plan, the Liquidation Trustee on behalf of the Liquidation Trust and for the benefit of the Liquidation Trust shall be authorized and empowered to pursue and prosecute, to settle, or to decline to pursue or abandon, the Causes of Action, including all pending adversary proceedings and contested matters involving Liquidation Trust Assets, whether or not such causes of action have been commenced prior to the Effective Date, and shall be substituted as the real party in interest in any such action, commenced by or against the Debtors, the Debtors estate or the Creditors' Committee. The Liquidation Trustee may settle, release, sell, assign, otherwise transfer or compromise such Causes of Action, in the Liquidation Trustee's business judgment, subject to the provisions of the Plan, without Bankruptcy Court Approval.

On February 6, 2017, the Committee commenced the Adversary Proceeding by filing a fourteen-count complaint (the "Complaint") against Dunaway and other defendants. The Plan was confirmed on February 23, 2017, and became effective on March 9, 2017 (the "Effective Date"). The Committee was automatically dissolved.

On April 17, 2017, the Liquidation Trustee filed a motion to amend the caption on various proceedings, including the Complaint (the "Caption Amendment Motion"). At the hearing, counsel to the Liquidation Trustee stated that the Caption Amendment Motion was "an administrative type motion" and "all we're seeking to do with this motion is to change the letters in the caption so it says liquidation trustee, where it currently says official committee of unsecured creditors or the debtor as the case may be. This is the sole effect of this motion."[9] The Court granted the requested relief.

The Complaint was amended on November 6, 2017 (the "Amended Complaint").[10] On December 6, 2017, Dunaway filed a motion to dismiss the Amended Complaint pursuant to Fed.

---

[9] Hearing Tr. 5/23/17, 5:13, 20-24.
[10] D.I. 121. The Amended Complaint states, "This is a derivative action brought by the Liquidation Trustee on behalf of Citadel Watford Disposal Partners, L.P., Citadel Energy SWD Holdings, LLC, Citadel Energy Services, LLC and Pembroke Fields." ¶ 1.

3

R. Civ. P. 12(b)(6).[11] The Liquidation Trustee filed its objection on January 12, 2018.[12] Dunaway filed his reply on January 19, 2018.[13] On December 17, 2018, this Court entered an order denying the Dunaway motion, but provided that the movants, including Dunaway, were granted leave to file motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for claims I-III no later than thirty days from the date of the Rule 12(b)(6) order.

## DISCUSSION

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction.[14] Standing is a jurisdictional matter; therefore, a motion to dismiss for want of standing is appropriate under Rule 12(b)(1).[15] "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack."[16] In a facial challenge attacking the sufficiency of the pleadings, the court is confined to the allegations of the complaint, and must accept them as true.[17] The court must consider the allegations in light most favorable to the plaintiff.[18] In a factual attack, the court may consider extraneous information to resolve factual issues concerning jurisdiction.[19] A factual attack requires that the court evaluate the merits of the disputed allegations bearing on jurisdiction.[20] The parties ask the Court to consider information extraneous to the Amended Complaint to resolve factual

---

[11] Adv. D.I. 143. Defendants Alastair Smith, Carl Coward and North Dakota Water Partners, LLC also filed a Motion to Dismiss the Amended Complaint, which was granted in part and denied in part by the Opinion and Order dated December 17, 2018. D.I. 226, 227. This Opinion only addresses the current Dunaway motion. Adv. D.I. 144.
[12] Adv. D.I. 163.
[13] Adv. D.I. 170.
[14] *In re AE Liquidation, Inc.*, 435 B.R. 894 (Bankr. D. Del. 2010) (citing Fed. R. Civ. P. 12(b)(1)).
[15] *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (citing *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007)).
[16] *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).
[17] *Id.*
[18] *Id.*
[19] *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997) (citations omitted).
[20] *AE Liquidation.*, 435 B.R. at 900.

4

issues. Therefore, this is a factual attack, and the presumption of truthfulness does not attach to the Amended Complaint.

Delaware subscribes to the internal affairs doctrine: a conflict of laws principle which dictates that internal affairs of a corporate entity are governed by the law of the state of formation or incorporation.[21] Under the internal affairs doctrine, the state laws of Delaware, North Dakota and Wyoming apply in determining the standing of creditors to bring derivative breach of fiduciary duty claims.

**I. Delaware Law**

The rules of statutory interpretation are well established. First, we must determine whether the statute is ambiguous.[22] If the statute is unambiguous, then the plain meaning of the statute controls.[23] The Delaware LP Act gives rise to the provisions at issue.

6 Del. C. § 17-1001, entitled "Right to Bring Action" states:

> A limited partner or an assignee of a partnership interest may bring an action in the Court of Chancery in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.[24]

6 Del. C. § 17-1002, entitled "Proper Plaintiff" states:

> In a derivative action, the plaintiff must be a partner or an assignee of a partnership interest <u>at the time of bringing the action</u> and:
> (1) At the time of the transaction of which the plaintiff complains; or
> (2) The plaintiff's status as a partner or an assignee of a partnership interest had devolved upon the plaintiff by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner or an assignee of a partnership interest at the time of the transaction.[25]

---

[21] *Xcell Energy & Coal Co., LLC v. Energy Inv. Grp, LLC*, 2014 WL 2964076 (Del. Ch. June 30, 2014).
[22] *Id.*
[23] *Id.*
[24] 6 Del. C. § 17-1001.
[25] 6 Del. C. § 17-1002 (emphasis added).

Section 17-1001 provides the right to bring an action, while § 17-1002 provides who may bring the action. Section 17-1002 is unambiguous on its face; therefore, the statute's plain language controls. The provision requires that a proper derivative action plaintiff "must be a partner or an assignee of a partnership interest."[26] Authority for derivative standing by creditors who are not partners or assignees of partnership interests is plainly missing from the statutory language. Under Delaware law, then, creditors of limited partnerships lack standing to sue derivatively on behalf of an LP.

The Delaware Limited Liability Company ("LLC") Act contains virtually identical standing provisions as the LP Act, except for substituting terms relevant to the entity, such as "member" for "partner" and "limited liability company" for "limited partnership."[27] This comes as no surprise, as the LLC Act was modeled on the Delaware LP Act.[28] While the LLCs in this case were not formed under Delaware law, Delaware LLC law is well developed on this issue and serves as persuasive authority.

Pursuant to 6 Del. C. § 18-1001, entitled "Right to Bring Action":

> A member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.[29]

Further, 6 Del. C. § 18-1002, entitled "Proper Plaintiff" states:

> In a derivative action, the plaintiff must be a member or an assignee of a limited liability company interest <u>at the time of bringing the action</u> and:
> (1) At the time of the transaction of which the plaintiff complains; or
> (2) the plaintiff's status as a member or an assignee of a limited liability company interest had devolved upon the plaintiff by operation of law or pursuant to the terms of a limited liability

---

[26] *Id.*
[27] *CML V, LLC v. Bax*, 6 A.3d 238, 245 (Del. Ch. 2010).
[28] *Id.* (citing *Elf Atochem North America., Inc. v. Jaffari*, 727 A.2d 286, 290 (Del. Ch. 1999)).
[29] 6 Del. C. § 18-1001.

company agreement from a person who was a member or an assignee of a limited liability company interest at the time of the transaction.[30]

My colleague, Judge Gross, recently interpreted 6 Del. C. § 18-1002 in *In re HH Liquidation*, and determined that under the plain language of the statute, the unsecured creditors committee had no standing to bring a breach of fiduciary duty claim.[31] The court stated that the committee was a collection of unsecured creditors, none of which had standing as creditors of a Delaware LLC to assert derivative claims on behalf of the LLC. The court also noted that distinguishing between insolvent corporations, where creditors can sue derivatively, and insolvent LLCs, where they cannot, does not produce an absurd result as different legal principles apply to different corporate entities.[32] The court emphasized that LLCs are creatures of maximum flexibility, and creditors are presumed to be capable of protecting themselves through the contractual agreements that govern their relationships.[33] Therefore, limiting a creditor's right to sue derivatively is in accord with the parties' bargained for rights and principles of freedom of contract.[34]

My colleague, Judge Sontchi, also confirmed creditors' lack of standing to bring a derivative action on behalf of an LLC in *In re PennySaver USA Publishing, LLC*.[35] The *PennySaver* court cited to *Bax*, dismissing a chapter 7 trustee's derivative claims for breach of fiduciary duties allegedly owed to a Delaware LLC.[36] The court noted possible confusion between Delaware's differing treatment of corporations and LLCs, but emphasized that the language of 6 Del. C. § 18-1002 is clear in requiring creditors to be members or assignees of an LLC membership interest to

---

[30] 6 Del. C. § 18-1002 (emphasis added).
[31] *In re HH Liquidation, LLC*, 590 B.R. 211, 283-85 (Bankr. D. Del. 2018).
[32] *Id.* (citing *Bax*, 6 A.3d at 249).
[33] *Id.*
[34] *Id.*
[35] 587 B.R. 445, 466-67 (Bankr. D. Del. 2018).
[36] *Id.*

have standing.[37] Both decisions hold that, under Delaware law, creditors of insolvent limited liability companies do not have standing to sue derivatively on behalf of the company. Given the similarity of the relevant statutory language of the Delaware Limited Liability Company Act to that of the Delaware LP Act, the result here should be no different for limited partnerships.

Debtor Citadel Watford City Disposal Partners, LP ("Citadel LP") is a limited partnership formed under Delaware law. At no time was the Committee a partner or an assignee of a partnership interest in Citadel LP, as required by 6 Del. C. § 17-1002. Accordingly, the Committee's derivative claims asserted against Dunaway on behalf of Citadel LP must be dismissed because the initial requirement of a partner or assignee interest set forth in 6 Del. C. § 17-1002 is not satisfied.

## II. North Dakota & Wyoming Law

Pursuant to the internal affairs doctrine, the Court must examine the law of formation for each state. The Debtors LLCs were formed in North Dakota and Wyoming.[38] Pursuant to section 10-32.1-34 of North Dakota's Uniform Limited Liability Company Act, entitled "Derivative Action":

> A member may maintain a derivative action to enforce a right of a limited liability company if:
> 1. The member first makes a demand on the other members in a member-managed or board-managed limited liability company, the managers of a manager-managed limited liability company, or the board of governors of a board-managed limited liability company requesting that they cause the company to bring an action to enforce the right, and the member, manager, or board does not bring the action within a reasonable time; or
> 2. A demand under subsection 1 would be futile.[39]

---

[37] *Id.*
[38] Citadel Energy SWD Holdings, LLC and Pembroke Fields, LLC were formed under North Dakota state law. Citadel Energy Services, LLC was formed under Wyoming state law.
[39] N.D. Cent. Code § 10-32.1-34.

8

Pursuant to section 10-32.1-35 of North Dakota's Uniform Limited Liability Company Act, entitled "Proper Plaintiff":

> 1. Except as otherwise provided in subsection 2, a derivative action under section 10-32.1-34 may be maintained <u>only by a person that is a member at the time the action is commenced</u> and remains a member while the action continues.
> 2. If the sole plaintiff in a derivative action dies while the action is pending, then the court may permit another member of the limited liability company to be substituted as plaintiff.[40]

Pursuant to section 17-29-902 of Wyoming Limited Liability Company Act, entitled "Derivative Action":

> (a) A member may maintain a derivative action to enforce a right of a limited liability company if:
> (i) The member first makes a demand on the other members in a member-managed limited liability company, or the managers of a manager-managed limited liability company, requesting that they cause the company to bring an action to enforce the right, and the managers or other members do not bring the action within a reasonable time; or
> (ii) A demand under paragraph (i) of this subsection would be futile.[41]

Pursuant to section 17-29-903 of Wyoming's Uniform Limited Liability Company Act, entitled "Proper Plaintiff":

> (a) Except as otherwise provided in subsection (b) of this section, a derivative action under W.S. 17-29-902 may be maintained <u>only by a person that is a member at the time the action is commenced</u> and remains a member while the action continues.
> (b) If the sole plaintiff in a derivative action dies while the action is pending, the court may permit another member of the limited liability company to be substituted as plaintiff.[42]

The Wyoming and North Dakota derivative statutes are substantially similar to that of Delaware, have been interpreted consistently with the Delaware decisions and limit derivative actions authorized by statute to members at the time an action is commenced. The Supreme Court

---

[40] N.D. Cent. Code § 10-32.1-35 (emphasis added).
[41] WY. Stat. § 17-29-902.
[42] WY. Stat. § 17-29-903 (emphasis added).

9

of Wyoming recently ruled on this issue in *Mantle v. North Star Energy & Construction LLC*, holding that an insolvent LLC's managers did not owe fiduciary duties to the LLC's creditors.[43] The court noted that the Wyoming Limited Liability Act shares some of the same features of the Delaware LLC Act, stating that an action "may be maintained only by a person that is a member at the time the action is commenced..."[44] The court also noted that the Colorado Supreme Court recently overturned a previous decision and declined to extend fiduciary duties to creditors of insolvent LLCs, regardless of standing.[45] While the court recognized that some courts have extended fiduciary duties to creditors of insolvent LLCs, the *Mantle* court found these cases unpersuasive.[46] The *Mantle* court cited the *Bax* decision at length, noting 6 Del. C. § 18-1001 and 6 Del. C. § 18-1002, and the plain language support for barring the creditors of an insolvent LLC from suing derivatively. Wyoming law explicitly does not extend fiduciary duties to that of an insolvent LLC's creditors.

While there are no cases addressing the North Dakota statute, the statute is sufficiently similar to the Delaware LLC Act and application of the *Bax* cases is appropriate. The statutes do not conflict in their application; therefore, the Court will follow the Delaware precedent. The statutes clearly disallow derivative standing for creditors of an LLC. At no time was the Committee

---

[43] 437 P.3d 758, 802-805 (Wyo. 2019).
[44] *Id.* (citing Section 17-29-903(a)).
[45] *Id.* (citing *Weinstein v. Colborne Foodbotics, LLC*, 302 P.3d 263 (Colo. 2013)). Colorado allowed fiduciary duties to extend to creditors of insolvent corporations in *Alexander v. Anstine*, 152 P.3d 497 (Colo. 2007), but *Weinstein* overruled a court of appeals decision that applied the *Alexander* standard to LLCs. *See Sheffield Servs. Co. Trowbridge*, 211 P.3d 714 (Colo. App. 2009)). While the *Sheffield* court attempted to analogize an LLC to a corporation, the *Weinstein* court explicitly rejects this comparison. The court states that, "[t]he LLC Act on its face does not call for the application of corporation common law in situations other than piercing the veil...the court of appeals in *Sheffield* erred in extending the fiduciary duty of an insolvent corporation's directors owe its creditors to the managers of an LLC." *Id.* at 269.
[46] *See JPMorgan Chase Bank, N.A. v. KB Home*, 632 F.Supp.2d 1013, 1027 (D. Nev. 2009). The District of Nevada court determined that, "the same policies of protecting creditors of insolvent corporations are applicable to the creditors of insolvent limited liability companies." The court found that the justifications for the corporate insolvency exception were equally applicable to LLCs. The *Weinstein* court disagreed.

a member or assignee of a limited liability company interest, as required by 6 Del. C. § 18-1002; therefore, the claims regarding fiduciary duties owed to Debtors Citadel Energy SWD Holdings, LLC, Pembroke Fields, LLC, Citadel Energy Services, LLC will be dismissed for lack of standing.

### III. Assignment

An assignment of a contract results in the assignee stepping into the shoes of the assignor; receiving no more and no less than the assignor.[47] The Liquidation Trustee asserts that the confirmed Plan provides that the Debtors assigned the Liquidation Trust Assets, including the causes of action, to the Liquidation Trustee, authorizing it to pursue any action as the real party in interest.[48] Therefore, the Liquidation Trustee asserts, the Plan dictates that the Liquidation Trust receive the derivative actions. This is certainly true. However, the Plan provides for the assignment of the Causes of Action brought by the *Debtors, the Debtors estate or the Committee*.[49] The Committee initiated the adversary proceeding by filing the Complaint, therefore the Liquidation Trustee succeeded in the Committee's standing. However, the Committee did not have standing to pursue the derivative causes of action. Under the doctrine of assignment, the Liquidation Trustee

---

[47] *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys, Inc.*, 247 F.3d 44 (3d Cir. 2001).

[48] 6 Del. C. § 17-1002 states "In a derivative action, the plaintiff must be a partner or *an assignee* of a partnership interest at the time of bringing the action…" (emphasis added). However, the Liquidation Trustee is an assignee of the Committee's claims, which it had no standing to assert.

[49] "Causes of Action" are defined as: "[A]ll Claims and all other claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and crossclaims of any Debtor and/or any of the Estates against any Entity, now owned or hereafter acquired by the Debtors, including but not limited to, any and all causes of action the Debtors hold against the parties included on the list attached as Exhibit B, whether arising under the Bankruptcy Code, including without limitation sections 544-550 thereof, or other federal or state law, or based in equity, including, but not limited to, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted, and any and all commercial tort claims against any party." D.I. 379, ¶ 17.

cannot receive more than the Committee held. Given that the Committee lacked standing, the Liquidation Trustee does also. The Standing Order did not change this.[50]

**IV. Fed. R. Civ. P. 17**

Rule 17 does not aid the Liquidation Trustee in establishing standing. Rule 17 case law is well established, allowing for a change in parties when a party is difficult to find or due to an understandable mistake. The purpose of Fed. R. Civ. P. 17 is to "prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made."[51] "Rule 17(a) does not apply where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment."[52] While Rule 17(a) exists so that an action should not be forfeited by an honest mistake, it cannot be employed to circumvent the statute of limitations period.[53] The parties were clearly identified, and the Liquidation Trustee has presented no evidence of an excusable mistake. Rule 17 is an administrative provision and cannot be used to cure standing when it is otherwise lacking.

Dunaway asserts that Rule 17 cannot cure the standing issue, and believes that "the filing of a derivative action by the Committee appears to be a tactical decision and not due to any misunderstanding."[54] Dunaway asserts that, given that the Chief Restructuring Officer was to be installed as the Liquidation Trustee, and all parties were aware of pending confirmation on

---

[50] The Liquidation Trustee contends that the Standing Order conferred onto the Committee the derivative standing to pursue causes of action belonging to the Debtors' estates and arising under Chapter 5 of the Bankruptcy Code. These causes of action are indeed property of the estate. However, the language of the Plan does not trump case law in this instance. The Committee commenced the adversary proceeding and the Plan dictates that the Liquidation Trustee succeed in causes of action brought by the Debtors, the Debtors' estate or the Committee. The law of assignment governs the Liquidation Trustee's rights, and it was assigned an adversary proceeding for which the assignor did not have standing to pursue.
[51] *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 563 (3d Cir. 2008) (citing *U.S. for Use & Benefit of Wulff v. CMA Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989)).
[52] *Id.*
[53] *Id.*
[54] *See* Motion to Dismiss, D.I. 236, pg. 20.

12

February 23, 2017, filing the Complaint on February 6, 2017 was a tactical decision. Moreover, Dunaway asserts that, as stated on the record, the Caption Amendment Motion did not affect the Liquidation Trustee's standing, but was exactly as the Liquidation Trustee contended: "an administrative type motion" only seeking to "change the letters in the caption [.]"[55]

The Liquidation Trustee only summarily addresses these arguments, labeling the Rule 17 discussion as a "red herring".[56] The Liquidation Trustee contends that the Committee did not have any claims, only the derivative standing to pursue them. The Liquidation Trustee contends that it received standing as the Debtors' successor, who has the authority to pursue the causes of action. Finally, the Liquidation Trustee contends that the Court ruled on Rule 17 by granting the Caption Amendment Motion. While the Court ruled on the Caption Amendment Motion, it did so only under the guise that it was, by its nature, an administrative motion, and did not resolve any standing issues. The Liquidation Trustee admitted that the appropriate context to resolve standing or jurisdictional issues was motion practice in this litigation.[57] Whether standing to pursue the derivative claims exists was not disposed of by the approval of the Caption Amendment Motion.

---

[55] Hearing Tr. 5/23/17, 5:13, 20-24.
[56] Response, D.I. 246, ¶ 44.
[57] Hearing R. 5/23/17, 7:6-12. ("The jurisdictional issues can be dealt with in the proper context, which would be motion practice in the context of the, what we're calling, D&O litigation...").

## CONCLUSION

For the reasons set forth above, I conclude that counts I-III of the Amended Complaint are dismissed due to lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). The Motion to Dismiss Derivative Claims of the Amended Complaint will be granted. An appropriate Order follows.

BY THE COURT:

DATED: May 2, 2019

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT