# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11323 (LSS) |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>Plaintiff,<br><br>v.<br><br>Citadel Energy Partners, LLC, et al.,<br><br>Defendants. | Adv. Pro. No. 17-50024 (LSS) |

## DEFENDANT JONATHON P. REUBEN, C.P.A.'s
## OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

DATED: Wilmington, Delaware
June 19, 2019

*John A. Elzufon*, I.D. #177
*Gary W. Alderson, I.D. #3895*
ELZUFON AUSTIN & MONDELL, P.A.
300 Delaware Ave., Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
Telephone: (302) 428-3181
Facsimile: (302) 428-3180
galderson@elzufon.com
*Attorneys for Jonathon P. Reuben, C.P.A.*

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520). The mailing address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

# **TABLE OF CONTENTS**

**page**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE & STAGE OF PROCEEDINGS ................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 3

    I.    Background Facts ............................................................................................ 3

    II.    Facts specific to Reuben ................................................................................. 5

SUMMARY OF ARGUMENTS ................................................................................................ 9

ARGUMENT ............................................................................................................................ 10

    I.    THIS COURT HAS JURISDICTION TO HEAR THIS MOTION. ............. 10

    II.    REUBEN IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE LITIGATION TRUSTEE WILL BE UNABLE TO ESTABLISH A PRIMA FACIA CASE OF PROFESSIONAL NEGLIGENCE AGAINST REUBEN DUE TO THE TRUSTEE'S FAILURE TO HAVE THE REQUISITE EXPERT WITNESS. ................................................................... 11

CONCLUSION ......................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                    **page**

*Alston v. Hudson*, 700 A.2d 735 (Table) 1997 WL 560883 (Del. Supr.) ......................11

*August v. Fifer*, 2007 WL 980954 (Del. Super, January 9, 2007) citing *Alston v. Hudson*, 700 A.2d 735 (Table) 1997 WL 560883 (Del. Supr.) ................................................11

*In re Am. Bus. Fin. Servs., Inc.,* 2011 WL 3240596 (Bankr. D. Del. July 28, 2011) .....................10

*In re Salander O'Reilly Galleries*, 2011 WL 2837494 (Bankr. S.D.N.Y. July 18, 2011) .............10

*Nat'l Medical Transp. Network v. Deloitte & Touche*, 72 Cal. Rptr 2d. 720, 731 (Ct. App. Fourth District 1998) ................................................................................................11

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ............................................................10

*Unigard Ins. Group v. O'Flaherty and Belgum*, 45 Cal. Rptr 2d. 565, 570 (Ct App. Second District 1995) ..................................................................................11

**RULES**                                                                                                                    **page**

Del. Bankr. L.R. 7007-1 ..................................................................................................2

Fed. R. Civ. Proc. 56 ......................................................................................................2

Fed. R. Bankr. P. 7056 ...................................................................................................2

Fed. R. Bankr. P. 9017 ..................................................................................................13

Fed. R. Evid. 701 .........................................................................................................13

Fed. R. Evid. 702 .........................................................................................................13

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Gavin/Solmonese LLC is the Liquidation Trustee ("Trustee") for the Citadel Creditors' Grantor Trust, which is successor to certain Citadel entities[2] referred collectively herein as "Citadel."

On February 6, 2017, the Trustee filed its original Complaint (D.I. 1) and on November 6, 2017, the Trustee filed its Amended Complaint (D.I. 121, Ex. A) against certain partners, members, managers, officers, and others, including movant, Jonathon P. Reuben, C.P.A. ("Reuben"). Reuben is a California accountancy corporation which provided accounting services to Citadel and/or co-defendant Dobson. These professional services were transacted in California (Ex. A para 23). Counts I through X of the Amended Complaint are directed against the Citadel partners, the ND water partners, "and Does 1 through 100," and have no relevance as to Reuben.

Only Count XI of the Amended Complaint (page 39 of Ex. A) is directed against Reuben.

On November 20, 2017, Reuben filed an Answer and Affirmative Defenses (D.I. 138) (Ex. B).

On October 5, 2018, Reuben served Responses and Objections to the Trustee's discovery (D.I. 210) (Ex.'s C and D).

The Stipulated Amended Scheduling Order of March 20, 2019 (D.I. 249-2) (Ex. E) established the following schedule.

> "2. Any expert report required pursuant to Federal Rule 26(a)(2)(B), made applicable to the above-captioned Adversary Proceeding shall be served by the party with the burden of proof for that issue no later than

---

[2] Citadel Watford City Disposal Partners, L.P. ("Citadel Watford"), Citadel Energy SWD Holdings, LLC ("Citadel Energy SWD"), Citadel Energy Services, LLC ("Citadel Energy"), and Pembroke Fields, LLC ("Pembroke"),

1

**January 31, 2019**.  Any Party's expert report intended to rebut any expert report served in accordance with the terms above shall be provided no later than **April 26, 2019**.  All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).  All expert discovery shall be completed, and discovery shall close, no later than **May 31, 2019**.

    3.  All dispositive motion shall be filed and served no later than **July 1, 2019** and shall be subject to Del. Bankr. L.R. 7007-1.

    4.  Mediation shall occur on or before June 21, 2019."

On January 31, 2019, the Trustee timely served an expert report by Ross B. Waetzman (Ex. F).  This report relates solely to damages.  This was the only expert report submitted by the Trustee.

On April 26, 2019, the defense rebuttal report by Suzanne B. Roski (Ex. G) was timely served and filed.

Mr. Reuben has never been deposed in this case nor has his deposition been requested.

Mediation was held before The Honorable Ian Connor Bifferato on June 18, 2019 and was unsuccessful.

On June 19, 2019, Reuben filed a Motion for Summary Judgment pursuant to Fed R. Civ. P. 56(a) and Fed. R. Bankr. P. 7056 based on the proposition that the Trustee will not be able to establish a *prima facie* case of professional negligence against Reuben because of the Trustee's failure to obtain an expert witness on liability issues.

This is Reuben's Opening Brief in support of his Motion for Summary Judgment.

**STATEMENT OF FACTS**

    **I.**    **Background Facts**

According to the Amended Complaint (at ¶26), from approximately 2011 through the Petition Date, defendants Stanton Dodson ("Dodson"), Nicholas J. Vanderwey ("Vanderwey"), and Mark Dunaway ("Dunaway"), collectively referred to in the Complaint as the "Citadel Partners" (¶18), fraudulently solicited investment funds for the operation of various business ventures supportive of and dependent upon the shale oil-drilling industry in portions of the Bakken Oil Field in North Dakota.  Dodson, Vanderwey, and Dunaway were managing partners and/or managing members and/or members of Citadel.  The Amended Complaint further alleges (at ¶27-28) that as part of their "interstate investment solicitation conspiracy," the Citadel Partners intermingled their own assets with entities they owned or controlled for their own convenience and to evade payment of obligations and legal liability to various limited partners, investors, licensees, vendors, and other third parties.

Defendant Louis Bridges ("Bridges") is an attorney who allegedly provided legal and other services to one or more of the Citadel and/or Citadel-related entities, was a member and/or managing member of Pembroke, and is a personal friend and longtime legal advisor to Dunaway. The Complaint alleges that documents drafted by Bridges contained various errors as well as unfavorable provisions to the detriment of Citadel, and as a member and/or managing member of Pembroke, Bridges' Actions and Concealing Actions and/or his failure to act, drove Citadel into bankruptcy; and that based upon Citadel's books and records, Bridges authorized a transfer of Citadel property in the amount of $100,000 to Bakken, which Bakken then transferred, upon Bridges' instructions, to Dynamic Legal Recovery.

Allegedly, the principals of Citadel owned a controlling interest in Pembroke when the Citadel Partners installed Pembroke as the operator for the planned saltwater disposal well of Citadel Watford, while the infrastructure assets of the Citadel Watford saltwater disposal project were owned by Pembroke SWD, LLC, a Georgia limited liability company, formed, owned and controlled by Dunaway himself. Citadel allegedly entered into an agreement with Leland Properties, LLC to acquire the surface lease opportunity and permits necessary to construct and operate the saltwater disposal wells and Citadel contracted with Leland Properties, LLC to provide equipment, maintenance, and consulting services for the operation of the saltwater disposal wells. According to the Amended Complaint (at ¶39), on September 12, 2013, Pembroke entered into the lease opportunity transferred by Leland Properties, LLC, entitled "Saltwater Injection and Surface Use Lease ("Dahl Lease"), with landowner Nathan Dahl ("Dahl").

According to the Amended Complaint (at ¶51), a tornado struck and totally destroyed the well and related facilities constructed on the land covered by the Dahl Lease in May of 2014. Further alleged (at ¶¶ 54-58) was that the tornado damages exceeded $600,000 and insurance proceeds over covered approximately half; but the proceeds were not received by Citadel or, alternatively, were received by Citadel but subsequently were pilfered by one or more of the Citadel Partners, were not used to pay the contractors amounts they were owed, and were not used to reconstruct the well and related facilities.  The failure to pay the contractors resulted in mechanics' liens being placed on the property, which clouded title to the Dahl Lease and constituted a default under the Dahl Lease.

According to the Amended Complaint (at ¶59), by April 15, 2015, defendants Carl Coward ("Coward"), a de facto managing member and/or partner of Citadel (per the Amended Complaint at ¶20),  and defendant Alistair Smith ("Smith") also alleged in the Amended Complaint (at ¶ 19)

4

to be a de facto managing member and/or partner of Citadel; alleged that Dodson and Dunaway had a falling out as managers and/or members of Citadel and Citadel-related entities, and as a result, Dunaway was essentially forced to transfer all assets of Pembroke Fields, including the Dahl lease, to a new entity he formed called "North Dakota Water Partners, LLC ("ND Water"), which was controlled by Smith and Coward. The Amended Complaint alleges (at ¶61) that in May of 2015, Bridges sent a letter on behalf of Coward, Smith and ND Water explaining the actions taken by himself and the other ND Water Partners, and drafted the Assignment and Assumption of the Dahl Lease, held by Pembroke Fields Holdings, LLC on behalf of Citadel, to ND Water.

According to the Amended Complaint (at ¶¶64-67), in late May of 2015, Dahl filed and mailed a notice of intent to evict pursuant to the Dahl Lease and in June of 2015 filed a lawsuit to terminate the lease. After Dahl filed the notice of intent to evict, the ND Water Partners sent a follow-up letter to the same subset of limited partners of Citadel, purporting to rescind the assignment of the lease and all of Citadel's assets to the ND Water entities. After Citadel filed for bankruptcy in June 2015, Dahl sought relief from the automatic stay to continue his lawsuit to terminate the Dahl Lease. To effectuate a sale of Citadel's assets and to resolve the issues presented by Dahl's request, Dahl's issues were resolved through negotiation and resulted in the sale of substantially all of Citadel's assets.

## II.    Facts Specific to Reuben

The facts specific to Reuben as alleged by the Trustee are in the Amended Complaint (Ex. A) in the section entitled **Reuben's Accounting Services** comprising paragraphs 71-79 on pages 23-25.

Other facts as to Reuben here are found in his Answers to certain of the Trustee's Interrogatories (Ex. D) as follows:

5

- Interrogatory 4 (pages 16-18) which sets forth why Reuben denied certain facts alleged in the Complaint;

- Interrogatory 6 (pages 18-19) regarding all services rendered by Reuben by to debtor from 2002 to and including the present;

- Interrogatory 19 (pages 22-23) which notes that the Trustee possesses Mr. Reuben's SEC deposition;

- Interrogatory 20 (pages 23-24) regarding Reuben's involvements with the Carlyle Group;

- Interrogatory 21 (pages 24-25) regarding Mr. Reuben's view of the roles of the co-defendants in the Amended Complaint;

- Interrogatory 22 (page 25) regarding communications by Reuben to the management of any debtor regarding transfers of debtor's assets to third parties;

- Interrogatory 23 (pages 25-26) regarding facts in Reuben's possession as to numerous entities; and

- Interrogatory 24 (page 26) regarding Reuben's possession regarding any entity not a debtor controlled or managed by Mr. Dodson or any entity in which Mr. Dodson was involved.

Mr. Reuben also answered certain Request for Admissions by the Trustee set forth at pages 31-33 of Ex. D.  In these responses Reuben:

- Admitted he prepared the 2013 tax return for Citadel Watford City Disposal Partners, L.P. (number 1);

- Admitted that the trial balance and supporting paperwork were prepared through the course of the 2013 tax return preparations for Citadel Watford City Disposal Partners, L.P. (number 2);

- Denied that he performed any work for R.L. Environmental, Inc. (number 3);

- Admitted he prepared discounted cash flow models for Citadel Watford City Disposal Partners, L.P. (number 4);

- Admitted he prepared discounted cash flow models for Citadel private equity acquisitions and invoiced Citadel Watford City Disposal Partners, L.P. for that preparation (number 5);

- Denied as phrased but admitted that the discounted cash flow models prepared for Citadel private equity acquisitions were also for the benefit of the overall Citadel venture which included the Debtors; that the invoices were billed to Citadel H20, LLC at the direction of Stanton Dodson and that it was Reuben's understanding that the Carlyle Group planning to purchase the entire Citadel venture and bundle the entities together (number 6);

- Denied that he performed work for Citadel H20, LLC, which he invoiced to Citadel Watford City Disposal Partners, L.P. (number 7);

- Denied as stated but admitted that work Reuben performed was for the entire Citadel venture which included Citadel Watford Disposal Partners, L.P. or for any other debtor (number 8);

- Admitted, without waiving is objection, that Reuben received Bank of America credit card information relating to Mr. Dodson's expenses from Stanton Dodson himself but not Mr. Dodson's Bank of America bank statements (number 9); and

- Denied as requested but admitted that Reuben performed accounting work between June and August 2015 at the direction of Mark Dunaway and discussed how this work was invoiced (number 10).

## SUMMARY OF ARGUMENTS

I.       This Court Has Jurisdiction to Hear This Motion.

II.      Reuben is Entitled to Summary Judgment Because the Trustee Will Be Able to Establish a Prima Facie Case of Professional Negligence Against Reuben Due to the Trustee's Failure to Have the Requisite Expert Witness.

**ARGUMENT**

**I.     THIS COURT HAS JURISDICTION TO HEAR THIS MOTION.**

This Court has jurisdiction in this adversary proceeding that directly stems from the Bankruptcy case.[3] Further, this Motion is related to the bankruptcy because its outcome could have an effect upon the estate being administered in bankruptcy.[4] The outcome could alter the debtor's rights, liabilities, options, or freedom of action, impacts upon the handling and administration of the bankrupt estate,[5] and because "[n]owhere in ... *Stern* does the Supreme Court rule that the bankruptcy court may not rule with respect to state law ... when deciding a matter directly and conclusively related to the bankruptcy."[6] The usual test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[7]

Reference is also made to the **JURISDICTION** discussion on page 2 of Judge Carey's Opinion of December 17, 2018 (D.I. 226) (Exhibit H).

---

[3] *In re Am. Bus. Fin. Servs., Inc.,* 2011 WL 3240596 (Bankr. D. Del. July 28, 2011).
[4] *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).
[5] *Id.*
[6] *In re Salander O'Reilly Galleries*, 2011 WL 2837494, at *7 (Bankr. S.D.N.Y. July 18, 2011) discussing *Stern v. Marshall,* 564 U.S. 462 (2011).
[7] *Pacor, Inc.*, 743 F.2d at 994 (internal cites omitted).

**II.     REUBEN IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE LITIGATION TRUSTEE HAS FAILED TO ESTABLISH A PRIMA FACIA CASE OF PROFESSIONAL NEGLIGENCE AGAINST REUBEN DUE TO THE TRUSTEE'S FAILURE TO HAVE THE REQUISITE EXPERT WITNESS.**

Notwithstanding the many thousands of pages that comprise this bankruptcy case, the issue here is very straightforward and simple: Trustee's allegations against Reuben in this adversary proceeding are grounded in theories of negligence on the part of Reuben. This makes them professional liability claims requiring expert witness testimony to make out a *prima facie* case against Reuben. Since the Trustee has failed to retain a liability expert the Trustee will not be able to establish a *prima facie* case of professional expert and summary judgment is mandated.

The need for a professional expert witness in professional negligence cases is neither unusual nor esoteric. It is "black letter law" in both California, the location where the services were rendered,[8] and in Delaware the forum state of this adversary proceeding.[9]

There can be no doubt that the claims by the Trustee against Mr. Reuben are professional negligence claims.

---

[8] *Unigard Ins. Group v. O'Flaherty and Belgum*, 45 Cal. Rptr 2d. 565, 570 (Ct App. Second District 1995); *Nat'l Medical Transp. Network v. Deloitte & Touche*, 72 Cal. Rptr 2d. 720, 731 (Ct. App. Fourth District 1998)
[9] *August v. Fifer*, 2007 WL 980954 (Del. Super, January 9, 2007) citing *Alston v. Hudson*, 700 A.2d 735 (Table) 1997 WL 560883 (Del. Supr.)

11

As noted earlier, all claims against Reuben are set forth in COUNT XI of the Amended Complaint (Ex. A) and are grounded in professional negligence as the title of Count IX specifically notes.

## COUNT XI
## PROFESSIONAL NEGLIGENCE AGAINST REUBEN
## AND DOES 1 THROUGH 100, INCLUSIVE

Paragraph 160 refers to "Accounting practices and transactions described herein" which were breached by Reuben and who was "thereby negligent."

These "practices and transactions" are described herein in the Amended Complaint, at paragraphs 71-79 on pages 23-25 of Ex. B. These are all accounting or accounting-based "practices and transactions."

All the facts set forth in the STATEMENT OF FACTS, *supra*, at 5-8 are "practices and transactions" which are accounting or accounting based.

Everything about this case as to Reuben is based on allegations of accounting negligence.

Accordingly, based on the relevant law, *supra* at 11, the Trustee is required to have an expert witness to establish a *prima facie* case that Reuben was professionally (accounting) negligent. The Trustee has not secured that expert.

The Trustee has certainly had the time and information to obtain an expert witness as follows:

- Per paragraph 162 of the Amended Complaint, Citadel first became aware of facts concerning Reuben's conduct in April or May of 2015.

- Reuben answered the Amended Complaint on November 20, 2017.

- Reuben served his detailed discovery responses on October 6, 2018, which on page 23 in response to Interrogatory 19 notes that the Trustee is in possession of

the December 8, 2016 deposition of Mr. Reuben in the *Citadel v. SEC* matter.

This deposition covered 238 pages with 21 appended exhibits.

It may very well be the case that the Trustee and Trustee's counsel have ideas of what they contend are Mr. Reuben's negligence. They are still nothing more than theories of allegations unsupported by an expert.

Paragraph 163 of the Amended Complaint notes that "but for Reuben's negligence, Citadel would not have been damaged."

The nexus between the alleged negligent acts of Reuben and the claimed damages of Citadel must also be established through the use of expert testimony.

To be sure, the Trustee did timely file the expert report of Mr. Waetzman (Ex. F), which sets forth the claimed damages, but as Mr. Waetzman himself admits on page 11 of his report:

> "In preparing the Report, I did not ascribe specific Damages to specific Defendants."

This is another area which requires expert witness testimony and the jury would not be able to determine which act by which defendant caused the claimed damages.

Reuben's position here is also consistent with Federal Rules of Evidence 701 and 702. On their face, the allegations against Reuben and the facts upon which those allegations are based can only be evaluated by one with specialized knowledge within the scope of F.R.E. 702 and not a lay person as contemplated by F.R.E. 701(c).

Accordingly, Reuben's position here is consistent with the substantive law of the transaction state, California; the forum state, Delaware; and the Federal Rules of Evidence.[10] Mr. Reuben is entitled to Summary Judgment.

---

[10] Which have been adopted by this Court per Federal Bankruptcy Procedure 9017.)

## **CONCLUSION**

For the forgoing reasons, Mr. Reuben is entitled to Summary Judgment.

                                        ELZUFON AUSTIN & MONDELL, P.A.

                                        *John A. Elzufon*, I.D. #177
                                        jelzufon@elzufon.com

                                        *Gary W. Alderson, I.D. #3895*
                                        galderson@elzufon.com

                                        300 Delaware Avenue, Suite 1700
                                        P.O. Box 1630
                                        Wilmington, DE 19899-1630
                                        Telephone:  (302) 428-3181
                                        Facsimile: (302) 428-3180
                                        *Attorneys for Jonathon P. Reuben, C.P.A.*

G:\Docs\CLIENT\31401\29479\BRIEF\01388420.DOCX